UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UMG RECORDINGS, INC. ET AL,

        *Plaintiffs*,

-against-

UNCHARTED LABS, INC. ET AL,

        *Defendants*.

**ORDER APPOINTING SPECIAL MASTER**

24 Civ. 4777 (AKH)

---

ALVIN K. HELLERSTEIN, U.S.D.J.:

1. Pursuant to my authority under Fed. R. Civ. P. 53, and my inherent power to seek assistance in order to administer the cases before me efficiently, economically, and in the interests of justice, I appoint as special master to assist me in the administration of this litigation Hon. James C. Francis IV (Ret.), effective immediately. I find that the Hon. James C. Francis IV (Ret.)'s impartiality and competence to perform the tasks that will be described in this and subsequent orders cannot reasonably be questioned. *See* Fed. R. Civ. P. 53(a)(2); 28 U.S.C. § 455(a); *see also* Ex. A (Judge Francis's conflicts declaration pursuant to Fed. R. Civ. P. 53(b)(3). The Special Master is directed to proceed with all reasonable diligence to complete the tasks assigned by this order. *See* Fed. R. Civ. P. 53(b)(2).

2. The Special Master is needed. Several portions of the proposed protective order and ESI protocol remain in dispute, and the parties must come to an agreement as to a final proposal, negotiated with the help of a Special Master. The special needs of this case are too much to be managed and addressed effectively and timely by me, or by a magistrate judge, without the help of a Special Master. *See* Fed. R. Civ. P. 53(a)(1)(C).

3. The Special Master will therefore assist with the following tasks (as may be modified by this Court):

1

  a. Assisting the parties with negotiating and coming to a final agreement as to the disputed provisions of the proposed protective order and the proposed ESI protocol;

  b. Assisting the parties in any efforts to settle this case; and

  c. Otherwise acting to assist counsel and the Court to reach a speedy determination of the litigation.

4. The purpose of the Special Master's involvement is not to resolve disputed issues of fact or law, but to assist with the matters described above, and otherwise to facilitate this matter's efficient and just progress. Without the help of the Special Master, neither plaintiffs nor defendants will be able to time-efficiently complete this task, unnecessarily delaying justice.

5. The first task of the Special Master is to meet initially with counsel for the parties within seven days of the entry of this Order, and thereafter as often as necessary in order to:

  a. Reach agreement as to a proposed protective order to be submitted to the Court; and

  b. Reach agreement as to a proposed ESI protocol to be submitted to the Court.

6. The Special Master may recommend additional orders as may be useful. The Special Master will collaborate with the parties to accomplish these tasks speedily, justly, and efficiently.

7. In the performance of his duties, the Special Master shall observe the Code of Conduct for United States Judges insofar as it applies to them. *See In re New York City Asbestos Litig.*, 737 F. Supp. 735 (E. & S.D.N.Y. 1990) (Weinstein, J.) ("In general a special master or referee should be considered a judge for purposes of judicial ethics rules.") (citing Code of Judicial Conduct for United States Judges, 69 F.R.D. 273, 286 (1975)). In particular, the Special Master may not communicate *ex parte* with any witness or party to this litigation. Notwithstanding the

foregoing, the Special Master shall be permitted to meet with counsel for each side on an *ex parte* basis, in order to efficiently and fairly assist this matter's progress. In order to advise the Court with regard to the development of the projects entrusted herein, and to facilitate free interchange of suggestions with the Court, the Special Master may communicate *ex parte* with the Court.

8. To accomplish the tasks assigned by this Order, the Special Master may require additional assistance. The Special Master may apply to the Court, on notice to the parties, for appointment of persons with necessary expertise in a given field (e.g. source code inspection). In addition, the Court authorizes the Special Master to assign more limited and/or administrative tasks to people working under the Special Master's supervision, provided that such tasks can be accomplished impartially and without significant discretion. Those people will not be required to file affidavits pursuant to 28 U.S.C. § 455.

9. The Special Master shall file monthly a report describing all relevant activities, to be available as a public record, beginning on January 6, 2025 and on the first day of each month thereafter. The parties may file objections within 14 days of filing. *See* Fed. R. Civ. P. 53(g)(2). The Court shall consider any such objections, and issue a ruling, if appropriate. *See* Fed. R. Civ. P. 53(g).

10. The cost and expenses of the Special Master's services shall be divided equally between the plaintiffs and the defendants, with plaintiffs bearing half the cost and defendants bearing half the cost. The Special Master shall be compensated for time reasonably expended in connection with this matter at the rate of $950 per hour and for any reasonably necessary out-of-pocket expenses, to be totaled monthly and promptly paid by the parties.

11. I find that the appointment of the Special Master will materially advance the litigation and reduce costs. Therefore, the imposition of the associated costs on the parties is fair. *See* Fed. R. Civ. P. 53(a)(3). In addition, the Court will protect against unreasonable expense or

delay by regular communication with the Special Master. *See id.*

SO ORDERED.

Dated:   December ___, 2024
         New York, New York

_____
ALVIN K. HELLERSTEIN
United States District Judge