# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UMG RECORDINGS, INC., CAPITOL RECORDS, LLC, SONY MUSIC ENTERTAINMENT, ARISTA MUSIC, ARISTA RECORDS LLC, ATLANTIC RECORDING CORPORATION, RHINO ENTERTAINMENT COMPANY, WARNER MUSIC INC., WARNER MUSIC INTERNATIONAL SERVICES LIMITED, WARNER RECORDS INC., WARNER RECORDS LLC, and WARNER RECORDS/SIRE VENTURES LLC, | Case No. 1:24-cv-04777-AKH |
| Plaintiffs, | **CONFIDENTIALITY STIPULATION AND PROPOSED PROTECTIVE ORDER** |
| v. | |
| UNCHARTED LABS, INC., d/b/a Udio.com, and JOHN DOES 1-10, | |
| Defendant. | |

WHEREAS, all of the parties to this action (collectively, the "parties," and individually, a "party") having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

WHEREAS, the Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment;

WHEREAS, the Parties further acknowledge that this Protective Order does not create entitlement to file confidential information under seal; and

WHEREAS, in light of these acknowledgements, and based on the representations of the Parties that discovery in this case will involve confidential documents or information the public disclosure of which will cause harm to the producing party and/or third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential documents and information, this Court finds good cause for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action

IT IS HEREBY ORDERED that any person subject to this Protective Order—including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

1.    Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (*i.e.*, information of any kind produced or disclosed pursuant to and in course of discovery in this action) that is designated as

1

"CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to the terms of this Protective Order (hereinafter "Protected Discovery Material") shall (1) only use such Protected Discovery Material solely for the prosecution or defense of this action and not for any other purpose, and (2) shall not disclose such Protected Discovery Material to anyone else except as expressly permitted hereunder.

2.    The protections conferred by this Protective Order cover not only Protected Discovery Material, but also (1) any information copied or extracted from Protected Discovery Material; (2) all copies, excerpts, summaries, or compilations of Protected Discovery Material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Protected Discovery Material. No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be covered by this Protective Order. Any use of Protected Discovery Material at trial shall be governed by a separate agreement or order.

3.    If it comes to a producing party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that producing party must promptly notify all other parties that it is withdrawing the mistaken designation.

4.    Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is competitive, proprietary, trade secret or otherwise sensitive non-public information. Such document or information will be designated

2

CONFIDENTIAL.

5.     Counsel for any party may designate any extremely sensitive document or information, in whole or in part, as highly confidential only if such designation is necessary to protect the party or a non-party from a substantial risk of serious harm that could not be avoided by less restrictive means. Such document or information will be designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

6.     Counsel for any party may designate any document or information, in whole or in part, representing computer code and associated comments (i.e., a programmer-readable annotation contained within the source code of a computer program) and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, as highly confidential source code if disclosure of which to another party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means. Such document or information will be designated HIGHLY CONFIDENTIAL – SOURCE CODE. For the avoidance of doubt, materials used to train or establish the parameters of an AI model shall not be designated as HIGHLY CONFIDENTIAL – SOURCE CODE, but may be designated otherwise to the extent that any such designation comports with the terms of this Protective Order.

7.     With respect to the Protected portion of any Discovery Material other than deposition transcripts and exhibits, the producing party or that party's counsel may designate such portion as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" by: stamping or otherwise clearly marking as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" the protected portion in a manner that will not

interfere with legibility or audibility.

8.      For testimony given in depositions, a producing party or that party's counsel may designate such portion as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" on the record, before the close of the deposition, or by written notice served on counsel of record within 30 business days after the receipt of the rough transcript of such proceeding, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Protected Discovery Material, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be), in their possession or under their control as directed by the producing party or that party's counsel by the reporter. A party may preliminarily designate on the record testimony, exhibits, and transcripts of depositions or other testimony "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" and the materials must be treated as such until the 30-business-day period for designation has expired.

9.      If at any time prior to the trial of this action, a producing party realizes that some portion(s) of Discovery Material that she, he, or it had previously produced without limitation should be designated as Protected Discovery Material, she, he, or it may so designate by so apprising all prior recipients of the Discovery Material in writing, and thereafter such designated portion(s) of the Discovery Material will be deemed to be and treated as Protected Discovery Material under the terms of this Protective Order. An inadvertent failure to designate qualified information or items does not, standing alone, waive the producing party's right to secure protection under this Protective Order for such material.

10.     If a recipient learns that, by inadvertence or otherwise, it has disclosed Protected

4

Discovery Material to any person or in any circumstance not authorized under this Protective Order, the recipient must immediately (a) notify in writing the producing party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Discovery Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request that such person or persons execute the Non-Disclosure Agreement in the form annexed as an Exhibit hereto.

11.     In the event of an inadvertent production of material protected by the attorney client privilege or work-product protection, the producing party may notify the receiving party after the producing party becomes aware of such inadvertent production. Upon notification, the receiving party shall immediately return, sequester, or destroy the inadvertently produced material and all copies as well as notes, summaries, and/or work product reflecting the content of such material to the extent they contain such material. The receiving party may file a motion with the Court for an order compelling production of the material that has been clawed back. Any party that claws back privileged documents will provide the receiving party with a privilege log that reasonably identifies the basis for the assertion of privilege or protection over the clawed-back documents.

12.     All documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

(a)     the recipient's counsel of record in this action, as well as employees of said counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)     the officers, directors, and employees (including in-house counsel) of the recipient to whom disclosure is reasonably necessary for this litigation, provided such persons, other than in-house counsel with responsibility for

managing this litigation and their staff, have first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(c)     experts and consultants of the recipient to whom disclosure is reasonably necessary for this litigation, provided such persons have first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(d)     the Court and its personnel;

(e)     court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary for this litigation, provided such persons have first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(f)     during or in preparation for providing testimony, witnesses in the action to whom disclosure is reasonably necessary and those witnesses' counsel, provided such persons have first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto, unless otherwise agreed by the producing party or ordered by the court;

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed, knew, or had access to the information. For purposes of this provision "access" shall mean possessing the ability to retrieve, view, or otherwise obtain the information outside the context of this litigation;

(h)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon or ordered by the Court to facilitate settlement discussions in this action.

6

13.    All documents designated as "HIGHLY CONFIDENTIAL – ATTORNEYS'
EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" shall not be disclosed to any
person, except:

(a)    the recipient's outside counsel of record in this action, as well as employees
of said counsel to whom it is reasonably necessary to disclose the
information for this litigation.  For purposes of this provision, "outside
counsel of record" shall refer to counsel who have filed notices of
appearance in this case and are not employed by a party;

(b)    designated in-house counsel whom the parties have disclosed about whom
the parties have no unresolved dispute provided such person has first
executed a Non-Disclosure Agreement in the form annexed as an Exhibit
hereto (except that such persons shall not have access to "HIGHLY
CONFIDENTIAL – SOURCE CODE");

(c)    experts of the recipient to whom disclosure is reasonably necessary for this
litigation, provided such persons have first executed a Non-Disclosure
Agreement in the form annexed as an Exhibit hereto;

(d)    the Court and its personnel;

(e)    court reporters and their staff, professional jury or trial consultants, and
professional vendors to whom disclosure is reasonably necessary for this
litigation, provided such persons have first executed a Non-Disclosure
Agreement in the form annexed as an Exhibit hereto;

(f)    the author or recipient of a document containing the information or a
custodian or other person who otherwise possessed, knew, or had access to

7

the information. For purposes of this provision "access" shall mean possessing the ability to retrieve, view, or otherwise obtain the information outside the context of this litigation;

(g)    any mediator or settlement officer, and their supporting personnel, mutually agreed upon or ordered by the Court to facilitate settlement discussions in this action.

14.    Prior to any disclosure of any Protected Discovery Material to any person referred to in subparagraphs 12(b), 12(c), 12(e), 12(f), 13(b), 13(c), and 13(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Protective Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

15.    Unless otherwise ordered by the court or agreed to in writing by the producing party, a party that seeks to disclose to a testifying or consulting expert any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraph 13 must first identify the name of the expert to the producing party in writing in advance of any such disclosure.

16.    Any party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the party who designated the material (the "Designating Party") a written notice stating with particularity the grounds of the objection. The parties shall meet and confer regarding the objection within seven (7) days of that notice. If the parties cannot reach agreement promptly, counsel for the disclosing and receiving parties will

address their dispute to this Court in accordance with Paragraph 2(E) of this Court's Individual Rules.

    (a)    The party intending to disclose material that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" may disclose the subject Protected Discovery Material to the identified expert(s) unless, within three (3) business days of delivering the notice, the party receives a written objection from the producing party. Any such objection must be made in good faith and set forth in detail the grounds on which it is based.

    (b)    A party that receives a timely written objection must meet and confer with the producing party (through direct voice to voice dialogue) to try to resolve the matter by agreement within two (2) business days of the written objection. If no agreement is reached, the party opposing disclosure must file a letter as provided in paragraph 2(E) of this Court's Individual Rules within five (5) business days of the parties' meet and confer conference. The party opposing disclosure to the expert shall bear the burden in seeking non-disclosure. If, after a timely objection and meet and confer conference, the opposing party does not file a letter or motion with the Court pursuant to the procedures of this paragraph, the party intending to disclose the Protected Discovery Material to properly identified experts may do so.

17.    A party may be requested to produce Discovery Material that is subject to contractual or other obligations of confidentiality owed to a third party. The terms of this Protective Order are applicable to information produced by a non-party in this action and designated as

"CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." Such information produced by non-parties in connection with this litigation is protected by the remedies and relief provided by this Protective Order. Nothing in these provisions should be construed as prohibiting a non-party from seeking additional protections.

18.     Recipients of Protected Discovery Material under this Protective Order may use such material solely for prosecuting, defending, or attempting to settle this litigation. Recipients may not use Protected Discovery Material for any business, commercial, or competitive purpose. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to the Federal Rules of Civil Procedure.

19.     If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Protected Discovery Material, that party must:

(a)     promptly notify in writing the producing person. Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the producing person whose Protected Discovery Material may be affected;

and

(d)     if the producing person timely seeks a protective order in the other litigation, and provided that such an application is sufficient to toll or stay the otherwise applicable deadline for production, the Party served with the subpoena or court order shall not produce any information designated in this action as Protected Discovery Material before a determination by the court on the application for a protective order, unless the party has obtained the producing person's permission.

(e)     The producing person shall bear the burden and expense of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a recipient of Protected Discovery Material in this action to disobey a lawful directive from another court.

20.    Absent prior consent from the producing party, any party seeking to file another party's Protected Discovery Material shall seek leave to file that material under seal. All persons seeking to file redacted documents or documents under seal with the Court shall follow Paragraph 4(B) of this Court's Individual Rules. For any document a party ("Filing Party") seeks to seal because that document has been designated as confidential by a Designating Party, the Filing Party's motion or letter motion to seal shall state that the basis for sealing is the Designating Party's designation and immediately provide notice to the Designating Party of the sealing request, with a copy of filed documents showing the Designating Party's confidential materials unredacted. Within five business days of the filing of the motion to seal, the Designating Party will file with the Court a statement of the reasons that the confidential material should be sealed that complies

with Paragraph 4(B) of this Court's Individual Practices. No person may file with the Court redacted documents or documents under seal without first seeking leave to file such papers. All persons producing Protected Discovery Material are deemed to be on notice that the Second Circuit puts limitations on the documents or information that may be filed in redacted form or under seal and that the Court retains discretion not to afford confidential treatment to any Protected Discovery Material submitted to the Court or presented in connection with any motion, application or proceeding that may result in an order and/or decision by the Court unless it is able to make the specific findings required by law in order to retain the confidential nature of such material. Notwithstanding its designation, there is no presumption that Protected Discovery Material will be filed with the Court under seal. The Parties will use their best efforts to minimize such sealing.

21.    Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts any Protected Discovery Material.

22.    Each person who has access to Discovery Material that has been designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

23.    Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the parties who receive such information and are bound by this Protective Order in a manner that is secure and confidential. In the event that the party receiving PII experiences a data breach, she, he, or it shall immediately notify the producing party of the same and cooperate with the producing party to address and remedy the breach.

Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

24.    Even after final disposition of this litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect until a producing party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

25.    Within 30 days after the final disposition of this action, as defined in paragraph 26, each recipient must return all Protected Discovery Material to the producing party or destroy such material. As used in this paragraph, "all Protected Discovery Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Discovery Material or material designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." Whether the Protected Discovery Material is returned or destroyed, the recipient must submit a written certification to the producing party by the 30-day deadline that (1) all the Protected Discovery Material was returned or destroyed and (2) the recipient has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Discovery Material outside of archival copies of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product. Any such

archival copies that contain or constitute Protected Discovery Material remain subject to this Protective Order.

26.    All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

27.    This Protective Order will not limit or otherwise prejudice the right of any party to oppose production of any information for lack of relevance or any other permitted ground.

28.    Nothing in this Protective Order constitutes an admission by any party that Protected Discovery Material disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of Protected Discovery Material.

29.    Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

SO STIPULATED AND AGREED.

Dated: January 7, 2025

_s/ Rajan S. Trehan_____
Moez M. Kaba
Mariah N. Rivera
Alexander R. Perry
**HUESTON HENNIGAN LLP**
1 Little West 12th Street
New York, New York 10014
Telephone: (646) 930-4046
Facsimile: (888) 775-0898
mkaba@hueston.com
mrivera@hueston.com
aperry@hueston.com

Robert N. Klieger
Rajan S. Trehan
**HUESTON HENNIGAN LLP**
523 West 6th Street, Suite 400
Los Angeles, California 90014
Telephone: (213) 788-4340
Facsimile: (888) 775-0898
rklieger@hueston.com
rtrehan@hueston.com

*Counsel for Plaintiffs*

_s/ Brittany N. Lovejoy_____
Steven N. Feldman
Nathan Taylor
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
steve.feldman@lw.com
nathan.taylor@lw.com

Andrew M. Gass (*pro hac vice*)
Brittany N. Lovejoy (*pro hac vice*)
**LATHAM & WATKINS LLP**
505 Montgomery Street
Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
andrew.gass@lw.com
brittany.lovejoy@lw.com

Sarang V. Damle
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004-1304
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
sy.damle@lw.com

Alex Spiro
Todd Steven Anten
Jessica Anne Rose
**QUINN EMANUEL URQUHART & SULLIVAN LLP**
51 Madison Avenue
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
alexspiro@quinnemanuel.com
toddanten@quinnemanuel.com

jessicarose@quinnemanuel.com

Andrew H. Schapiro
QUINN EMANUEL URQUHART & SULLIVAN
LLP
191 N. Wacker Drive
Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401
andrewschapiro@quinnemanuel.com

*Counsel for Defendant Uncharted Labs, Inc.,*
*d/b/a Udio.com*

SO ORDERED this ___ day of January, 2025

The HONORABLE ALVIN K. HELLERSTEIN
United States District Judge

16

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

UMG RECORDINGS, INC., CAPITOL
RECORDS, LLC, SONY MUSIC
ENTERTAINMENT, ARISTA MUSIC, ARISTA
RECORDS LLC, ATLANTIC RECORDING
CORPORATION, RHINO ENTERTAINMENT
COMPANY, WARNER MUSIC INC., WARNER
MUSIC INTERNATIONAL SERVICES
LIMITED, WARNER RECORDS INC.,
WARNER RECORDS LLC, and WARNER
RECORDS/SIRE VENTURES LLC,

                Plaintiffs,

      v.

UNCHARTED LABS, INC., d/b/a Udio.com, and
JOHN DOES 1-10,

                Defendant.

Case No. 1:24-cv-04777-AKH

## UNDERTAKING TO BE BOUND BY PROTECTIVE ORDER

    I, _____, acknowledge that I have read and understand the Protective Order in this action governing the treatment of those portions of Discovery Material that have been designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL—SOURCE CODE" ("Protected Discovery Material"). I agree that I will use and/or disclose such Protected Discovery Material only in accordance with the terms of the Protective Order and solely for the purposes of this litigation. I further agree that upon conclusion of the litigation I will either return all Protected Discovery Material to the party or attorney from whom I received it, or upon permission of the producing party, destroy such Protected Discovery Material. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for

17

the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

[Designation of Agent For Individuals Residing Outside of the United States]

      I hereby appoint _____ of _____,

_____ (address), _____ (telephone) as my New York agent for service of process in connection with this action or any proceedings related to enforcement of the Protective Order.

Dated:_____        _____

18