# EXHIBIT B

**Katharine Ross**

From: BrittLovejoy@lw.com
Sent: Sunday, October 13, 2024 7:23 PM
To: Marina Green; Rajan Trehan; Rajan Trehan; Katharine Ross; Moez M. Kaba
Cc: Andrew.Gass@lw.com; Steve.Feldman@lw.com; andrewschapiro@quinnemanuel.com; jessicarose@quinnemanuel.com
Subject: RE: UMG Recordings, Inc. et al. v. Uncharted Labs, Inc., d/b/a Udio.com et al., No. 1:24-cv-04777 (AKH)

Counsel:

Please find, below, our follow-up positions to Plaintiffs' First Set of Discovery. Udio is amenable to meeting and conferring further as may be helpful to resolve any disputes between the parties.

- **Scope of model definitions:** Udio will interpret "AI MODEL" and "AI SERVICE" to encompass predecessor models that are similar in functionality to the models that Plaintiffs used to generate outputs for the complaint and that were released prior to June 24, 2024.

- **Temporal period covered by discovery:** Beginning of model development, November 1, 2023, until August 16, 2024.

- **Training data:** Without waiving its objections, Udio agrees to provide Plaintiffs with access to its training data. Udio is still investigating the technical mechanism by which it can provide that access—e.g., whether by production or inspection.

- **RFAs:** Udio stands on its objections to Plaintiffs' first set of RFAs. RFAs are not a substitute for other discovery methods such as document requests, interrogatories and depositions." *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, No. 18-cv-11386, 2021 WL 735241, at *2 (S.D.N.Y. Feb. 25, 2021). Moreover, because Plaintiffs will have access to the training data, Plaintiffs can ascertain the answers to the RFAs themselves.

- **Interrogatory No. 1:** Without waiving its objections, Udio will supplement its response to Interrogatory No. 1 by identifying any additional persons who possess knowledge of information relevant to the subject matter alleged in the pleadings, to the extent such persons exist.

**Specific RFPs**

Udio will follow-up in short order regarding its per-RFP positions with respect to output-related discovery, and any other RFP not addressed below.

Udio's positions with respect to specific RFPs following the parties' meet and confer are shown below.

| RFP Number | RFP | Udio Position as of 10/13 |
|---|---|---|
| Udio RFP 1 | ALL DOCUMENTS and COMMUNICATIONS CONCERNING or RELATED TO PLAINTIFFS. | Without waiving its objections, Udio agrees to provide responsive, non-privileged documents and communications referring to Plaintiffs. |
| Udio RFP 2 | ALL DOCUMENTS and COMMUNICATIONS CONCERNING YOUR TRAINING DATA, including without limitation ALL DOCUMENTS and COMMUNICATIONS RELATING TO the collection, copying, reproduction, development, compilation, maintenance, alteration, and revision of YOUR TRAINING DATA. | Without waiving its objections, Udio agrees to provide Plaintiffs with access to training data for in-scope AI Models, as described above. <br><br> Without waiving its objections, Udio agrees to produce documents sufficient to show its process for developing its training data for in-scope AI Models, as described above. <br><br> Without waiving its objections, Udio agrees to produce documents sufficient to show its process, if any, for collecting, copying (defined with a non-legal meaning), compiling, altering, revising, or maintaining its training data. |
| Udio RFP 3 | ALL DOCUMENTS and COMMUNICATIONS CONCERNING YOUR AI MODEL, including without limitation ALL DOCUMENTS and COMMUNICATIONS reflecting the contents of YOUR AI MODEL or RELATING TO the manner in which YOU developed, trained, fine-tuned, and refined YOUR AI MODEL. | Without waiving its objections, Udio agrees to provide Plaintiffs with access to its model source code for in-scope AI Models, as described above—although Udio is still investigating the technical mechanisms by which it can provide that access—e.g., whether by production or inspection. <br><br> Without waiving its objections, Udio agrees to produce documents sufficient to show its process for training in-scope AI Models, as described above. <br><br> Without waiving its objections, Udio agrees to produce documents sufficient to show its process for training in-scope AI Models, as described above. |
| Udio RFP 6 | ALL DOCUMENTS and COMMUNICATIONS RELATED TO YOUR use of "existing sound recordings as data to mine and analyze," as referenced on page 1 of the ANSWER. | Without waiving its objections, Udio agrees to produce documents sufficient to show its process for training in-scope AI Models, as described above. |

| RFP Number | RFP | Udio Position as of 10/13 |
|---|---|---|
| Udio RFP 7 | DOCUMENTS sufficient to identify how YOU use SOUND RECORDINGS to develop YOUR AI MODEL, including but not limited to use as TRAINING DATA. | Without waiving its objections, Udio agrees to produce documents sufficient to show in response to this request. |
| Udio RFP 8 | ALL DOCUMENTS and COMMUNICATIONS RELATED TO YOUR downloading, copying, and/or reproduction of SOUND RECORDINGS, including but not limited to how, and what portions of, the SOUND RECORDINGS are downloaded, copied, and/or reproduced. | As explained at the M&C, this request is overly broad as it seeks information about *all* sound recordings, as opposed to the works asserted in the Complaint.<br><br>Without waiving its objections, Udio agrees to produce documents sufficient to show its process for training AI Models, as described above. |
| Udio RFP 9 | ALL DOCUMENTS comprising YOUR TRAINING DATA, including, without limitation, DOCUMENTS sufficient to identify ANY and ALL "sound recordings" used "as data to mine and analyze," as referred to on page 1 of the ANSWER. | As explained at the M&C, this request is overly broad as it seeks information about *all* sound recordings, as opposed to the asserted works cited in the Complaint.<br><br>Without waiving its objections, Udio agrees to provide Plaintiffs with access to training data for in-scope AI Models, as described above. |
| Udio RFP 10 | DOCUMENTS sufficient to identify the "many . . . UMG recordings" that "probably were" "in Udio's training data," as alleged on pages 9-10 of the ANSWER. | As we explained at the M&C, we believe that this request mischaracterizes the Answer.<br><br>Without waiving its objections, Udio agrees to provide Plaintiffs with access to training data for in-scope AI Models, as described above. |
| Udio RFP 11 | ALL DOCUMENTS and COMMUNICATIONS RELATED TO YOUR belief that "many . . . UMG recordings" "probably were" "in Udio's training data," as alleged on pages 9-10 of the ANSWER. | As we explained at the M&C, we believe that this request mischaracterizes the Answer.<br><br>Without waiving its objections, Udio agrees to produce non-privileged documents sufficient to show in response to this request, to the extent such documents exist. |
| Udio RFP 12 | ALL DOCUMENTS and COMMUNICATIONS RELATED TO YOUR efforts to obtain YOUR TRAINING DATA. | Without waiving its objections, Udio agrees to produce documents sufficient to show its process for developing its training data for in-scope AI Models, as described above. |
| Udio RFP 13 | ALL DOCUMENTS and COMMUNICATIONS RELATED TO the "additional further technical refinements" included in YOUR training process as referenced on pages 20 and 21 of the ANSWER. | Additionally, as we articulated at the M&C, we believe that the Answer itself is sufficiently responsive to this request as it explains the basis for Udio's belief.<br><br>Without waiving its objections, Udio agrees to produce documents sufficient to show its process for training in-scope AI Models, as described above, including any such "technical refinements." |
| Udio RFP 14 | ALL DOCUMENTS and COMMUNICATIONS RELATED TO payment, including but not limited to contemplation of potential payment, for any SOUND RECORDINGS included in YOUR TRAINING DATA. | Without waiving its objections, Udio agrees to produce non-privileged documents and communications responsive to this request, to the extent they exist. |
| Udio RFP 15 | ALL DOCUMENTS and COMMUNICATIONS RELATED TO licensing or contemplation of potential licensing of ANY TRAINING DATA, including but not limited to licensing of any SOUND RECORDINGS included in YOUR TRAINING DATA. | Without waiving its objections, Udio agrees to produce non-privileged documents and communications responsive to this request, to the extent they exist. |
| Udio RFP 16 | DOCUMENTS sufficient to identify the formats of media, including but not limited to file types, included in YOUR TRAINING DATA and any format conversions YOU carried out with respect to YOUR TRAINING DATA. | Without waiving its objections, Udio agrees to produce documents sufficient to show in response to this request. |
| Udio RFP 17 | ALL DOCUMENTS and COMMUNICATIONS RELATED TO how YOU identified and accessed ANY COPYRIGHTED SOUND RECORDINGS included in YOUR TRAINING DATA. | Without waiving its objections, Udio agrees to produce documents sufficient to show its process for developing its training data for in-scope AI Models, as described above. |

| RFP Number | RFP | Udio Position as of 10/13 |
|---|---|---|
| Udio RFP 18 | DOCUMENTS sufficient to show whether and to what extent or in what form SOUND RECORDINGS, in whole or in part, in any form or format, reside in, are stored in, or otherwise exist within YOUR AI MODEL. | Without waiving its objections, Udio further agrees to produce any responsive non-privileged documents and communications referencing the works asserted in the Complaint, to the extent they exist. |
| Udio RFP 21 | ALL DOCUMENTS AND COMMUNICATIONS RELATING TO United States intellectual property laws or regulations, including but not limited to the Copyright Act, 17 U.S.C. §§ 101 et seq., the Music Modernization Act, 17 U.S.C. §§ 1401, et seq., and the United States Copyright Office. | Without waiving its objections, Udio also agrees to produce documents sufficient to show in response to this request, to the extent such documents exist. Without waiving its objections, Udio also agrees to provide Plaintiffs with access to training data for in-scope AI Models, as described above. As articulated at the M&C, discovery related to matters outside of copyright law is irrelevant to this action. Udio also maintains that the scope of this request is overbroad insofar as it concerns copyright matters unrelated to the infringement claim brought by Plaintiffs. Without waiving its objections, Udio agrees to produce non-privileged documents and communications related to the Copyright Act's application to Udio's service. |
| Udio RFP 23 | ALL DOCUMENTS and COMMUNICATIONS RELATED TO YOUR policies, procedures, or practices RELATED TO intellectual property rights, including but not limited to YOUR compliance with copyright law. | As we articulated at the M&C, discovery related to matters outside of copyright law is irrelevant to this action. Without waiving its objections, Udio agrees to produce non-privileged documents and communications that outline the company's copyright policies and procedures, to the extent such documents exist. |
| Udio RFP 24 | ALL DOCUMENTS and COMMUNICATIONS RELATED TO YOUR policies, procedures, or practices CONCERNING complaints regarding purported copyright violations. | As articulated at the M&C, we maintain that the request requires a legal conclusion insofar as it requires Udio to assess whether a document reflects conduct that would comprise compliance or lack thereof with any given law. As articulated at the M&C, we maintain that the request attempts to seek admission of a legal conclusion, and that production in response to this request in no way constitutes an admission. Additionally, we contend that the request is vague and ambiguous. Without waiving its objections, Udio agrees to produce non-privileged documents and communications that reflect the company's copyright policies, to the extent such documents exist. |
| Udio RFP 25 | ALL DOCUMENTS and COMMUNICATIONS CONCERNING ANY complaints YOU have received RELATED TO purported copyright violations. | As articulated at the M&C, we maintain that the request attempts to seek admission of a legal conclusion, and that production in response to this request in no way constitutes an admission. Additionally, we contend that the request is vague and ambiguous. Without waiving its objections, Udio agrees to produce non-privileged documents and communications related to complaints about alleged copyright violations, to the extent such documents exist. |
| Udio RFP 30 | ALL DOCUMENTS and COMMUNICATIONS RELATING TO articles, news reports, blog posts, social media posts, or other publicly available communications CONCERNING YOUR TRAINING DATA or the inclusion of SOUND RECORDINGS in YOUR TRAINING DATA, including but not limited to the publications referenced in paragraph 49 of the COMPLAINT. | Without waiving its objections, Udio agrees to produce non-privileged, responsive documents and communications in Udio's possession, custody and control and not otherwise publicly available to Plaintiffs. |
| Udio RFP 33 | DOCUMENTS sufficient to identify the number of USERS that have used YOUR AI SERVICE on a monthly basis. | As we articulated at the M&C, we believe model output is of limited relevance to this suit given that Plaintiffs have expressly disclaimed an infringement claim related to output. Without waiving its objections, Udio agrees to produce responsive documents sufficient to show in response to this request. |

| RFP Number | RFP | Udio Position as of 10/13 |
|---|---|---|
| Udio RFP 39 | ALL DOCUMENTS and COMMUNICATIONS RELATING TO YOUR AI SERVICE's subscription tiers, including but not limited to how many USERS are included in each subscription tier. | Without waiving its objections, Udio agrees to produce documents sufficient to show the tiers and number of users in each tier. |
| Udio RFP 40 | ALL DOCUMENTS and COMMUNICATIONS RELATING TO the market for YOUR AI SERVICE, including but not limited to ANY projections or forecasts. | As we explained at the M&C, the term "market" is ambiguous and overbroad. We maintain that this request is both ambiguous and unduly burdensome. Without waiving its objections, Udio agrees to produce documents sufficient to show financial projections or forecasts. |
| Udio RFP 41 | ALL DOCUMENTS and COMMUNICATIONS RELATING TO YOUR AI SERVICE's impact or effect on the music industry. | As we explained at the M&C, the terms "impact" and "effect" are vague, ambiguous, and overbroad. |
| Udio RFP 45 | DOCUMENTS sufficient to identify all PERSONS who invested in or financially backed UDIO. | As we explained at the M&C, we object on relevance grounds as the identity of investors are irrelevant to the copyright claims alleged in the Complaint. |
| Udio RFP 46 | ALL DOCUMENTS and COMMUNICATIONS between YOU and ANY investors, venture capital backers, seed funders, or any other potential investors in UDIO, including but not limited to Andreessen Horowitz (a16z), Steve Stoute's UnitedMasters, will.i.am, Common, Tay Keith, Kevin Wall, Mike Krieger, and Oriol Vinyals. | As we explained at the M&C, we object on relevance grounds as third-party communications are irrelevant to the copyright claims alleged in the Complaint. |
| Udio RFP 47 | ALL DOCUMENTS and COMMUNICATIONS RELATING TO investor presentations and meetings, including but not limited to pitch decks to investors and potential investors. | As we explained at the M&C, we object on relevance grounds as the materials prepared for investors are irrelevant to the copyright claims alleged in the Complaint. |
| Udio RFP 48 | DOCUMENTS sufficient to show YOUR funding and financing. | Udio refuses to produce documents in response to this request on relevance grounds as information regarding funding and financing are irrelevant to the copyright claims alleged in the Complaint. |
| Udio RFP 49 | ALL DOCUMENTS and COMMUNICATIONS RELATING TO YOUR demonstration of "the product to musicians and producers across the music industry," as referenced on page 3 of the ANSWER. | Without waiving its objections, Udio agrees to produce non-privileged, responsive documents and communications. |
| Udio RFP 50 | ALL DOCUMENTS and COMMUNICATIONS RELATING TO YOUR "advisory partnerships with leading artists and producers," as reference on pages 3 and 4 of the ANSWER. | Without waiving its objections, Udio agrees to produce non-privileged, responsive documents and communications. |
| Udio RFP 51 | ALL DOCUMENTS and COMMUNICATIONS RELATING TO YOUR actual or potential "symbiotic relationships with key stakeholders in the industry," as referenced on page 4 of the ANSWER. | Without waiving its objections, Udio agrees to produce non-privileged, responsive documents and communications. |
| Udio RFP 52 | ALL DOCUMENTS and COMMUNICATIONS RELATING TO YOUR allegation on page 11 of the ANSWER that music labels "have sought to impose deal terms on a broad array of licensees." | Without waiving its objections, Udio agrees to produce non-privileged, responsive documents and communications insofar any are in its custody or control. |
| Udio RFP 53 | ALL DOCUMENTS and COMMUNICATIONS RELATING TO YOUR allegation on pages 11 and 12 of the ANSWER that music labels "have responded to outreach from potential commercial counterparties by engaging in one or more concerted refusals to deal." | Without waiving its objections, Udio agrees to produce non-privileged, responsive documents and communications insofar any are in its custody or control. |

| RFP Number | RFP | Udio Position as of 10/13 |
|---|---|---|
| Udio RFP 54 | ALL DOCUMENTS and COMMUNICATIONS referenced directly or indirectly in the ANSWER. | As explained during the M&C, we object that the phrase "referenced indirectly" is vague and ambiguous. Without waiving its objections, Udio agrees to produce any non-privileged, responsive documents and communications referenced in the Answer. |
| Udio RFP 55 | ALL DOCUMENTS and COMMUNICATIONS that support ANY of YOUR defenses to the allegations in the COMPLAINT. | As explained during the M&C, we maintain that this request is a premature contention request. Without waiving its objections, Udio agrees to produce non-privileged, responsive documents and communications, with the caveat that these documents will likely be produced on a rolling basis through the end of discovery. Udio will not re-produce documents or communications it receives from Plaintiffs that support any of its defenses. |

**Britt Lovejoy**

**LATHAM & WATKINS** LLP
505 Montgomery Street | Suite 2000 | San Francisco, CA 94111-6538
D: +1.415.646.8329 | M: +1.510.366.1829

**From:** Lovejoy, Britt (Bay Area)
**Sent:** Monday, September 30, 2024 5:56 PM
**To:** 'mgreen@hueston.com' <mgreen@hueston.com>; 'Rajan Trehan' <rtrehan@hueston.com>; 'Rajan Trehan' <rtrehan@hueston.com>; 'kross@hueston.com' <kross@hueston.com>; Moez M. Kaba <mkaba@hueston.com>
**Cc:** Feldman, Steve (NY-LA) <Steve.Feldman@lw.com>; Gass, Andrew (Bay Area) <Andrew.Gass@lw.com>; 'Andrew Schapiro' <andrewschapiro@quinnemanuel.com>; 'Jessica Rose' <jessicarose@quinnemanuel.com>
**Subject:** RE: UMG Recordings, Inc. et al. v. Uncharted Labs, Inc., d/b/a Udio.com et al., No. 1:24-cv-04777 (AKH)

Counsel:

We are in receipt of your letter dated September 27, 2024. We wholly disagree with the statements therein.

Udio's objections to Plaintiffs' requests are not "baseless." They result from Plaintiffs' attempt to leverage overbroad terms that do not limit discovery to the product that Plaintiffs' allege form the basis of their Complaint (see, e.g., Plaintiffs' overbroad definitions of "AI SERVICE" and "AI MODEL"), the sound recordings asserted in this case (see, e.g., requests related to "COPYRIGHTED SOUND RECORDINGS" and "SOUND RECORDINGS" beyond those asserted in the Complaint), or even the actual infringement claim pleaded (see, e.g., requests related to "OUTPUTS" notwithstanding Plaintiffs' statement that they "are not presently alleging that these outputs themselves infringe the Copyrighted Recordings." Compl. ¶ 51). Plaintiffs "have no entitlement to discovery to develop new claims ... that are not already identified in the pleadings." Fed. R. Civ. P. 26(b)(1), Adv. Comm. Note; see also Psihoyos v. Pearson Educ., Inc.., 2010 WL 11889066, at *1 (S.D.N.Y. Dec. 7, 2010) (same; denying discovery into unasserted works). Udio's objections on that basis are plainly stated both in its objections to Plaintiffs' "Definitions" and in its specific objections and responses to each request.

Further, as also expressly stated in Udio's objections, Plaintiffs' requests for admission are an improper use of Rule 36. Rule 36 allows parties to use RFAs to confirm information, not elicit facts: "While the basic purpose of discovery is to elicit facts and information and to obtain production of documents, Rule 36 was not designed for this purpose." Republic of Turkey v. Christie's, Inc., 326 F.R.D. 394, 399 (S.D.N.Y. 2018) (emphasis added); see also, e.g., Spectrum Dynamics Med., Ltd. v. General Elec. Co., 18-cv-11386, 2021 WL 735241, at *2 (S.D.N.Y. Feb. 25, 2021). Indeed, RFAs "are particularly ill-suited to the task of uncovering new information and thus generally are best used at the conclusion of discovery, because their sole purpose is to streamline the presentation of evidence at trial." BATLLC v. TD Bank, N.A., No. 15-cv-5839, 2018 WL 3626428, at *6 (E.D.N.Y. July 30, 2018) (quoting T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co., 174 F.R.D. 38, 43 (S.D.N.Y. 1997) (emphasis added). Plaintiffs' RFAs are clearly intended to identify rather than confirm known facts: the RFAs ask Udio to admit that its model both was and was not trained on the asserted works.

We remain hopeful that the parties can work cooperatively to narrow discovery in this litigation to an appropriate scope. To that end, we are available to meet and confer on Wednesday, after 2:30 pm PT and/or on Thursday between 12:15 pm PT and 2 pm PT.

Britt

**Britt Lovejoy**

**LATHAM & WATKINS** LLP
505 Montgomery Street | Suite 2000 | San Francisco, CA 94111-6538
D: +1.415.646.8329 | M: +1.510.366.1829

**From:** Marina Green <mgreen@hueston.com>
**Sent:** Friday, September 27, 2024 12:28 PM
**To:** Feldman, Steve (NY-LA) <Steve.Feldman@lw.com>; Gass, Andrew (Bay Area) <Andrew.Gass@lw.com>; Lovejoy, Britt (Bay Area) <Britt.Lovejoy@lw.com>; andrewschapiro@quinnemanuel.com; Damle, Sy (DC-NY) <Sy.Damle@lw.com>; Taylor, Nathan (NY) <Nathan.Taylor@lw.com>; alexspiro@quinnemanuel.com; toddanten@quinnemanuel.com; jessicarose@quinnemanuel.com
**Cc:** Moez M. Kaba <mkaba@hueston.com>; Rajan Trehan <rtrehan@hueston.com>; Alexander Perry <aperry@hueston.com>; Katharine Ross <kross@hueston.com>
**Subject:** UMG Recordings, Inc. et al. v. Uncharted Labs, Inc., d/b/a Udio.com et al., No. 1:24-cv-04777 (AKH)

Counsel:

    Please see the attached correspondence from Mr. Trehan regarding the above-referenced matter.

Best,

# HUESTON HENNIGAN LLP

**Marina Green**
*California Certified Legal Secretary*

D: 213.377.5469
T: 213.788.4340
mgreen@hueston.com
523 West 6th St Suite 400
Los Angeles CA 90014

---

PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system. Thank you.

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.