# EXHIBIT C

# Mariah Rivera

| | |
|---|---|
| **From:** | Mariah Rivera |
| **Sent:** | Tuesday, October 29, 2024 12:55 PM |
| **To:** | Britt.Lovejoy@lw.com; Andrew.Gass@lw.com; Steve.Feldman@lw.com; andrewschapiro@quinnemanuel.com; jessicarose@quinnemanuel.com |
| **Cc:** | Moez M. Kaba; Rajan Trehan; Alexander Perry; Katharine Ross |
| **Subject:** | RE: UMG Recordings, Inc. et al. v. Uncharted Labs, Inc., d/b/a Udio.com et al., No. 1:24-cv-04777 (AKH) |

Counsel,

Thank you for sending your follow-up positions on Plaintiffs' First Set of Discovery.  While the parties have now reached agreement on the scope of several requests for discovery, there are still a number of outstanding disputes.  Unfortunately, we will need to raise those disputes with the Court on a motion to compel.  We have also identified instances where we propose narrowing the scope of a request.  Please confirm whether you are willing to modify your positions with respect to any of the issues below no later than Thursday, October 31.  If disputes remain, we propose filing a joint letter pursuant to the Court's Individual Rules by next week.  We propose exchanging our initial drafts of our positions for the joint letter by Thursday, November 7 at 5 PM ET and a final exchange on Tuesday, November 12 at 5 PM ET.

\*\*\*

- **Scope of model definitions**: You state that you will interpret "AI MODEL" and "AI SERVICE" to "encompass predecessor models that are similar in functionality to the models that Plaintiffs used to generate outputs for the complaint and that were released prior to June 24, 2024."  We cannot agree to a definition that will allow you to unilaterally determine which of Udio's AI models are "similar in functionality" to the model used to generate the outputs in the complaint.  We require additional information regarding this standard before we can agree to narrow our definitions.  Please (1) explain what you mean by "similar in functionality to the models that Plaintiffs used to generate outputs for the complaint," and (2) provide a list of the predecessor models you believe are similar in functionality, and a list of models that are dissimilar and therefore will not be included in your proposed definition.  We also cannot agree to the narrowed time period.  The complaint alleges active, ongoing infringement of Plaintiffs' copyrighted sound recordings, and we are entitled to discovery into AI models and services released after the complaint was filed.

- **Temporal period covered by discovery**:  We need additional information regarding your proposed relevant time period before we can agree to your proposal. Please provide an explanation of what you mean by the "beginning of model development."

- **Training data**:  Despite the passage of several weeks, you still have failed to identify a single reason as to why you cannot produce Udio's training data.  Absent such an explanation, we intend to insist that the data be produced rather than made available for inspection.

- **RFAs**:  Plaintiffs served RFAs in order to "confirm information and eliminate issues for trial," *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.,* 2021 WL 735241, at \*2 (S.D.N.Y. Feb. 25, 2021), specifically the undisputed fact that Udio copied Plaintiffs' copyrighted sound recordings.  *See* Answer at 9-10 ("The many recordings that Udio's model was trained on presumably included recordings whose rights are owned by the Plaintiffs in this case . . . Irrespective of whether UMG's particular version of "My Way" was in Udio's training data, many other UMG recordings probably were.").  Unlike *Spectrum Dynamics*, this is not a case involving hundreds of RFAs being used to circumvent the limit on the number of interrogatories a party may serve. 2021 WL 735241, at \*2.  Your

1

client knows exactly how it trained its AI models, and what copyrighted sound recordings it used to do so. Plaintiffs' RFAs very simply ask your client to admit that at least one copyrighted sound recording from each Plaintiff has been included in that training data. If you continue to stand on your objections, <u>we will move to compel</u>.

- **Outputs and other RFPs**: Your email stated that you would follow-up in short order regarding your positions for additional RFPs, including the RFPs that discuss outputs. <u>Please provide us with your written positions on these discovery requests by Thursday</u>.

Specific RFPs

| RFP Number | RFP | Udio Position as of 10/13 | Plaintiffs' Position as of 10/29 |
|---|---|---|---|
| Udio RFP 1 | ALL DOCUMENTS and COMMUNICATIONS CONCERNING or RELATED TO PLAINTIFFS. | Without waiving its objections, Udio agrees to produce responsive, non-privileged documents and communications referring to Plaintiffs. | To be clear, the RFP requests documents and communications concerning or related to Plaintiffs, not just those that explicitly refer to one of the named Plaintiffs. <u>Please confirm whether you will produce non-privileged documents and communications concerning or relating to Plaintiffs</u>. |
| Udio RFP 2 | ALL DOCUMENTS and COMMUNICATIONS CONCERNING YOUR TRAINING DATA, including without limitation ALL DOCUMENTS and COMMUNICATIONS RELATING TO the collection, copying, reproduction, development, compilation, maintenance, alteration, and revision of YOUR TRAINING DATA. | Without waiving its objections, Udio agrees to provide Plaintiffs with access to training data for in-scope AI Models, as described above.<br><br>Without waiving its objections, Udio agrees to produce documents sufficient to show its process for training in-scope AI Models, as described above.<br><br>Without waiving its objections, Udio agrees to produce documents sufficient to show its process for developing its training data for in-scope AI models, as described above, including documents sufficient to show its process, if any, for collecting, copying (defined with a non-legal meaning), | This is insufficient. We requested all documents and communications concerning your training data. Defendant is not permitted to cherrypick the documents that it wants to share on this topic, which is directly related to core allegations in the Complaint. Any concern regarding the scope of this request can be dealt with when the parties negotiate search terms. <u>We intend to move to compel</u>. |

2

| RFP Number | RFP | Udio Position as of 10/13 | Plaintiffs' Position as of 10/29 |
|---|---|---|---|
| | | compiling, altering, revising, or maintaining its training data. | |
| Udio RFP 3 | ALL DOCUMENTS and COMMUNICATIONS CONCERNING YOUR AI MODEL, including without limitation ALL DOCUMENTS and COMMUNICATIONS reflecting the contents of YOUR AI MODEL or RELATING TO the manner in which YOU developed, trained, fine-tuned, and refined YOUR AI MODEL. | Without waiving its objections, Udio agrees to provide Plaintiffs with access to its model source code for in-scope AI Models, as described above—although Udio is still investigating the technical mechanisms by which it can provide that access—*e.g.*, whether by production or inspection.<br><br>Without waiving its objections, Udio agrees to produce documents sufficient to show its process for training in-scope AI Models, as described above. | This is insufficient. We requested all documents and communications concerning your AI model. Defendant is not permitted to cherrypick the documents that it wants to share regarding the training of Udio's AI Models, which is directly related to core allegations in the Complaint. Any concern regarding the scope of this request can be dealt with when the parties negotiate search terms. We intend to move to compel. |
| Udio RFP 6 | ALL DOCUMENTS and COMMUNICATIONS RELATED TO YOUR use of "existing sound recordings as data to mine and analyze," as referenced on page 1 of the ANSWER. | Without waiving its objections, Udio agrees to produce documents sufficient to show its process for training in-scope AI Models, as described above. | This is insufficient. We requested all documents and communications concerning your self-described mining and analyzing of existing sound recordings. Defendant is not permitted to cherrypick the documents that it wants to share on this topic, which is directly related to core allegations in the Complaint. Only producing documents sufficient to show this process will not necessarily demonstrate how Udio has mined and studied sound recordings over time. We intend to move to compel. |
| Udio RFP 7 | DOCUMENTS sufficient to identify how YOU use SOUND RECORDINGS to develop YOUR AI MODEL, including | Without waiving its objections, Udio agrees to produce documents sufficient to show in response to this request. | The parties are in agreement. |

| RFP Number | RFP | Udio Position as of 10/13 | Plaintiffs' Position as of 10/29 |
|---|---|---|---|
| | but not limited to use as TRAINING DATA. | | |
| Udio RFP 8 | ALL DOCUMENTS and COMMUNICATIONS RELATED TO YOUR downloading, copying, and/or reproduction of SOUND RECORDINGS, including but not limited to how, and what portions of, the SOUND RECORDINGS are downloaded, copied, and/or reproduced. | As explained at the M&C, this request is overly broad as it seeks information about *all* sound recordings, as opposed to the works asserted in the Complaint.

Without waiving its objections, Udio agrees to produce documents sufficient to show its process for training in-scope AI Models, as described above.

Without waiving its objections, Udio agrees to produce documents sufficient to show its process for developing its training data for in-scope AI Models, as described above. | This is insufficient. We requested all documents and communications related to Udio's use of sound recordings. Defendant is not permitted to cherrypick the documents that it wants to share on this topic, which is directly related to core allegations in the Complaint. Plaintiffs are entitled to all documents and communications responsive to this request, which will demonstrate the willfulness of Udio's infringement, among other things.

You have no basis to restrict your response to only the sound recordings identified in the Complaint. The Complaint very clearly states that the identified copyrighted sound recordings are merely examples, and after discovery we plan to amend our complaint to identify the full catalog of copyrighted sound recordings included in Udio's training data. We are therefore entitled to discovery into all sound recordings that Udio used to train its AI models, as you recognize in your Answer ("Plaintiffs will have ample opportunity to comb through the relevant data, all of which has been preserved, once discovery commences."). *See Downtown Music Publishing LLC v. Peloton Interactive, Inc.*, 436 F.Supp.3d 754, 762 (S.D.N.Y. 2020) (allowing plaintiff to amend complaint |

| RFP Number | RFP | Udio Position as of 10/13 | Plaintiffs' Position as of 10/29 |
|---|---|---|---|
| | | | to add to the list of infringed works after they became aware of the additional works in the course of discovery); *Plunket v. Doyle*, 2001 WL 175252, at *6 (S.D.N.Y. Feb. 22, 2001) ("[P]laintiff need not specify each infringing act with respect to each original work; the Court recognizes that discovery is likely to provide many of the details of the allegedly infringing acts and much of this information may be exclusively in defendants' control."); *see also* Fed. R. Civ. P. 26 (explaining any party "may obtain discovery regarding any matter, not privileged, which is relevant to the *subject matter* involved in the pending action") (emphasis added).<br><br>Further, it is unlikely that communications about this subject also included discussion of particular recordings, so it is not rational to limit your response in this way. Any concern regarding the scope of this request can be dealt with when the parties negotiate search terms. <u>We intend to move to compel.</u> |
| Udio RFP 9 | ALL DOCUMENTS comprising YOUR TRAINING DATA, including, without limitation, DOCUMENTS sufficient to identify ANY and ALL "sound recordings" used "as data to mine and analyze," as referred to on page 1 of the ANSWER. | As explained at the M&C, this request is overly broad as it seeks information about *all* sound recordings, as opposed to the asserted works cited in the Complaint.<br><br>Without waiving its objections, Udio agrees to provide Plaintiffs with access to training data for | The parties are in agreement, subject to resolution of the dispute over the definition of "AI MODEL." |

| RFP Number | RFP | Udio Position as of 10/13 | Plaintiffs' Position as of 10/29 |
|---|---|---|---|
| | | in-scope AI Models, as described above. | |
| Udio RFP 10 | DOCUMENTS sufficient to identify the "many . . . UMG recordings" that "probably were" "in Udio's training data," as alleged on pages 9-10 of the ANSWER. | As we explained at the M&C, we believe that this request mischaracterizes the Answer.<br><br>Without waiving its objections, Udio agrees to provide Plaintiffs with access to training data for in-scope AI Models, as described above. | The parties are in agreement, subject to resolution of the dispute over the definition of "AI MODEL." |
| Udio RFP 11 | ALL DOCUMENTS and COMMUNICATIONS RELATED TO YOUR belief that "many . . . UMG recordings" "probably were" "in Udio's training data," as alleged on pages 9-10 of the ANSWER. | As we explained at the M&C, we believe that this request mischaracterizes the Answer.<br><br>Additionally, as we articulated at the M&C, we believe that the Answer itself is sufficiently responsive to this request as it explains the basis for Udio's belief.<br><br>Without waiving its objections, Udio agrees to produce non-privileged documents sufficient to show in response to this request, to the extent such documents exist. | This is insufficient. We requested all documents and communications related to your belief that many UMG recordings probably were in Udio's training data. Defendant is not permitted to cherrypick the documents that it wants to share on this topic, which is directly related to core allegations in the Complaint. We intend to move to compel. |
| Udio RFP 12 | ALL DOCUMENTS and COMMUNICATIONS RELATED TO YOUR efforts to obtain YOUR TRAINING DATA. | Without waiving its objections, Udio agrees to produce documents sufficient to show its process for developing its training data for in-scope AI Models, as described above. | This is insufficient. We requested all documents and communications related to your efforts to obtain your training data. Defendant is not permitted to cherrypick the documents that it wants to share on this topic, which is directly related to core allegations in the Complaint. Any concern regarding the scope of this request can be dealt with when the parties negotiate |

| RFP Number | RFP | Udio Position as of 10/13 | Plaintiffs' Position as of 10/29 |
|---|---|---|---|
| | | | search terms.  <u>We intend to move to compel.</u> |
| Udio RFP 13 | ALL DOCUMENTS and COMMUNICATIONS RELATED TO the "additional further technical refinements" included in YOUR training process as referenced on pages 20 and 21 of the ANSWER. | Without waiving its objections, Udio agrees to produce documents sufficient to show its process for training in-scope AI Models, as described above, including any such "technical refinements." | The parties are in agreement, subject to resolution of the dispute over the definition of "AI MODEL." |
| Udio RFP 14 | ALL DOCUMENTS and COMMUNICATIONS RELATED TO payment, including but not limited to contemplation of potential payment, for any SOUND RECORDINGS included in YOUR TRAINING DATA. | Without waiving its objections, Udio agrees to produce non-privileged documents and communications responsive to this request, to the extent they exist. | The parties are in agreement. |
| Udio RFP 15 | ALL DOCUMENTS and COMMUNICATIONS RELATED TO licensing or contemplation of potential licensing of ANY TRAINING DATA, including but not limited to licensing of any SOUND RECORDINGS included in YOUR TRAINING DATA. | Without waiving its objections, Udio agrees to produce non-privileged documents and communications responsive to this request, to the extent they exist. | The parties are in agreement. |
| Udio RFP 16 | DOCUMENTS sufficient to identify the formats of media, including but not limited to file | Without waiving its objections, Udio agrees to produce documents sufficient to show in response to this request. | The parties are in agreement. |

7

| RFP Number | RFP | Udio Position as of 10/13 | Plaintiffs' Position as of 10/29 |
|---|---|---|---|
|  | types, included in YOUR TRAINING DATA and any format conversions YOU carried out with respect to YOUR TRAINING DATA. |  |  |
| Udio RPF 17 | ALL DOCUMENTS and COMMUNICATIONS RELATED TO how YOU identified and accessed ANY COPYRIGHTED SOUND RECORDINGS included in YOUR TRAINING DATA. | Without waiving its objections, Udio agrees to produce documents sufficient to show its process for developing its training data for in-scope AI Models, as described above.<br><br>Without waiving its objections, Udio further agrees to produce any responsive non-privileged documents and communications referencing the works asserted in the Complaint, to the extent they exist. | This is insufficient.  We requested all documents and communications related how Udio identified and accessed copyrighted sound recordings included in its training data.  Defendant is not permitted to cherrypick the documents that it wants to share on this topic, which is directly related to core allegations in the Complaint.  Plaintiffs are entitled to all documents and communications responsive to this request, which will demonstrate the willfulness of Udio's infringement, among other things.<br><br>You have no basis to restrict your response to only the sound recordings identified in the Complaint.  The Complaint very clearly states that the identified copyrighted sound recordings are merely examples, and after discovery we plan to amend our complaint to identify the full catalog of copyrighted sound recordings included in Udio's training data.  We are therefore entitled to discovery into all sound recordings that Udio used to train its AI models, as you recognize in your Answer ("Plaintiffs will have ample opportunity to comb through the relevant data, all of which |

| RFP Number | RFP | Udio Position as of 10/13 | Plaintiffs' Position as of 10/29 |
|---|---|---|---|
| | | | has been preserved, once discovery commences."). *See Downtown Music Publishing LLC v. Peloton Interactive, Inc.*, 436 F.Supp.3d 754, 762 (S.D.N.Y. 2020) (allowing plaintiff to amend complaint to add to the list of infringed works after they became aware of the additional works in the course of discovery); *Plunket v. Doyle*, 2001 WL 175252, at *6 (S.D.N.Y. Feb. 22, 2001) ("[P]laintiff need not specify each infringing act with respect to each original work; the Court recognizes that discovery is likely to provide many of the details of the allegedly infringing acts and much of this information may be exclusively in defendants' control."); *see also* Fed. R. Civ. P. 26 (explaining any party "may obtain discovery regarding any matter, not privileged, which is relevant to the *subject matter* involved in the pending action") (emphasis added). <br><br>Further, it is unlikely that communications about this subject also included discussion of particular recordings, so it is not rational to limit your response in this way. Any concern regarding the scope of this request can be dealt with when the parties negotiate search terms. <u>We intend to move to compel.</u> |
| Udio RFP 18 | DOCUMENTS sufficient to show whether and to what extent or in what form SOUND RECORDINGS, in | Without waiving its objections, Udio agrees to produce documents sufficient to show in response to this request, to | The parties are in agreement, subject to resolution of the dispute over the definition of "AI MODEL." |

9

| RFP Number | RFP | Udio Position as of 10/13 | Plaintiffs' Position as of 10/29 |
|---|---|---|---|
| | whole or in part, in any form or format, reside in, are stored in, or otherwise exist within YOUR AI MODEL. | the extent such documents exist.<br><br>Without waiving its objections, Udio also agrees to provide Plaintiffs with access to training data for in-scope AI Models, as described above. | |
| Udio RFP 21 | ALL DOCUMENTS AND COMMUNICATIONS RELATING TO United States intellectual property laws or regulations, including but not limited to the Copyright Act, 17 U.S.C. §§ 101 et seq., the Music Modernization Act, 17 U.S.C. §§ 1401, et seq., and the United States Copyright Office. | As articulated at the M&C, discovery related to matters outside of copyright law is irrelevant to this action.<br><br>Udio also maintains that the scope of this request is overbroad insofar as it concerns copyright matters unrelated to the infringement claim brought by Plaintiffs.<br><br>Without waiving its objections, Udio agrees to produce non-privileged documents and communications related to the Copyright Act's application to Udio's service. | This is insufficient. The request is focused on discovery into matters related to copyright law, as the Music Modernization Act and the United States Copyright Office are both related to copyright law more broadly. We are entitled to documents and communications related to these topics, which will demonstrate the willfulness of Udio's infringement, among other things. <u>We intend to move to compel</u>. |
| Udio RFP 23 | ALL DOCUMENTS and COMMUNICATIONS RELATED TO YOUR policies, procedures, or practices RELATED TO intellectual property rights, including but not limited to YOUR compliance with copyright law. | As we articulated at the M&C, discovery related to matters outside of copyright law is irrelevant to this action.<br><br>Additionally, we maintain that the request requires a legal conclusion insofar as it requires Udio to assess whether a document reflects conduct that would comprise compliance or lack thereof with any given law. | To be clear, the RFP requests documents and communications related to Udio's policies and procedures, not just those that "outline" those policies and procedures. <u>Please confirm whether you will produce non-privileged documents and communications related to the company's copyright policies and procedures</u>. |

| RFP Number | RFP | Udio Position as of 10/13 | Plaintiffs' Position as of 10/29 |
|---|---|---|---|
| | | Without waiving its objections, Udio agrees to produce non-privileged documents and communications that outline the company's copyright policies and procedures, to the extent such documents exist. | |
| Udio RFP 24 | ALL DOCUMENTS and COMMUNICATIONS RELATING TO YOUR policies, procedures, or practices CONCERNING complaints regarding purported copyright violations. | As articulated at the M&C, we maintain that the request attempts to seek admission of a legal conclusion, and that production in response to this request in no way constitutes an admission.

Additionally, we contend that the request is vague and ambiguous.

Without waiving its objections, Udio agrees to produce non-privileged documents and communications that reflect the company's copyright policies, to the extent such documents exist. | The parties are in agreement. |
| Udio RFP 25 | ALL DOCUMENTS and COMMUNICATIONS CONCERNING ANY complaints YOU have received RELATED TO purported copyright violations. | As articulated at the M&C, we maintain that the request attempts to seek admission of a legal conclusion, and that production in response to this request in no way constitutes an admission.

Additionally, we contend that the request is ambiguous.

Without waiving its objections, Udio agrees to produce non-privileged documents and | The parties are in agreement. |

11

| RFP Number | RFP | Udio Position as of 10/13 | Plaintiffs' Position as of 10/29 |
|---|---|---|---|
| | | communications related to complaints about alleged copyright violations, to the extent such documents exist. | |
| Udio RFP 30 | ALL DOCUMENTS and COMMUNICATIONS RELATING TO articles, news reports, blog posts, social media posts, or other publicly available communications CONCERNING YOUR TRAINING DATA or the inclusion of SOUND RECORDINGS in YOUR TRAINING DATA, including but not limited to the publications referenced in paragraph 49 of the COMPLAINT. | Without waiving its objections, Udio agrees to produce non-privileged, responsive documents and communications in Udio's possession, custody and control and not otherwise publicly available to Plaintiffs. | The parties are in agreement. |
| Udio RFP 33 | DOCUMENTS sufficient to identify the number of USERS that have used YOUR AI SERVICE on a monthly basis. | As we articulated at the M&C, we believe model output is of limited relevance to this suit given that Plaintiffs have expressly disclaimed an infringement claim related to output.<br><br>Without waiving its objections, Udio agrees to produce responsive documents sufficient to show in response to this request. | The parties are in agreement. |
| Udio RFP 39 | ALL DOCUMENTS and COMMUNICATIONS RELATING TO YOUR AI SERVICE's | Without waiving its objections, Udio agrees to produce documents sufficient to show the tiers | The parties are in agreement. |

| RFP Number | RFP | Udio Position as of 10/13 | Plaintiffs' Position as of 10/29 |
|---|---|---|---|
| | subscription tiers, including but not limited to how many USERS are included in each subscription tier. | and number of users in each tier. | |
| Udio RFP 40 | ALL DOCUMENTS and COMMUNICATIONS RELATING TO the market for YOUR AI SERVICE, including but not limited to ANY projections or forecasts. | As we explained at the M&C, the term "market" is ambiguous and overbroad. We maintain that this request is both ambiguous and unduly burdensome.<br><br>Without waiving its objections, Udio agrees to produce documents sufficient to show financial projections or forecasts. | This is insufficient. We requested all documents and communications relating to the market for your AI Service. Defendant is not permitted to cherrypick the documents that it wants to share on this topic, which is directly related to core allegations in the Complaint and Udio's fair use defense. Any concern regarding scope or ambiguity can be dealt with when the parties negotiate search terms. <u>We intend to move to compel.</u> |
| Udio RFP 41 | ALL DOCUMENTS and COMMUNICATIONS RELATING TO YOUR AI SERVICE's impact or effect on the music industry. | As we explained at the M&C, the terms "impact" and "effect" are vague, ambiguous, and overbroad. | Any concern regarding scope or ambiguity can be dealt with when the parties negotiate search terms. <u>Please confirm that you will produce all documents and communications responsive to this request, or we will move to compel</u>. |
| Udio RFP 45 | DOCUMENTS sufficient to identify all PERSONS who invested in or financially backed UDIO. | As we explained at the M&C, we object to this request on relevance grounds as the identity of investors are irrelevant to the copyright claims alleged in the Complaint.<br><br>Udio refuses to produce documents in response to this request. | As we've already explained, these individuals are likely to have information relevant to demonstrating the purpose and character of the use, the effect of the use on the market, and willfulness. <u>We intend to move to compel.</u> |
| Udio RFP 46 | ALL DOCUMENTS and COMMUNICATIONS between YOU and | As we explained at the M&C, we object to this request on relevance grounds as third-party | Plaintiffs propose narrowing this request to: |

13

| RFP Number | RFP | Udio Position as of 10/13 | Plaintiffs' Position as of 10/29 |
|---|---|---|---|
| | ANY investors, venture capital backers, seed funders, or any other potential investors in UDIO, including but not limited to Andreessen Horowitz (a16z), Steve Stoute's UnitedMasters, will.I.am, Common, Tay Keith, Kevin Wall, Mike Krieger, and Oriol Vinyals. | communications are irrelevant to the copyright claims alleged in the Complaint.<br><br>Udio refuses to produce documents in response to this request. | ALL DOCUMENTS and COMMUNICATIONS between YOU and ANY investors, venture capital backers, seed funders, or any other potential investors in UDIO, including but not limited to Andreessen Horowitz (a16z), Steve Stoute's UnitedMasters, will.I.am, Common, Tay Keith, Kevin Wall, Mike Krieger, and Oriol Vinyals, regarding YOUR TRAINING DATA, SOUND RECORDINGS, copyright law, and/or business risks.<br><br>These documents and communications are directly relevant to Plaintiffs' claims, including because they will likely demonstrate Udio's willfulness and state of mind, and identify third parties with discoverable information. <u>Please confirm whether you will produce all documents and communications responsive to this narrowed request</u>. |
| Udio RFP 47 | ALL DOCUMENTS and COMMUNICATIONS RELATING TO investor presentations and meetings, including but not limited to pitch decks to investors and potential investors. | As we explained at the M&C, we object to this request on relevance grounds as the materials prepared for investors are irrelevant to the copyright claims alleged in the Complaint.<br><br>Udio refuses to produce documents in response to this request. | As we've already explained, these documents and communications are relevant to demonstrating the purpose and character of the use, the effect of the use on the market, and willfulness.  <u>We intend to move to compel.</u> |
| Udio RFP 48 | DOCUMENTS sufficient to show YOUR funding and financing. | As we explained at the M&C, we object to this request on relevance grounds as information regarding funding and financing are irrelevant to the copyright claims alleged in the Complaint. | Plaintiffs propose amending this request to:<br><br>DOCUMENTS sufficient to show YOUR profits on a monthly basis. |

| RFP Number | RFP | Udio Position as of 10/13 | Plaintiffs' Position as of 10/29 |
|---|---|---|---|
| | | Udio refuses to produce documents in response to this request. | These documents are relevant to calculating Plaintiffs' damages.  <u>Please confirm whether you will produce all documents and communications responsive to this narrowed request</u>. |
| Udio RFP 49 | ALL DOCUMENTS and COMMUNICATIONS RELATING TO YOUR demonstration of "the product to musicians and producers across the music industry," as referenced on page 3 of the ANSWER. | Without waiving its objections, Udio agrees to produce non-privileged, responsive documents and communications. | The parties are in agreement. |
| Udio RFP 50 | ALL DOCUMENTS and COMMUNICATIONS RELATING TO YOUR "advisory partnerships with leading artists and producers," as reference on pages 3 and 4 of the ANSWER. | Without waiving its objections, Udio agrees to produce non-privileged, responsive documents and communications. | The parties are in agreement. |
| Udio RFP 51 | ALL DOCUMENTS and COMMUNICATIONS RELATING TO YOUR actual or potential "symbiotic relationships with key stakeholders in the industry," as referenced on page 4 of the ANSWER. | Without waiving its objections, Udio agrees to produce non-privileged, responsive documents and communications. | The parties are in agreement. |
| Udio RFP 52 | ALL DOCUMENTS and COMMUNICATIONS RELATING TO YOUR allegation on page 11 of the ANSWER | Without waiving its objections, Udio agrees to produce non-privileged, responsive document and communications insofar | The parties are in agreement. |

15

| RFP Number | RFP | Udio Position as of 10/13 | Plaintiffs' Position as of 10/29 |
|---|---|---|---|
| | that music labels "have sought to impose deal terms on a broad array of licensees." | any are in its custody or control. | |
| Udio RFP 53 | ALL DOCUMENTS and COMMUNICATIONS RELATING TO YOUR allegation on pages 11 and 12 of the ANSWER that music labels "have responded to outreach from potential commercial counterparties by engaging in one or more concerted refusals to deal." | Without waiving its objections, Udio agrees to produce non-privileged, responsive documents and communications insofar any are in its custody or control. | The parties are in agreement. |
| Udio RFP 54 | ALL DOCUMENTS and COMMUNICATIONS referenced directly or indirectly in the ANSWER. | As explained during the M&C, we object that the phrase "referenced indirectly" is vague and ambiguous.<br><br>Without waiving its objections, Udio agrees to produce any non-privileged, responsive documents and communications referenced in the Answer. | The parties are in agreement. |
| Udio RFP 55 | ALL DOCUMENTS and COMMUNICATIONS that support ANY of YOUR defenses to the allegations in the COMPLAINT. | As explained during the M&C, we maintain that this request is a premature contention request.<br><br>Without waiving its objections, Udio agrees to produce non-privileged, responsive documents and communications, with the caveat that these documents will likely be produced on a rolling basis | The parties are in agreement. |

| RFP Number | RFP | Udio Position as of 10/13 | Plaintiffs' Position as of 10/29 |
|---|---|---|---|
| | | through the end of discovery. Udio will not re-produce documents or communications it receives from Plaintiffs that support any of its defenses. | |

Plaintiffs reserve all rights.

Best,
Mariah


**Mariah Rivera**

**HUESTON HENNIGAN** LLP

D: 646.891.5049
mrivera@hueston.com
Biography

---

**From:** Britt.Lovejoy@lw.com <Britt.Lovejoy@lw.com>
**Date:** Sunday, October 13, 2024 at 7:23 PM
**To:** Marina Green <mgreen@hueston.com>, Rajan Trehan <rtrehan@hueston.com>, Rajan Trehan <rtrehan@hueston.com>, Katharine Ross <kross@hueston.com>, Moez M. Kaba <mkaba@hueston.com>
**Cc:** Andrew.Gass@lw.com <Andrew.Gass@lw.com>, Steve.Feldman@lw.com <Steve.Feldman@lw.com>, andrewschapiro@quinnemanuel.com <andrewschapiro@quinnemanuel.com>, jessicarose@quinnemanuel.com <jessicarose@quinnemanuel.com>
**Subject:** RE: UMG Recordings, Inc. et al. v. Uncharted Labs, Inc., d/b/a Udio.com et al., No. 1:24-cv-04777 (AKH)

Counsel:

Please find, below, our follow-up positions to Plaintiffs' First Set of Discovery. Udio is amenable to meeting and conferring further as may be helpful to resolve any disputes between the parties.

- **Scope of model definitions:** Udio will interpret "AI MODEL" and "AI SERVICE" to encompass predecessor models that are similar in functionality to the models that Plaintiffs used to generate outputs for the complaint and that were released prior to June 24, 2024.

- **Temporal period covered by discovery:** Beginning of model development, November 1, 2023, until August 16, 2024.

- **Training data:** Without waiving its objections, Udio agrees to provide Plaintiffs with access to its training data. Udio is still investigating the technical mechanisms by which it can provide that access—e.g., whether by production or inspection.