# EXHIBIT E

# Mariah Rivera

| | |
|---|---|
| **From:** | Britt.Lovejoy@lw.com |
| **Sent:** | Tuesday, December 10, 2024 11:33 AM |
| **To:** | Mariah Rivera; Moez M. Kaba; Rajan Trehan; Alexander Perry; Katharine Ross |
| **Cc:** | Andrew.Gass@lw.com; Steve.Feldman@lw.com; andrewschapiro@quinnemanuel.com; jessicarose@quinnemanuel.com; Grace.McLaughlin@lw.com; Lydia.Franzek@lw.com; Tiffany.Ikeda@lw.com |
| **Subject:** | RE: UMG Recordings, Inc. et al. v. Uncharted Labs, Inc., d/b/a Udio.com et al., No. 1:24-cv-04777 (AKH) |

Mariah:

Please see our responses below.

- **RFP 4**:
    - **Plaintiffs**: I believe we made our position clear in our November 25 email regarding Udio's discovery requests. The parties' requests regarding Udio's outputs are not interconnected in any way, and, as we have explained below, our requests seek documents and communications that are squarely relevant to fair use. We will include this request in our motion to compel.
    - **Udio Response:** If Plaintiffs believe that the output identified in the complaint is "squarely relevant to fair use," then Udio's requests for information in Plaintiffs' possession regarding how those outputs were generated is also relevant to that topic. However, rather than brief a discovery motion within a motion, and without waiving its objections, Udio agrees to produce non-privileged documents responsive to RFP 4, and will take up Plaintiffs' refusal to produce materials responsive to Udio's parallel requests in its own affirmative motion to compel.

- **RFP 19**:
    - **Plaintiffs:** You are overcomplicating this request. The Complaint discusses several instances where Udio outputs have replicated real recording artists and copyrighted sound recordings. We are interested in all documents and communications that discuss the AI Models' ability to do this. We believe that it would be possible to craft search terms largely based on those appearing in the request ( e.g., "output" and ("copy" or "mimic" or "imitate" or "simulate" or "contain" or "replicate" or "resemble")).
    - **Udio's Response:** We maintain that this request is overbroad. However, in the interest of compromise, without waiving its objections, Udio is willing to produce documents responsive to this request subject to the parties' agreement on reasonable search terms.

- **RFP 20**:
    - **Plaintiffs**: It is hard to believe that "nearly every document and communication in Udio's possession" concerns the creation of outputs that copy or imitate real music created by humans. As we explained below, this is directly relevant to your fair use defense. Again, we could craft search terms based on those present in the request.
    - **Udio's Response**: Perhaps we are talking past each other. Are you seeking documents and communicates concerning the creation of outputs that copy or imitate *specific* pre-existing content? Or are you seeking documents and communications that concern building a tool that can output music that generally sounds like music created by a human being via more traditional processes? If the latter, we maintain that the request implicates Udio's entire business. If you think this overbreadth problem might be solved via search terms, please identify an example.

1

- **RFP 42**:
  - **Plaintiffs**: We propose narrowing this request further to "ALL DOCUMENTS and COMMUNICATIONS RELATING TO YOUR consideration of potential legal or financial risks RELATING TO the training of YOUR AI SERVICE using SOUND RECORDINGS." We cannot agree to limit this request to only legal risks, as we are entitled to documents and communications that discuss the risks of using copyrighted sound recordings in Udio's training data more broadly. This could include, for example, documents pertaining to the financial risk of needing to pay for the sound recordings included in the training data. We have narrowed this RFP more than enough to be proportional to the needs of the case.
  - **Udio's Response:** Without waiving our objections, Udio agrees to produce in response to this request.

- **Relevant Timeline**:
  - **Plaintiffs**: We understand that you have proposed the relevant time period to begin in July 2023, when Udio first conceptualized its service, and that you are not aware of responsive documents from before this time. We would just like to confirm that this is still true even if Udio is required to provide responsive documents regarding *all* of its AI Models? As you know, the parties have a dispute regarding which AI Models are relevant. If Udio believes that there could be relevant and responsive documents regarding other models from before July 2023, then we need to know that so it can be included as part of the dispute.
  - **Udio Response:** That representation would remain true.
    - Separately, given your question, I want to make sure our dispute with respect to the AI Model definition is sufficiently crystallized. We have agreed to include in the definition of AI Models all publicly-released Udio models prior to the date the Complaint was filed (without waiving any objections with respect to burden or relevance as to particular RFPs). The only models we have not agreed to provide discovery into are internal research only models that were never released to the public.

Finally, as to briefing schedule, we disagree that what you have proposed is consistent with a standard briefing schedule. Under a standard briefing schedule, a party cannot *modify its* to introduce new arguments (or change what has already been written), nor are new arguments permitted on reply. We are hopeful that the parties can work cooperatively to avoid that outcome, or allow for additional time for the responding party to respond if that circumstance arises.

Regards,

Britt


**Britt Lovejoy**

**LATHAM & WATKINS LLP**
505 Montgomery Street | Suite 2000 | San Francisco, CA 94111-6538
D: +1.415.646.8329 | M: +1.510.366.1829

---

**From:** Lovejoy, Britt (Bay Area)
**Sent:** Friday, December 6, 2024 4:59 PM
**To:** Mariah Rivera <mrivera@hueston.com>; Moez M. Kaba <mkaba@hueston.com>; Rajan Trehan <rtrehan@hueston.com>; Alexander Perry <aperry@hueston.com>; Katharine Ross <kross@hueston.com>
**Cc:** Gass, Andrew (Bay Area) <Andrew.Gass@lw.com>; Feldman, Steve (NY-LA) <Steve.Feldman@lw.com>; andrewschapiro@quinnemanuel.com; jessicarose@quinnemanuel.com; McLaughlin, Grace (NY) <Grace.McLaughlin@lw.com>; Franzek, Lydia (NY) <Lydia.Franzek@lw.com>; Ikeda, Tiffany (CC)