# EXHIBIT F

# Mariah Rivera

| | |
|---|---|
| **From:** | Britt.Lovejoy@lw.com |
| **Sent:** | Monday, December 23, 2024 3:54 PM |
| **To:** | Mariah Rivera; Alexander Perry; Moez M. Kaba; Katharine Ross |
| **Cc:** | Andrew.Gass@lw.com; Steve.Feldman@lw.com; andrewschapiro@quinnemanuel.com; jessicarose@quinnemanuel.com; Lydia.Franzek@lw.com; Jack.Barnett@lw.com; Jessie.Cammack@lw.com |
| **Subject:** | RE: UMG Recordings, Inc. et al. v. Uncharted Labs, Inc., d/b/a Udio.com et al., No. 1:24-cv-04777 (AKH) |

Mariah:

I'm writing in response to your email below.

1. **RFP 20:**  We maintain that RFP 20 is overbroad and not proportional to the needs of the case.  Without waiving that objection, however, we are willing to produce documents subject to the parties agreeing on appropriate search terms.

2. **RFP 5:**  We have a dispute here.

3. **Relevant time frame / definition of AI Models:**

    a. Udio has developed hundreds of internal research models and so it is not possible for me to report on the scope of training data associated with each model.  But that is just the point: discovery into every model Udio ever created would be extremely burdensome and is not proportional to the needs of the case, especially not at this juncture.  Plaintiffs' complaint is directed at a single publicly-available version of Udio.  If there is a finding that training for purposes of developing Udio's commercial models is a fair use, then certainly training for unreleased research models will be as well.

    b. As to future models, without waiving its objections—including as to relevance—and wholly in the interest of compromise, Udio agrees to treat Udio v.1.5 as in scope (although it was released after the Complaint was filed and thus could not have been the subject of Plaintiffs' claims).  Udio is willing to consider subsequent requests for discovery into any future-released models when they are ripe and the parties and Court can better assess burden, proportionality, and the status of the case.  Udio maintains that for discovery to progress efficiently, the parties need to negotiate a reasonable discovery cut-off.

4. **RFAs:**

    a. **RFA 50:**  Udio maintains that this RFA improperly calls for a legal conclusion.

    b. **RFA 2-3:**  Then phrase COPYRIGHTED SOUND RECORDINGS improperly imports a legal conclusion into these requests.  Udio is also unable to confirm under penalty of perjury whether Plaintiffs' asserted sound recordings are among its training data, including because Plaintiffs have refused to produce deposit copies of the asserted works.  But even if Udio had access to such copies, the comparison Plaintiffs demand would require technical or expert analysis.  As such, while Udio is willing to entertain responding to these RFAs at some later date, it cannot do so at this juncture.

    c. **RFA 4-5:**  Without waiving its objections, Udio is willing to respond to these requests as to the asserted works, but not with respect to "COPYRIGHTED SOUND RECORDINGS," which imports a legal conclusion into the requests.

    d. **RFA 1:** Without waiving its objections, Udio agrees to respond to this request.

Regards,