# EXHIBIT H

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UMG RECORDINGS, INC., CAPITOL RECORDS, LLC, SONY MUSIC ENTERTAINMENT, ARISTA MUSIC, ARISTA RECORDS LLC, ATLANTIC RECORDING CORPORATION, RHINO ENTERTAINMENT COMPANY, WARNER MUSIC INC., WARNER MUSIC INTERNATIONAL SERVICES LIMITED, WARNER RECORDS INC., WARNER RECORDS LLC, and WARNER RECORDS/SIRE VENTURES LLC,<br><br>                    Plaintiffs,<br>       v.<br>UNCHARTED LABS, INC., d/b/a Udio.com, and JOHN DOES 1-10,<br><br>                Defendant. | Case No. 1:24-cv-04777-AKH<br><br>Hon. Alvin K. Hellerstein |

## DEFENDANT UNCHARTED LABS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1–55)

Pursuant to Federal Rules of Civil Procedure 26 and 34 and the Local Rules of this Court, Defendant Udio, Inc. ("Udio"), by and through its undersigned counsel, hereby provides the following responses and objections (the "Responses and Objections") to Plaintiffs' First Set of Requests for Production (the "Requests") in the above-captioned case (the "Action") as follows.

## GENERAL OBJECTIONS

1.      Udio objects to each of the Definitions, Instructions, and Requests as set forth below (the "General Objections"). Unless otherwise stated, each General Objection shall have the same force and effect as if set forth in full in response to each Definition, Instruction, and Request. Any undertaking to search for or provide information or documents in response to any of the

Requests remains subject to the General Objections, as well as the objections lodged further below that are specific to each Request (the "Specific Objections").

2.    Udio objects to the Requests, including the Definitions and Instructions contained therein, to the extent that they:

a.    call for the discovery of information protected by the attorney-client privilege, the attorney work-product immunity, and/or any other applicable privilege or immunity under federal, state, or local law. The inadvertent production of any information that is privileged or otherwise protected from discovery shall not constitute a waiver of any such privilege or protection. Nothing in these Responses and Objections is intended as or should be construed as a waiver of any applicable privilege. Specific Objections on the ground of privilege are provided only for emphasis. The absence of a privilege objection is neither intended, nor should be interpreted, as an indication that Udio does not object to a Request on the ground of privilege. Udio further expressly reserves the right to redact portions of documents to excise Privileged Information;

b.    are vague, ambiguous, overly broad, unduly burdensome, unreasonably cumulative, overlapping, or duplicative;

c.    require disclosure of information that is not relevant to the claims or defenses of any party in this action, impose burden and expense that outweigh their benefits, are not proportional to the needs of the case, and are not reasonably calculated to lead to the discovery of admissible evidence. Udio submits these Responses and Objections without conceding the relevancy or materiality of the subject matter of any Request;

d. purport to require the disclosure of information already in the possession of Plaintiffs, available from public sources, as accessible to Plaintiffs as to Udio, or obtainable from another source that is more convenient, less burdensome, or less expensive. Udio provides these responses with the understanding that Plaintiffs already have access to such sources, including all materials on Udio's website;

e. attempt to impose burdens that exceed or are different from the requirements of the Federal Rules of Civil Procedure and/or the applicable Local Rules and relevant case law. Udio will comply with its obligations under the Federal and Local Rules, but will not comply with Instructions that are inconsistent with, or impose obligations beyond, applicable rules. Udio stands ready to meet and confer to discuss the best and most efficient way to conduct discovery bilaterally;

f. call for information concerning documents that are no longer in existence or reasonably accessible, or documents not in Udio's possession, custody, or control. Udio will provide only relevant, non-privileged information that is within Udio's present possession, custody, or control and available after a reasonable investigation;

g. imprecisely specify the information sought. Where imprecise terms are used, Udio will, therefore, provide only information that is responsive to the Request based on Udio's interpretation of the Request;

h. seek information concerning "all documents and things," or the like on the basis that providing a response to such Requests would be unduly burdensome;

i. are not limited to a reasonable time period. Udio will produce documents from a reasonable time period as it relates to the case;

j.  purport to impose a duty on Udio to undertake a search for information beyond a reasonable search of its files as it relates to this case and where information responsive to the Request would reasonably be expected to be stored in the ordinary course of business;

k.  seek discovery in violation of any applicable law;

l.  are premature and/or the disclosure of expert discovery, opinions, or analysis;

m.  seek information that is private, confidential, proprietary, or commercially or competitively sensitive to Udio, its affiliates, its employees, its clients, its customers, its counterparties, its customers' or counterparties' current or former officers, directors, or employees, or any third parties.  To the extent that any such material is responsive to the Requests, Udio will only provide it subject to these Responses and Objections and in accordance with the forthcoming protective order entered in this case;

n.  seek information in a format that differs from the forthcoming protective order, ESI protocol, and/or any other agreements between the parties that govern production parameters;

o.  seek information that is more efficiently or appropriately obtained through some other form of discovery;

p.  seek information that is not within Udio's possession, custody, or control, or not otherwise ascertainable upon a reasonable inquiry; that is publicly available or already in the possession of Plaintiffs; or that may be obtained from another source that is more convenient, less burdensome, or less expensive;

    q.  seek "all documents" that exist or have existed relating to a given subject matter where production of a subset would be sufficient;

    r.  impose an obligation on Udio to produce documents that are created or received after receipt of the Requests; and/or

    s.  seek production of any document or information irrelevant to the Action.

3.    Udio objects to the Requests to the extent they assume disputed facts or legal conclusions in defining the documents requested. Udio hereby denies any such disputed facts or legal conclusions to the extent they are assumed by a Request. Any response by Udio with respect to any such Request is without prejudice to this objection. Udio objects to each Request to the extent that it calls for Udio to reach legal conclusions in order to respond.

4.    Udio's Responses and Objections and/or the production of any document or information in response to a Request is not intended as, and shall not be deemed to be, an admission or concession of the relevance or admissibility of the document or information sought by any Request, and is not intended to and shall not waive or prejudice any objection Udio might assert now or in the future, including, without limitation, objections to the admissibility of any response or document, or category of responses or documents, at the trial of this case or any other action.

5.    Udio reserves the right to amend these Responses and Objections for any reason, including the discovery of additional evidence, or following any court order that affects the nature or scope of appropriate discovery.

6.    Udio reserves the right to produce documents on a rolling basis.

7.    The Responses and Objections herein are based on Udio's present knowledge, information, and belief. Udio reserves the right to amend, revise, correct, supplement, or clarify any of the Responses and Objections herein.

8.      Udio objects to the production of confidential and sensitive information before a protective order has been entered in this case.  Udio objects to the production of electronically stored information before an applicable ESI protocol, source code protocol, and/or any other agreements between the parties that govern production parameters has been entered.

## OBJECTIONS TO DEFINITIONS & INSTRUCTIONS

1.      Unless specified otherwise, Udio does not adopt Plaintiffs' definitions of words and phrases.  Udio objects to the "Definitions" stated in the Requests to the extent they are susceptible to more than one distinct interpretation, or are inconsistent with the ordinary and customary meaning of such words and phrases or the rules governing the permissible scope of discovery.

2.      Udio objects to the definition of "AI MODEL" as overbroad, unduly burdensome, and not proportional to the needs of the case, including insofar as the definition includes products and versions of products that Plaintiffs have not claimed are infringing in this action, including products never made commercially available, to the extent such products exist.  Any product not identified as infringing in Plaintiffs' Complaint is not relevant to either party's claims or defenses nor would discovery on such product(s) be proportional to the needs of this case.  Udio further objects to this definition because the terms "computer programs," "source code, parameters, and other settings" are vague and ambiguous.  Udio further objects that this definition is vague and ambiguous with respect to whether, through this definition, Plaintiffs seek discovery into materials unrelated to aspects of model architecture that may have been developed by showing the model recordings.  Udio objects that such discovery would be irrelevant, overbroad, burdensome, and not proportional to the needs of the case.  Udio further objects to this definition to the extent it seeks privileged information and/or documents not in Udio's possession, custody, or control.

3.      Udio objects to the definition of "AI SERVICE" or "SERVICE" as overbroad, unduly burdensome, and not proportional to the needs of the case, including insofar as this definition seeks to include products and versions of products that Plaintiffs have not claimed are infringing in this action, including products never made commercially available, to the extent such products exist.  Any product not identified as infringing in Plaintiffs' Complaint is not relevant to either party's claims or defenses nor proportional to the needs of this case.

4.      Udio objects to the definition of "COMMUNICATION" on the grounds that it is overbroad to the extent it includes documents or information beyond the requirements of the Federal Rules of Civil Procedure; documents or information that are not in Udio's possession, custody, or control; materials that are not proportionally relevant to the needs of this case; and materials from sources that are not reasonably accessible.  Udio further objects to this definition insofar as it purports to call for the production of privileged information.

5.      Udio objects to the definition of "CONCERNING" insofar as that definition seeks to impose obligations on Udio beyond the requirements of the Federal Rules of Civil Procedure. Udio further objects to this definition on the grounds that it is overbroad and unduly burdensome, seeks to impose burden and expense that outweighs its benefits, is not proportional to the needs of the case, and is not reasonably calculated to lead to the discovery of admissible evidence.

6.      Udio objects to the definition of "COPYRIGHTED SOUND RECORDINGS" on the grounds that it is overbroad, unduly burdensome, and not proportionally relevant to the needs of the case, including insofar as it seeks irrelevant discovery into sound recordings not asserted in the Complaint.  Udio further objects to the definition on the grounds that it calls for a legal conclusion to the extent it assumes that the Plaintiffs' asserted works are indeed "copyrighted."

7.      Udio objects to the definition of "DOCUMENT" on the grounds that it is overbroad to the extent it includes documents or information that are not in Udio's possession, custody, or control; materials that are not proportionally relevant to the needs of this case; and materials from sources that are not reasonably accessible.  Udio further objects to this definition insofar as it purports to call for the production of privileged information.

8.      Udio objects to the definitions of "OUTPUT" and "OUTPUTS" on the grounds that they are overbroad, unduly burdensome, and not proportionally relevant to the needs of the case. Udio further objects to these definitions because of their incorporation of the term "YOUR AI MODEL"—which is itself an overboard, unduly burdensome, and not proportionally relevant term.  Udio further objects to the definitions on relevance grounds to the extent Plaintiffs seek information about sound recordings outside of those alleged in the Complaint.

9.      Udio objects to the definition of "PERSON" insofar as that definition seeks to impose obligations on Udio beyond the requirements of the Federal Rules of Civil Procedure. Udio further objects to this definition on the grounds that it is overbroad and unduly burdensome, seeks to impose burden and expense that outweighs its benefits, is not proportional to the needs of the case, and is not reasonably calculated to lead to the discovery of admissible evidence.

10.     Udio objects to the definitions of "RELATED TO" and "RELATING TO" insofar as that definition seeks to impose obligations on Udio beyond the requirements of the Federal Rules of Civil Procedure.  Udio further objects to these definitions on the grounds that they are overbroad and unduly burdensome, seek to impose burden and expense that outweigh their benefits, are not proportional to the needs of the case, and are not reasonably calculated to lead to the discovery of admissible evidence.

11.     Udio objects to the definition of "SOUND RECORDINGS" on the grounds that it is overbroad, unduly burdensome, and not proportionally relevant to the needs of the case, including insofar it seeks irrelevant discovery into sound recordings not asserted in the Complaint. Udio further objects to the definition on the grounds that it calls for a legal conclusion.

12.     Udio objects to the definition of "TERMS OF SERVICE" as overbroad, unduly burdensome, and not proportionally relevant to the needs of the case, including insofar as it seeks prior, non-operative versions of Udio's terms of service.

13.     Udio objects to the definition of "TRAINING DATA" on the grounds that it is overbroad, unduly burdensome, and not proportionally relevant to the needs of the case, including insofar as it seeks "*any* information, data, or datasets used to train or established the parameters" used to train "YOUR AI MODEL"—which is itself an overboard, unduly burdensome, and not proportionally relevant term. Udio further objects to the terms "pre-training and fine-tuning processes" as overbroad, vague, and ambiguous.

14.     Udio objects to the definitions of "UDIO," "YOU," and "YOUR" on the grounds that they define these terms so broadly as to purport to require Udio to collect and produce documents or information that is not within Udio's possession, custody, or control. Udio further objects to these definitions insofar as they purport to include Udio's attorneys and/or yield requests that purport to call for the production of privileged information. Udio will construe the terms "UDIO," "YOU," and "YOUR" to mean Udio and its current and former employees, officers, and directors, to the extent such employees, officers, and directors are known to Udio.

15.     Udio objects to the definition of "USERS" on the grounds that it is overbroad, unduly burdensome, seeks to impose burden and expense that outweigh the benefits, is not proportional to the needs of the case, and is not reasonably calculated to lead to the discovery of

admissible evidence.  Udio further objects to this definition because it incorporates the objected to terms "PERSONS," "YOUR AI SERVICE," and "OUTPUTS."  Udio further objects to the definition on relevance grounds to the extent Plaintiffs seek information about sound recordings outside of those alleged in the Complaint.

16.     Udio objects to the Instructions on the grounds that they are overly broad and unduly burdensome, seek discovery that is not proportional to the needs of the case, and to the extent they purport to impose on Udio obligations that are different than or exceed those imposed by the applicable rules.

17.     Udio objects to the Instructions to the extent they purport to impose on Udio obligations that are different than or exceed those imposed by the forthcoming protective order, ESI protocol source code protocol, and/or any other agreements between the parties that govern production parameters;

18.     Udio objects to Instruction No. 1 on the grounds that it identifies an overly broad timeframe that predates when Udio's product was developed.  It is thus overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Udio is willing to meet and confer regarding an appropriate time frame for discovery in this case.

*     *     *

Without waiving the foregoing General Objections, Objections to Definitions, and Objections to Instructions, but in express reliance thereon, Udio incorporates the foregoing objections into the responses below and responds to the individually numbered Requests as follows:

## SPECIFIC RESPONSES AND OBJECTIONS

**DOCUMENT REQUEST NO. 1:**

ALL DOCUMENTS and COMMUNICATIONS CONCERNING or RELATED TO PLAINTIFFS.

**RESPONSE TO DOCUMENT REQUEST NO. 1:**

Udio objects to Request No. 1 as overly broad, unduly burdensome, and disproportionate to the needs of this case because it seeks "ALL DOCUMENTS and COMMUNICATIONS" related to Plaintiffs when a subset would suffice. Udio further objects to this Request to the extent it seeks materials that are not relevant to any party's claims or defenses in this case. Udio further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, common-interest privilege, or any other applicable privilege or protection.

Subject to the foregoing Specific and General Objections, Udio is willing to meet and confer regarding an appropriately narrow scope for this Request.

**DOCUMENT REQUEST NO. 2:**

ALL DOCUMENTS and COMMUNICATIONS CONCERNING YOUR TRAINING DATA, including without limitation ALL DOCUMENTS and COMMUNICATIONS RELATING TO the collection, copying, reproduction, development, compilation, maintenance, alteration, and revision of YOUR TRAINING DATA.

**RESPONSE TO DOCUMENT REQUEST NO. 2:**

Udio objects to Request No. 2 as overly broad, unduly burdensome, and disproportionate to the needs of this case, including because it seeks "ALL DOCUMENTS and COMMUNICATIONS CONCERNING YOUR TRAINING DATA" when a subset would suffice. Udio further objects to Request No. 2 because the terms "collection, copying, reproduction,

11

development, compilation, maintenance, alteration, and revision" are vague, ambiguous, and undefined. Udio further objects to this Request to the extent it seeks documents publicly available or documents already in Plaintiffs' possession, custody, or control. Udio further objects to this Request because it calls for a legal conclusion. Udio further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, common-interest privilege, or any other applicable privilege or protection. Udio also objects to this Request to the extent it is duplicative of Request No. 3.

Subject to the foregoing Specific and General Objections, Udio is willing to meet and confer regarding an appropriately narrow scope for this Request.

**DOCUMENT REQUEST NO. 3:**

ALL DOCUMENTS and COMMUNICATIONS CONCERNING YOUR AI MODEL, including without limitation ALL DOCUMENTS and COMMUNICATIONS reflecting the contents of YOUR AI MODEL or RELATING TO the manner in which YOU developed, trained, fine-tuned, and refined YOUR AI MODEL.

**RESPONSE TO DOCUMENT REQUEST NO. 3:**

Udio objects to Request No. 3 as overly broad, unduly burdensome, and disproportionate to the needs of this case, including because it seeks "ALL DOCUMENTS and COMMUNICATIONS CONCERNING YOUR AI MODEL" when a subset would suffice. Udio further objects to Request No. 3 because the terms "developed, trained, fine-tuned, and refined" are vague, ambiguous, and undefined. Udio further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, common-interest privilege, or any other applicable privilege or protection. Udio also objects to this Request to the extent it is duplicative of Request No. 2.

Subject to the foregoing Specific and General Objections, Udio is willing to meet and confer regarding an appropriately narrow scope for this Request.

**DOCUMENT REQUEST NO. 4:**

ALL DOCUMENTS and COMMUNICATIONS RELATING TO the OUTPUTS cited in the COMPLAINT, including without limitation those CONCERNING YOUR decision to remove or delete such OUTPUTS.

**RESPONSE TO DOCUMENT REQUEST NO. 4:**

Udio objects to Request No. 4 as overly broad, unduly burdensome, and disproportionate to the needs of this case, including because it seeks "ALL DOCUMENTS and COMMUNICATIONS RELATING TO the OUTPUTS cited in the COMPLAINT" when a subset would suffice, and given that output is of limited relevance to this dispute in light of Plaintiffs' statement that they "are not presently alleging that these outputs themselves infringe the Copyrighted Recordings." Compl. ¶ 51. Udio further objects to Request No. 4 because the terms "remove" and "delete" are vague, ambiguous, and undefined. Udio further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, common-interest privilege, or any other applicable privilege or protection. Udio also objects to this Request to the extent it seeks documents publicly available, already in Plaintiffs' possession, custody, or control, and/or documents not in Udio's possession, custody, or control.

Subject to the foregoing Specific and General Objections, Udio is willing to meet and confer regarding an appropriately narrow scope for this Request.

**DOCUMENT REQUEST NO. 5:**

ALL DOCUMENTS AND COMMUNICATIONS RELATING TO OUTPUTS that YOU have removed from YOUR AI SERVICE, including but not limited to DOCUMENTS RELATING TO

the reasons for ANY such removal and any policies, protocols, or procedures concerning the removal of OUTPUTS.

**RESPONSE TO DOCUMENT REQUEST NO. 5:**

Udio objects to Request No. 5 as overly broad, unduly burdensome, and disproportionate to the needs of this case, including because outputs are of limited relevance to this dispute in light of Plaintiffs' statement that they "are not presently alleging that these outputs themselves infringe the Copyrighted Recordings." Compl. ¶ 51. Udio further objects to this Request because the terms "removed" and "removal" are vague, ambiguous, and undefined. Udio further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, common-interest privilege, or any other applicable privilege or protection. Udio also objects to this Request to the extent it seeks documents publicly available, already in Plaintiffs' possession, custody, or control, and/or documents not in Udio's possession, custody, or control. Udio also objects to this Request to the extent it is duplicative of Request No. 4.

Subject to the foregoing Specific and General Objections, Udio is willing to meet and confer regarding an appropriately narrow scope for this Request.

**DOCUMENT REQUEST NO. 6:**

DOCUMENTS and COMMUNICATIONS RELATED TO YOUR use of "existing sound recordings as data to mine and analyze," as referenced on page 1 of the ANSWER.

**RESPONSE TO DOCUMENT REQUEST NO. 6:**

Udio objects to Request No. 6 as overly broad, unduly burdensome, and disproportionate to the needs of this case, including because it seeks all "DOCUMENTS and COMMUNICATIONS RELATED TO YOUR use of existing sound recordings as data to mine and analyze" when a subset would suffice. Udio further objects to Request No. 5 because the

undefined terms "use," "mine," and "analyze" are vague, ambiguous, and overbroad. Udio further objects to this Request to the extent it calls for discovery of materials that may be more appropriately requested through an interrogatory. Udio further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, common-interest privilege, or any other applicable privilege or protection.

Subject to the foregoing Specific and General Objections, Udio is willing to meet and confer regarding an appropriately narrow scope for this Request.

**DOCUMENT REQUEST NO. 7:**

DOCUMENTS sufficient to identify how YOU use SOUND RECORDINGS to develop YOUR AI MODEL, including but not limited to use as TRAINING DATA.

**RESPONSE TO DOCUMENT REQUEST NO. 7:**

Udio objects to Request No. 7 as overly broad, unduly burdensome, and disproportionate to the needs of this case, including for the reasons identified in Udio's objections, above, to the defined terms used in Request No. 7. Udio further objects to Request No. 7 because the terms "use" and "develop" are vague, ambiguous, and undefined. Udio further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, common-interest privilege, or any other applicable privilege or protection. Udio further objects to this Request to the extent it calls for discovery of materials that may be appropriately requested through an interrogatory. Udio also objects to this Request to the extent it is duplicative of Request Nos. 2 and 3.

Subject to the foregoing General and Specific Objections, Udio states that it will not produce documents in response to this Request.

**DOCUMENT REQUEST NO. 8:**

ALL DOCUMENTS and COMMUNICATIONS RELATED TO YOUR downloading, copying, and/or reproduction of SOUND RECORDINGS, including but not limited to how, and what portions of, the SOUND RECORDINGS are downloaded, copied, and/or reproduced.

**RESPONSE TO DOCUMENT REQUEST NO. 8:**

Udio objects to Request No. 7 as overly broad, unduly burdensome, and disproportionate to the needs of this case, including because it seeks "ALL DOCUMENTS and COMMUNICATIONS RELATED TO YOUR downloading, copying, and/or reproduction of SOUND RECORDINGS" when a subset would suffice. Udio further objects to Request No. 7 because the terms "downloading, copying, and/or reproduction" and "downloaded, copied, and/or reproduced" are vague, ambiguous, and undefined. Udio further objects to this Request to the extent it calls for discovery of materials that may be more appropriately requested through an interrogatory. Udio further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, common-interest privilege, or any other applicable privilege or protection. Udio also objects to this Request to the extent it requires a legal conclusion.

Subject to the foregoing General and Specific Objections, Udio states that it will not produce documents in response to this Request.

**DOCUMENT REQUEST NO. 9:**

ALL DOCUMENTS comprising YOUR TRAINING DATA, including, without limitation, DOCUMENTS sufficient to identify ANY and ALL "sound recordings" used "as data to mine and analyze," as referred to on page 1 of the ANSWER.

16

**RESPONSE TO DOCUMENT REQUEST NO. 9:**

Udio objects to Request No. 9 as overly broad, unduly burdensome, and disproportionate to the needs of this case, including given Udio's objection to the definition of "TRAINING DATA," above. Udio further objects to Request No. 9 because the term is "comprising" is vague, ambiguous, and undefined. Udio further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, common-interest privilege, or any other applicable privilege or protection. Udio also objects to this Request to the extent it requires a legal conclusion. Udio further objects to this Request to the extent it seeks documents publicly available or documents already in Plaintiffs' possession, custody, or control. Udio also objects to this Request to the extent it is duplicative of Request Nos. 2 and 7.

Subject to the foregoing General and Specific Objections, Udio is willing to meet and confer regarding an appropriately narrow scope for this Request.

**DOCUMENT REQUEST NO. 10:**

DOCUMENTS sufficient to identify the "many . . . UMG recordings" that "probably were" "in Udio's training data," as alleged on pages 9-10 of the ANSWER.

**RESPONSE TO DOCUMENT REQUEST NO. 10:**

Udio objects to Request No. 10, which through its selective quotation, misrepresents Udio's Answer; Udio does not admit knowledge of such sound recordings being in its training data. Udio further objects to this Request to the extent it seeks documents or information not in Udio's possession, custody, or control insofar as it requires Udio to identify Plaintiff UMG Recordings, Inc.'s sound recordings. Udio further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, common-interest

privilege, or any other applicable privilege or protection. Udio also objects to this Request to the extent it is duplicative of Request No. 11.

Subject to the foregoing General and Specific Objections, Udio states that it will not produce documents in response to this Request.

**DOCUMENT REQUEST NO. 11:**

ALL DOCUMENTS and COMMUNICATIONS RELATED TO YOUR belief that "many . . . UMG recordings" "probably were" "in Udio's training data," as alleged on pages 9-10 of the ANSWER.

**RESPONSE TO DOCUMENT REQUEST NO. 11:**

Udio objects to Request No. 11, which through its selective quotation, misrepresents Udio's Answer; Udio does not admit knowledge of such sound recordings being in its training data. Udio further objects to this Request to the extent it seeks documents or information not in Udio's possession, custody, or control insofar as it requires Udio to identify Plaintiff UMG Recordings, Inc.'s sound recordings. Udio further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, common-interest privilege, or any other applicable privilege or protection. Udio also objects to this Request to the extent it is duplicative of Request No. 10.

Subject to the foregoing General and Specific Objections, Udio states that it will not produce documents in response to this Request.

**DOCUMENT REQUEST NO. 12:**

ALL DOCUMENTS and COMMUNICATIONS RELATED TO YOUR efforts to obtain YOUR TRAINING DATA.

**RESPONSE TO DOCUMENT REQUEST NO. 12:**

Udio objects to Request No. 12 as overly broad, unduly burdensome, and disproportionate to the needs of this case, including because it seeks "ALL DOCUMENTS and COMMUNICATIONS RELATED TO YOUR efforts to obtain YOUR TRAINING DATA" when a subset would suffice. Udio further objects to Request No. 12 because the term "efforts" is vague, ambiguous, and undefined. Udio further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, common-interest privilege, or any other applicable privilege or protection. Udio further objects to this Request to the extent it seeks documents publicly available or documents already in Plaintiffs' possession, custody, or control. Udio also objects to this Request to the extent it is duplicative of Request No. 2.

Subject to the foregoing General and Specific Objections, Udio is willing to meet and confer regarding an appropriately narrow scope for this Request.

**DOCUMENT REQUEST NO. 13:**

ALL DOCUMENTS and COMMUNICATIONS RELATED TO the "additional further technical refinements" included in YOUR training process as referenced on pages 20 and 21 of the ANSWER.

**RESPONSE TO DOCUMENT REQUEST NO. 13:**

Udio objects to Request No. 13 as overly broad, unduly burdensome, and disproportionate to the needs of this case, including because it seeks "ALL DOCUMENTS and COMMUNICATIONS RELATED TO the 'additional further technical refinements' included in YOUR training process" when a subset would suffice. Udio further objects to Request No. 13 because the terms "training process" is vague, ambiguous, and undefined. Udio further objects to this Request to the extent it calls for discovery of materials that may be more appropriately

requested through an interrogatory. Udio further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, common-interest privilege, or any other applicable privilege or protection.

Subject to the foregoing General and Specific Objections, Udio states that it will not produce documents in response to this Request.

**DOCUMENT REQUEST NO. 14:**

ALL DOCUMENTS and COMMUNICATIONS RELATED TO payment, including but not limited to contemplation of potential payment, for any SOUND RECORDINGS included in YOUR TRAINING DATA.

**RESPONSE TO DOCUMENT REQUEST NO. 14:**

Udio objects to Request No. 14 as overly broad, unduly burdensome, and disproportionate to the needs of this case, including because it seeks "ALL DOCUMENTS and COMMUNICATIONS RELATED TO payment" when a subset would suffice. Udio further objects to Request No. 15 because the terms "contemplating" and "potential payment" are vague, ambiguous, and undefined. Udio further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, common-interest privilege, or any other applicable privilege or protection. Udio also objects to this Request to the extent it is duplicative of Request No. 12.

Subject to the foregoing General and Specific Objections, Udio is willing to meet and confer regarding an appropriately narrow scope for this Request.

**DOCUMENT REQUEST NO. 15:**

ALL DOCUMENTS and COMMUNICATIONS RELATED TO licensing or contemplation of
potential licensing of ANY TRAINING DATA, including but not limited to licensing of any
SOUND RECORDINGS included in YOUR TRAINING DATA.

**RESPONSE TO DOCUMENT REQUEST NO. 15:**

Udio further objects to Request No. 15 as overly broad, unduly burdensome, and
disproportionate to the needs of this case, including because it seeks "ALL DOCUMENTS and
COMMUNICATIONS RELATED TO licensing or contemplation of potential licensing of ANY
TRAINING DATA" when a subset would suffice. Udio further objects to this Request to the
extent it seeks information protected by the attorney-client privilege, work-product doctrine,
common-interest privilege, or any other applicable privilege or protection. Udio also objects to
this Request to the extent it is duplicative of Request No. 12.

Subject to the foregoing General and Specific Objections, Udio is willing to meet and
confer regarding an appropriately narrow scope for this Request.

**DOCUMENT REQUEST NO. 16:**

DOCUMENTS sufficient to identify the formats of media, including but not limited to file types,
included in YOUR TRAINING DATA and any format conversions YOU carried out with respect
to YOUR TRAINING DATA.

**RESPONSE TO DOCUMENT REQUEST NO. 16:**

Udio objects to Request No. 16 because the terms "formats of media" and "format
conversions" are vague, ambiguous, and undefined. Udio further objects to this Request as overly
broad, unduly burdensome, and disproportionate to the needs of this case. Udio further objects to
this Request to the extent it calls for discovery of materials that may be more appropriately

21

requested through an interrogatory.  Udio further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, common-interest privilege, or any other applicable privilege or protection.  Udio further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, common-interest privilege, or any other applicable privilege or protection.  Udio further objects to the definition on relevance grounds to the extent Plaintiffs seek information about sound recordings outside of those alleged in the Complaint.

Subject to the foregoing General and Specific Objections, Udio states that it will not produce documents in response to this Request.

**DOCUMENT REQUEST NO. 17:**

ALL DOCUMENTS and COMMUNICATIONS RELATED TO how YOU identified and accessed ANY COPYRIGHTED SOUND RECORDINGS included in YOUR TRAINING DATA.

**RESPONSE TO DOCUMENT REQUEST NO. 17:**

Udio objects to Request No. 18 because the terms "identified" and "accessed" are vague, ambiguous, and undefined.  Udio further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, common-interest privilege, or any other applicable privilege or protection.  Udio also objects to this Request to the extent it requires a legal conclusion.  Udio also objects to this Request to the extent it is duplicative of Request No. 12.  Udio further objects to the definition on relevance grounds to the extent Plaintiffs seek information about sound recordings outside of those alleged in the Complaint.

Subject to the foregoing General and Specific Objections, including for the reasons explained above in the Objection to the definition of COPYRIGHTED SOUNDS RECORDINGS, Udio states that it will not produce documents in response to this Request.

**DOCUMENT REQUEST NO. 18:**

DOCUMENTS sufficient to show whether and to what extent or in what form SOUND RECORDINGS, in whole or in part, in any form or format, reside in, are stored in, or otherwise exist within YOUR AI MODEL.

**RESPONSE TO DOCUMENT REQUEST NO. 18:**

Udio objects to Request No. 18 because the terms "any form or format," "reside in," "are stored in," and "exist" are vague, ambiguous, and undefined. Udio further objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of this case. Udio further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, common-interest privilege, or any other applicable privilege or protection. Udio also objects to this Request to the extent it is duplicative of Request No. 3. Udio further objects to the definition on relevance grounds to the extent Plaintiffs seek information about sound recordings outside of those alleged in the Complaint.

Subject to the foregoing General and Specific Objections, Udio states that it will not produce documents in response to this Request.

**DOCUMENT REQUEST NO. 19:**

ALL DOCUMENTS and COMMUNICATIONS RELATING TO YOUR AI MODEL's creation, whether intentional or not, of OUTPUTS that copy, mimic, imitate, simulate, contain, replicate, or

resemble any aspects or elements of SOUND RECORDINGS included in YOUR TRAINING DATA.

**RESPONSE TO DOCUMENT REQUEST NO. 19:**

Udio objects to Request No. 19 as seeking information not proportionally relevant to the needs of this case, including given that output is of limited relevance to this dispute in light of Plaintiffs' statement that they "are not presently alleging that these outputs themselves infringe the Copyrighted Recordings." Compl. ¶ 51. Udio objects to Request No. 19 because the terms "copy, mimic, imitate, simulate, contain, replicate, or resemble" are vague, ambiguous, and undefined. Udio also objects to this Request to the extent it requires a legal conclusion. Udio further objects to this Request to the extent it seeks documents publicly available or documents already in Plaintiffs' possession, custody, or control. Udio further objects to this Request to the extent it seeks documents not in Udio's possession, custody, or control. Udio further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, common-interest privilege, or any other applicable privilege or protection. Udio also objects to this Request to the extent it is duplicative of Request No. 20. Udio further objects to the definition on relevance grounds to the extent Plaintiffs seek information about sound recordings outside of those alleged in the Complaint.

Subject to the foregoing General and Specific Objections, Udio states that it will not produce documents in response to this Request.

**DOCUMENT REQUEST NO. 20:**

ALL DOCUMENTS and COMMUNICATIONS RELATING TO YOUR efforts to enable YOUR AI SERVICE to create OUTPUTS that copy, imitate, simulate, or resemble music created by humans.

**RESPONSE TO DOCUMENT REQUEST NO. 20:**

Udio objects to Request No. 20 as seeking information not proportionally relevant to the needs of this case, including given that output is of limited relevance to this dispute in light of Plaintiffs' statement that they "are not presently alleging that these outputs themselves infringe the Copyrighted Recordings." Compl. ¶ 51. Udio objects to Request No. 20 because the terms "copy, imitate, simulate, or resemble" are vague, ambiguous, and undefined. Udio further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, common-interest privilege, or any other applicable privilege or protection. Udio also objects to this Request to the extent it requires a legal conclusion. Udio further objects to this Request to the extent it seeks documents publicly available or documents already in Plaintiffs' possession, custody, or control. Udio further objects to this Request to the extent it seeks documents not in Udio's possession, custody, or control. Udio also objects to this Request to the extent it is duplicative of Request No. 19. Udio further objects to this Request to the extent it seeks materials that are not relevant to any party's claims or defenses in this case.

Subject to the foregoing General and Specific Objections, Udio states that it will not produce documents in response to this Request.

**DOCUMENT REQUEST NO. 21:**

ALL DOCUMENTS AND COMMUNICATIONS RELATING TO United States intellectual property laws or regulations, including but not limited to the Copyright Act, 17 U.S.C. §§ 101 et seq., the Music Modernization Act, 17 U.S.C. §§ 1401, et seq., and the United States Copyright Office.

**RESPONSE TO DOCUMENT REQUEST NO. 21:**

Udio objects to Request No. 21 as overly broad and as seeking information not proportionally relevant to the needs of this case, including because it seeks "ALL DOCUMENTS AND COMMUNICATIONS RELATING TO United States intellectual property laws or regulations." Udio objects to Request No. 21 as overly broad, unduly burdensome, and disproportionate to the needs of this case insofar as it seeks information that is not limited to the intellectual property issues implicated by the Complaint. Udio further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, common-interest privilege, or any other applicable privilege or protection. Udio also objects to this Request to the extent it requires a legal conclusion. Udio also objects to this Request to the extent it is duplicative of Request Nos. 22, 23, 24, and 25. Udio further objects to this Request to the extent it seeks materials that are not relevant to any party's claims or defenses in this case.

Subject to the foregoing General and Specific Objections, Udio states that it will not produce documents in response to this Request.

**DOCUMENT REQUEST NO. 22:**

ALL DOCUMENTS and COMMUNICATIONS RELATING TO whether OUTPUTS are subject to copyright or other intellectual property protection.

**RESPONSE TO DOCUMENT REQUEST NO. 22:**

Udio objects to Request No. 22 as seeking information not proportionally relevant to the needs of this case, including given that output is of limited relevance to this dispute in light of Plaintiffs' statement that they "are not presently alleging that these outputs themselves infringe the Copyrighted Recordings." Compl. ¶ 51. Udio further objects to Request No. 22 as overly broad, unduly burdensome, and disproportionate to the needs of this case insofar as it seeks information

26

that is not limited to the intellectual property issues implicated by the Complaint. Udio further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, common-interest privilege, or any other applicable privilege or protection. Udio also objects to this Request to the extent it requires a legal conclusion. Udio also objects to this Request to the extent it is duplicative of Request Nos. 21, 23, 24, and 25. Udio further objects to this Request to the extent it seeks materials that are not relevant to any party's claims or defenses in this case.

Subject to the foregoing General and Specific Objections, Udio states that it will not produce documents in response to this Request.

**DOCUMENT REQUEST NO. 23:**

ALL DOCUMENTS and COMMUNICATIONS RELATED TO YOUR policies, procedures, or practices RELATED TO intellectual property rights, including but not limited to YOUR compliance with copyright law.

**RESPONSE TO DOCUMENT REQUEST NO. 23:**

Udio objects to Request No. 23 as overly broad and as seeking information not proportionally relevant to the needs of this case, including because it seeks "ALL DOCUMENTS and COMMUNICATIONS RELATED TO YOUR policies, procedures, or practices RELATED TO intellectual property rights." Udio further objects to Request No. 23 as overly broad, unduly burdensome, and disproportionate to the needs of this case insofar as it seeks information that is not limited to the intellectual property issues implicated by the Complaint. Udio further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, common-interest privilege, or any other applicable privilege or protection. Udio also objects to this Request to the extent it requires a legal conclusion. Udio also objects to this

Request to the extent it is duplicative of Request Nos. 21, 22, 24, and 25. Udio further objects to this Request to the extent it seeks materials that are not relevant to any party's claims or defenses in this case.

Subject to the foregoing General and Specific Objections, Udio states that it will not produce documents in response to this Request.

**DOCUMENT REQUEST NO. 24:**

ALL DOCUMENTS and COMMUNICATIONS RELATING TO YOUR policies, procedures, or practices CONCERNING complaints regarding purported copyright violations.

**RESPONSE TO DOCUMENT REQUEST NO. 24:**

Udio objects to Request No. 24 because the terms "complaints" and "purported copyright violations" are vague, ambiguous, and undefined. Udio further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, common interest privilege, or any other applicable privilege or protection. Udio also objects to this Request to the extent it requires a legal conclusion. Udio also objects to this Request to the extent it is duplicative of Request Nos. 21, 22, 23, and 25.

Subject to the foregoing General and Specific Objections, Udio states that it will not produce documents in response to this Request.

**DOCUMENT REQUEST NO. 25:**

ALL DOCUMENTS and COMMUNICATIONS CONCERNING ANY complaints YOU have received RELATED TO purported copyright violations.

**RESPONSE TO DOCUMENT REQUEST NO. 25:**

Udio objects to Request No. 25 because the terms "complaints" and "purported copyright violations" are vague, ambiguous, and undefined. Udio further objects to this Request to the extent

it seeks information protected by the attorney-client privilege, work-product doctrine, common-interest privilege, or any other applicable privilege or protection. Udio also objects to this Request to the extent it requires a legal conclusion. Udio also objects to this Request to the extent it is duplicative of Request Nos. 21, 22, 23, and 24.

Subject to the foregoing General and Specific Objections, Udio states that it will not produce documents in response to this Request.

**DOCUMENT REQUEST NO. 26:**

ALL DOCUMENTS and COMMUNICATIONS RELATED TO YOUR TERMS OF SERVICE, including ALL drafts and versions thereof.

**RESPONSE TO DOCUMENT REQUEST NO. 26:**

Udio objects to Request No. 26 on relevance grounds. Udio further objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of this case, including because it seeks "ALL DOCUMENTS and COMMUNICATIONS RELATED TO YOUR TERMS OF SERVICE" as well as all drafts and prior versions, when a subset would suffice. Udio further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, common-interest privilege, or any other applicable privilege or protection.

Subject to the foregoing General and Specific Objections, Udio states that it will not produce documents in response to this Request.

**DOCUMENT REQUEST NO. 27:**

ALL DOCUMENTS and COMMUNICATIONS RELATING TO YOUR policy authorizing USERS to "use outputs for both personal and commercial purposes," as provided in § 6.3 of YOUR TERMS OF SERVICE.

29

**RESPONSE TO DOCUMENT REQUEST NO. 27:**

Udio objects to Request No. 26 on relevance grounds. Udio further objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of this case, including because it seeks "ALL DOCUMENTS and COMMUNICATIONS RELATED TO YOUR policy authorizing USERS to use outputs for both personal and commercial purposes" as well as all drafts and prior versions, when a subset would suffice and given that output is of limited relevance to this dispute in light of Plaintiffs' statement that they "are not presently alleging that these outputs themselves infringe the Copyrighted Recordings." Compl. ¶ 51. Udio further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, common-interest privilege, or any other applicable privilege or protection. Udio also objects to this Request on the grounds it requires a legal conclusion insofar as it interprets the Terms of Service. Udio further objects to this Request to the extent it seeks documents publicly available or documents already in Plaintiffs' possession, custody, or control. Udio also objects to this Request to the extent it is duplicative of Request Nos. 26.

Subject to the foregoing General and Specific Objections, Udio states that it will not produce documents in response to this Request.

**DOCUMENT REQUEST NO. 28:**

All DOCUMENTS AND COMMUNICATIONS RELATING TO measures that YOU have considered, developed, or implemented to limit YOUR AI SERVICE's creation of OUTPUTS, including but not limited to the "filters" referenced on page 3 of the ANSWER.

**RESPONSE TO DOCUMENT REQUEST NO. 28:**

Udio objects to Request No. 28 as overly broad, unduly burdensome, and disproportionate to the needs of this case, including because it seeks "ALL DOCUMENTS and

COMMUNICATIONS RELATING TO the measures that YOU have considered, developed, or implemented to limit YOUR AI SERVICE's creation of OUTPUTS" when a subset would suffice, and given that output is of limited relevance to this dispute in light of Plaintiffs' statement that they "are not presently alleging that these outputs themselves infringe the Copyrighted Recordings." Compl. ¶ 51. Udio further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, common-interest privilege, or any other applicable privilege or protection.

Subject to the foregoing General and Specific Objections, Udio is willing to meet and confer regarding an appropriately narrow scope for this Request.

**DOCUMENT REQUEST NO. 29:**

ALL DOCUMENTS and COMMUNICATIONS RELATING TO YOUR efforts to market, promote, or otherwise publicize YOUR AI SERVICE or OUTPUTS.

**RESPONSE TO DOCUMENT REQUEST NO. 29:**

Udio objects to Request No. 29 as overly broad, unduly burdensome, and disproportionate to the needs of this case, including because it seeks "ALL DOCUMENTS and COMMUNICATIONS RELATING TO YOUR efforts to market, promote, or otherwise publicize YOUR AI SERVICE or OUTPUTS" when a subset would suffice, and given that output is of limited relevance to this dispute in light of Plaintiffs' statement that they "are not presently alleging that these outputs themselves infringe the Copyrighted Recordings." Compl. ¶ 51. Udio further objects to this Request because the terms "market," "promote," and "otherwise publicize" are vague, ambiguous, and undefined. Udio further objects to this Request to the extent it seeks documents publicly available or documents already in Plaintiffs' possession, custody, or control.

31

Udio further objects to this Request to the extent it seeks materials that are not relevant to any party's claims or defenses in this case.

Subject to the foregoing General and Specific Objections, Udio states that it will not produce documents in response to this Request.

**DOCUMENT REQUEST NO. 30:**

ALL DOCUMENTS and COMMUNICATIONS RELATING TO articles, news reports, blog posts, social media posts, or other publicly available communications CONCERNING YOUR TRAINING DATA or the inclusion of SOUND RECORDINGS in YOUR TRAINING DATA, including but not limited to the publications referenced in paragraph 49 of the COMPLAINT.

**RESPONSE TO DOCUMENT REQUEST NO. 30:**

Udio objects to Request No. 30 as overly broad, unduly burdensome, and disproportionate to the needs of this case, including because it seeks "ALL DOCUMENTS and COMMUNICATIONS RELATING TO articles, news reports, social media posts or any other publicly disseminated communications CONCERNING YOUR TRAINING DATA or the inclusion of SOUND RECORDINGS in YOUR TRAINING DATA" when a subset would suffice. Udio further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, common-interest privilege, or any other applicable privilege or protection.  Udio further objects to this Request to the extent it seeks documents publicly available or documents already in Plaintiffs' possession, custody, or control.  Udio further objects to this Request to the extent it seeks documents not in Udio's possession, custody, or control.  Udio further objects to this Request to the extent it seeks materials that are not relevant to any party's claims or defenses in this case.

Subject to the foregoing General and Specific Objections, Udio states that it will not produce documents in response to this Request.

**DOCUMENT REQUEST NO. 31:**

ALL DOCUMENTS and COMMUNICATIONS RELATING TO how YOU intended, expected, or predicted that USERS would use YOUR AI SERVICE, including but not limited to ALL DOCUMENTS AND COMMUNICATIONS RELATING TO ANY perceived or observed deviation from YOUR intentions, expectations, or predictions.

**RESPONSE TO DOCUMENT REQUEST NO. 31:**

Udio objects to Request No. 31 because the terms "intended, expected, or predicted," "use," "perceived or observed," "deviation," "intentions," "expectations," and "predictions" are vague, ambiguous, and undefined. Udio further objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of this case because it seeks "ALL DOCUMENTS and COMMUNICATIONS RELATING TO how YOU intended, expected, or predicted that USERS would use YOUR AI SERVICE" when a subset would suffice. Udio further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, common-interest privilege, or any other applicable privilege or protection. Udio also objects to this Request to the extent it seeks a legal conclusion. Udio further objects to this Request to the extent it seeks documents not in Udio's possession, custody, or control. Udio further objects to this Request to the extent it seeks materials that are not relevant to any party's claims or defenses in this case.

Subject to the foregoing General and Specific Objections, Udio states that it will not produce documents in response to this Request.

**DOCUMENT REQUEST NO. 32:**

DOCUMENTS sufficient to identify the number of OUTPUTS that have been generated by YOUR AI MODEL on a monthly basis.

**RESPONSE TO DOCUMENT REQUEST NO. 32:**

Udio objects to Request No. 32 as seeking materials that are not relevant to any party's claims or defenses in this case and not proportionally relevant to the needs of this case given Plaintiffs' statement that they "are not presently alleging that these outputs themselves infringe the Copyrighted Recordings." Compl. ¶ 51. Udio objects to Request No. 32 because the term "generated" is vague, ambiguous, and undefined.

Subject to the foregoing General and Specific Objections, Udio states that it will not produce documents in response to this Request.

**DOCUMENT REQUEST NO. 33:**

DOCUMENTS sufficient to identify the number of USERS that have used YOUR AI SERVICE on a monthly basis.

**RESPONSE TO DOCUMENT REQUEST NO. 33:**

Udio objects to Request No. 33 because the term "used" is vague, ambiguous, and undefined. Udio further objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of this case. Udio further objects to this Request to the extent it seeks materials that are not relevant to any party's claims or defenses in this case.

Subject to the foregoing General and Specific Objections, Udio states that it will not produce documents in response to this Request.

**DOCUMENT REQUEST NO. 34:**

DOCUMENTS sufficient to identify the number of downloads or plays of OUTPUTS on a monthly basis.

**RESPONSE TO DOCUMENT REQUEST NO. 34:**

Udio objects to Request No. 37 as seeking materials that are not relevant to any party's claims or defenses in this case and not proportionally relevant to the needs of this case given Plaintiffs' statement that they "are not presently alleging that these outputs themselves infringe the Copyrighted Recordings." Compl. ¶ 51. Udio objects to Request No. 33 because the terms "downloads" and "plays" are vague, ambiguous, and undefined.

Subject to the foregoing General and Specific Objections, Udio states that it will not produce documents in response to this Request.

**DOCUMENT REQUEST NO. 35:**

ALL DOCUMENTS and COMMUNICATIONS RELATING TO USERS' ability to upload OUTPUTS to streaming music services (e.g., Spotify, Apple Music, and Soundcloud), including but not limited to the names and number of OUTPUTS uploaded to streaming services.

**RESPONSE TO DOCUMENT REQUEST NO. 35:**

Udio objects to Request No. 35 as seeking materials that are not relevant to any party's claims or defenses in this case and not proportionally relevant to the needs of this case given Plaintiffs' statement that they "are not presently alleging that these outputs themselves infringe the Copyrighted Recordings." Compl. ¶ 51. Udio objects to Request No. 35 because the terms "downloads" and "plays" are vague, ambiguous, and undefined. Udio further objects to this Request as seeking materials not in Udio's possession, custody, or control.

Subject to the foregoing General and Specific Objections, Udio states that it will not produce documents in response to this Request.

**DOCUMENT REQUEST NO. 36:**

ALL DOCUMENTS AND COMMUNICATIONS RELATING TO ANY decision to temporarily deactivate "Manual Mode" on YOUR AI SERVICE, including but not limited to the instance identified in paragraph 73 of the ANSWER.

**RESPONSE TO DOCUMENT REQUEST NO. 36:**

Udio objects to Request No. 36 as seeking materials that are not relevant to any party's claims or defenses in this case and not proportionally relevant to the needs of this case given Plaintiffs' statement that they "are not presently alleging that these outputs themselves infringe the Copyrighted Recordings." Compl. ¶ 51. Udio objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of this case because it seeks "ALL DOCUMENTS AND COMMUNICATIONS RELATING TO ANY decision to temporarily deactivate "Manual Mode" on YOUR AI SERVICE" when a subset would suffice. Udio further objects to this Request because the terms "decision" and "deactivate" are vague, ambiguous, and undefined. Udio further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, common-interest privilege, or any other applicable privilege or protection.

Subject to the foregoing General and Specific Objections, Udio states that it will not produce documents in response to this Request.

**DOCUMENT REQUEST NO. 37:**

ALL DOCUMENTS and COMMUNICATIONS RELATING TO the monetization or commercialization of OUTPUTS, including but not limited to the licensing or sampling thereof.

36

**RESPONSE TO DOCUMENT REQUEST NO. 37:**

Udio objects to Request No. 37 as seeking materials that are not relevant to any party's claims or defenses in this case and not proportionally relevant to the needs of this case given Plaintiffs' statement that they "are not presently alleging that these outputs themselves infringe the Copyrighted Recordings." Compl. ¶ 51. Udio objects to Request No. 39 because the terms "monetization," "commercialization," "licensing," and "sampling" are vague, ambiguous, and undefined. Udio further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, common-interest privilege, or any other applicable privilege or protection. Udio further objects to this Request as seeking documents not in Udio's possession, custody, or control.

Subject to the foregoing General and Specific Objections, Udio states that it will not produce documents in response to this Request.

**DOCUMENT REQUEST NO. 38:**

ALL DOCUMENTS and COMMUNICATIONS RELATING TO the market for OUTPUTS, including but not limited to ANY DOCUMENTS CONCERNING their potential competition with other SOUND RECORDINGS.

**RESPONSE TO DOCUMENT REQUEST NO. 38:**

Udio objects to Request No. 38 as seeking materials that are not relevant to any party's claims or defenses in this case and not proportionally relevant to the needs of this case given Plaintiffs' statement that they "are not presently alleging that these outputs themselves infringe the Copyrighted Recordings." Compl. ¶ 51. Udio further objects to Request No. 38 because the terms "market" and "potential competition" are vague, ambiguous, and undefined. Udio further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-

product doctrine, common-interest privilege, or any other applicable privilege or protection.  Udio further objects to this Request to the extent it seeks documents not in Udio's possession, custody, or control.  Udio also objects to this Request to the extent it is duplicative of Request No. 42.

Subject to the foregoing General and Specific Objections, Udio states that it will not produce documents in response to this Request.

## DOCUMENT REQUEST NO. 39:

ALL DOCUMENTS and COMMUNICATIONS RELATING TO YOUR AI SERVICE's subscription tiers, including but not limited to how many USERS are included in each subscription tier.

## RESPONSE TO DOCUMENT REQUEST NO. 39:

Udio objects to Request No. 39 as overly broad, unduly burdensome, and disproportionate to the needs of this case because it seeks "ALL DOCUMENTS and COMMUNICATIONS RELATING TO YOUR AI SERVICE's subscription tiers" when a subset would suffice.  Udio further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, common-interest privilege, or any other applicable privilege or protection.  Udio further objects to this Request to the extent it seeks documents publicly available or documents already in Plaintiffs' possession, custody, or control.  Udio also objects to this Request to the extent it is duplicative of Request No. 33.

Subject to the foregoing General and Specific Objections, Udio is willing to meet and confer regarding an appropriately narrow scope for this Request.

## DOCUMENT REQUEST NO. 40:

ALL DOCUMENTS and COMMUNICATIONS RELATING TO the market for YOUR AI SERVICE, including but not limited to ANY projections or forecasts.

**RESPONSE TO DOCUMENT REQUEST NO. 40:**

Udio objects to Request No. 42 because the terms "market," "projections," and "forecasts" are vague, ambiguous, and undefined. Udio further objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of this case because it seeks "ALL DOCUMENTS and COMMUNICATIONS RELATING TO the market for YOUR AI SERVICE" when a subset would suffice. Udio further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, common-interest privilege, or any other applicable privilege or protection. Udio further objects to this Request to the extent it seeks materials that are not relevant to any party's claims or defenses in this case.

Subject to the foregoing General and Specific Objections, Udio states that it will not produce documents in response to this Request.

**DOCUMENT REQUEST NO. 41:**

ALL DOCUMENTS and COMMUNICATIONS RELATING TO YOUR AI SERVICE's impact or effect on the music industry.

**RESPONSE TO DOCUMENT REQUEST NO. 41:**

Udio objects to Request No. 43 because the terms "impact or effect" and "music industry" are vague, ambiguous, and undefined. Udio further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, common-interest privilege, or any other applicable privilege or protection. Udio further objects to this Request to the extent it seeks documents not in Udio's possession, custody, or control. Udio further objects to this Request to the extent it seeks materials that are not relevant to any party's claims or defenses in this case.

Subject to the foregoing General and Specific Objections, Udio states that it will not produce documents in response to this Request.

**DOCUMENT REQUEST NO. 42:**

ALL DOCUMENTS and COMMUNICATIONS RELATING TO YOUR consideration of actual or potential legal, financial, or reputational risks RELATING TO YOUR AI SERVICE.

**RESPONSE TO DOCUMENT REQUEST NO. 42:**

Udio objects to Request No. 42 because the terms "actual or potential legal, financial, or reputational risks" are vague, ambiguous, and undefined. Udio further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, common-interest privilege, or any other applicable privilege or protection. Udio further objects to this Request to the extent it seeks documents not in Udio's possession, custody, or control. Udio further objects to this Request to the extent it seeks materials that are not relevant to any party's claims or defenses in this case.

Subject to the foregoing General and Specific Objections, Udio states that it will not produce documents in response to this Request.

**DOCUMENT REQUEST NO. 43:**

DOCUMENTS sufficient to identify and describe UDIO's corporate organizational structure, including DOCUMENTS sufficient to show UDIO's board of directors, parent companies, subsidiaries, affiliates, departments, and divisions.

**RESPONSE TO DOCUMENT REQUEST NO. 43:**

Udio objects to Request No. 43 to the extent it seeks materials that are not relevant to any party's claims or defenses in this case.

Subject to the foregoing General and Specific Objections, Udio is willing to meet and confer regarding an appropriately narrow scope for this Request.

**DOCUMENT REQUEST NO. 44:**

ALL DOCUMENTS and COMMUNICATIONS RELATING TO the minutes from YOUR board meetings, including those concerning issues RELATED TO compliance with intellectual property laws, YOUR TRAINING DATA, and YOUR business strategy related to YOUR OUTPUTS.

**RESPONSE TO DOCUMENT REQUEST NO. 44:**

Udio objects to Request No. 44 because the terms "compliance," "intellectual property laws," and "business strategy" are vague, ambiguous, and undefined. Udio further objects to this Request as overly broad, unduly burdensome, and not proportionally relevant to the needs of this case, including for the reasons provided within Udio's stated objections, above, to the defined terms contained in Request No. 44, and because this request is not appropriately limited to the intellectual property claims asserted in the Complaint. Udio relatedly objects on relevance and proportionality grounds because output is of limited relevance to this dispute given Plaintiffs' statement that they "are not presently alleging that these outputs themselves infringe the Copyrighted Recordings." Compl. ¶ 51. Udio further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, common-interest privilege, or any other applicable privilege or protection. Udio also objects to this Request to the extent it seeks a legal conclusion. Udio further objects to this Request to the extent it seeks materials that are not relevant to any party's claims or defenses in this case.

Subject to the foregoing General and Specific Objections, Udio states that it will not produce documents in response to this Request.

**DOCUMENT REQUEST NO. 45:**

DOCUMENTS sufficient to identify all PERSONS who invested in or financially backed UDIO.

**RESPONSE TO DOCUMENT REQUEST NO. 45:**

Udio further objects to Request No. 45 on the grounds that it seeks materials that are not relevant to any party's claims or defenses in this case. Udio further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, common-interest privilege, or any other applicable privilege or protection. Udio further objects to this Request to the extent it seeks documents not in Udio's possession, custody, or control. Udio also objects to this Request to the extent it is duplicative of Request No. 48.

Subject to the foregoing General and Specific Objections, Udio states that it will not produce documents in response to this Request.

**DOCUMENT REQUEST NO. 46:**

ALL DOCUMENTS and COMMUNICATIONS between YOU and ANY investors, venture capital backers, seed funders, or any other potential investors in UDIO, including but not limited to Andreessen Horowitz (a16z), Steve Stoute's UnitedMasters, will.I.am, Common, Tay Keith, Kevin Wall, Mike Krieger, and Oriol Vinyals.

**RESPONSE TO DOCUMENT REQUEST NO. 46:**

Udio objects to Request No. 48 because the terms "investors, venture capital backers, seed funders, or any other potential investors" are vague, ambiguous, and undefined. Udio further objects this Request on the grounds that it seeks materials that are not relevant to any party's claims or defenses in this case. In the least, this Request as overly broad, unduly burdensome, and not proportionally relevant to the needs of this case, including because it seeks "ALL DOCUMENTS and COMMUNICATIONS between YOU and ANY investors, venture capital backers, seed

funders, or any other potential investors in UDIO" when a subset would suffice. Udio further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, common-interest privilege, or any other applicable privilege or protection. Udio further objects to this Request to the extent it seeks documents not in Udio's possession, custody, or control. Udio also objects to this Request to the extent it is duplicative of Request Nos. 47 and 49. Udio further objects to this Request to the extent it seeks materials that are not relevant to any party's claims or defenses in this case.

Subject to the foregoing General and Specific Objections, Udio states that it will not produce documents in response to this Request.

**DOCUMENT REQUEST NO. 47:**

ALL DOCUMENTS and COMMUNICATIONS RELATING TO investor presentations and meetings, including but not limited to pitch decks to investors and potential investors.

**RESPONSE TO DOCUMENT REQUEST NO. 47:**

Udio objects to Request No. 49 because the terms "investor presentations and meetings," "pitch decks," and "investors and potential investors" are vague, ambiguous, and undefined. Udio further objects to this Request on the grounds that it seeks materials that are not relevant to any party's claims or defenses in this case. In the least, the Request is overly broad, unduly burdensome, and not proportionally relevant to the needs of this case, including because it seeks "ALL DOCUMENTS and COMMUNICATIONS RELATING TO investor presentations and meetings" when a subset would suffice. Udio further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, common-interest privilege, or any other applicable privilege or protection. Udio also objects to this Request to the extent it is duplicative of Request No. 46.

Subject to the foregoing General and Specific Objections, Udio states that it will not produce documents in response to this Request.

**DOCUMENT REQUEST NO. 48:**

DOCUMENTS sufficient to show YOUR funding and financing.

**RESPONSE TO DOCUMENT REQUEST NO. 48:**

Udio further objects to Request No. 50 on the grounds that it seeks materials that are not relevant to any party's claims or defenses in this case. Udio further objects to this Request because the terms "funding" and "financing" are vague, ambiguous, and undefined. Udio further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, common-interest privilege, or any other applicable privilege or protection. Udio also objects to this Request to the extent it is duplicative of Request No. 45. Udio further objects to this Request to the extent it seeks materials that are not relevant to any party's claims or defenses in this case.

Subject to the foregoing General and Specific Objections, Udio states that it will not produce documents in response to this Request.

**DOCUMENT REQUEST NO. 49:**

ALL DOCUMENTS and COMMUNICATIONS RELATING TO YOUR demonstration of "the product to musicians and producers across the music industry," as referenced on page 3 of the ANSWER.

**RESPONSE TO DOCUMENT REQUEST NO. 49:**

Udio objects to Request No. 49 as overly broad, unduly burdensome, and disproportionate to the needs of this case, including because it seeks "ALL DOCUMENTS and COMMUNICATIONS RELATED TO YOUR demonstration of the product to musicians and

44

producers across the music industry," when a subset would suffice. Udio also objects to this Request to the extent it seeks documents publicly available, already in Plaintiffs' possession, custody, or control, and/or documents not in Udio's possession, custody, or control. Udio also objects to this Request to the extent it is duplicative of Request No. 46.

Subject to the foregoing Specific and General Objections, Udio is willing to meet and confer regarding an appropriately narrow scope for this Request.

**DOCUMENT REQUEST NO. 50:**

ALL DOCUMENTS and COMMUNICATIONS RELATING TO YOUR "advisory partnerships with leading artists and producers," as reference on pages 3 and 4 of the ANSWER.

**RESPONSE TO DOCUMENT REQUEST NO. 50:**

Udio objects to Request No. 50 as overly broad, unduly burdensome, and disproportionate to the needs of this case, including because it seeks "ALL DOCUMENTS and COMMUNICATIONS RELATED TO YOUR advisory partnerships with leading artists and producers," when a subset would suffice. Udio also objects to this Request to the extent it seeks documents publicly available, already in Plaintiffs' possession, custody, or control, and/or documents not in Udio's possession, custody, or control. Udio further objects to this Request to the extent it seeks documents not in Udio's possession, custody, or control. Udio also objects to this Request to the extent it is duplicative of Request No. 51.

Subject to the foregoing General and Specific Objections, Udio states that it will not produce documents in response to this Request.

45

**DOCUMENT REQUEST NO. 51:**

ALL DOCUMENTS and COMMUNICATIONS RELATING TO YOUR actual or potential "symbiotic relationships with key stakeholders in the industry," as referenced on page 4 of the ANSWER.

**RESPONSE TO DOCUMENT REQUEST NO. 51:**

Udio objects to Request No. 51 as overly broad, unduly burdensome, and disproportionate to the needs of this case, including because it seeks "ALL DOCUMENTS and COMMUNICATIONS RELATED TO YOUR actual or potential symbiotic relationships with key stakeholders in the industry," when a subset would suffice. Udio also objects to this Request to the extent it seeks documents publicly available, already in Plaintiffs' possession, custody, or control, and/or documents not in Udio's possession, custody, or control. Udio further objects to this Request to the extent it seeks documents not in Udio's possession, custody, or control. Udio also objects to this Request to the extent it is duplicative of Request No. 50.

Subject to the foregoing General and Specific Objections, Udio states that it will not produce documents in response to this Request.

**DOCUMENT REQUEST NO. 52:**

ALL DOCUMENTS and COMMUNICATIONS RELATING TO YOUR allegation on page 11 of the ANSWER that music labels "have sought to impose deal terms on a broad array of licensees."

**RESPONSE TO DOCUMENT REQUEST NO. 52:**

Udio objects to Request No. 52 on the grounds that it is a premature contention request. Udio further objects to this Request to the extent it seeks documents already in Plaintiffs' possession, custody, or control. Udio further objects to this Request to the extent it seeks

documents not in Udio's possession, custody, or control. Udio further objects to this Request to the extent it seeks information protected by Udio's attorney-client privilege, work-product doctrine, common-interest privilege, or any other applicable privilege or protection.

Subject to the foregoing General and Specific Objections, Udio states that it will not produce documents in response to this Request.

**DOCUMENT REQUEST NO. 53:**

ALL DOCUMENTS and COMMUNICATIONS RELATING TO YOUR allegation on pages 11 and 12 of the ANSWER that music labels "have responded to outreach from potential commercial counterparties by engaging in one or more concerted refusals to deal."

**RESPONSE TO DOCUMENT REQUEST NO. 53:**

Udio objects to Request No. 52 on the grounds that it is a premature contention request. Udio further objects to this Request to the extent it seeks documents already in Plaintiffs' possession, custody, or control. Udio further objects to this Request to the extent it seeks documents not in Udio's possession, custody, or control. Udio further objects to this Request to the extent it seeks information protected by Udio's attorney-client privilege, work-product doctrine, common-interest privilege, or any other applicable privilege or protection.

Subject to the foregoing General and Specific Objections, Udio states that it will not produce documents in response to this Request.

**DOCUMENT REQUEST NO. 54:**

ALL DOCUMENTS and COMMUNICATIONS referenced directly or indirectly in the ANSWER.

**RESPONSE TO DOCUMENT REQUEST NO. 54:**

Udio objects to Request No. 53 because the term "referenced . . . indirectly" is vague, ambiguous, and undefined, and may effectively render this Request a premature contention request. Udio further objects to this Request to the extent it seeks information protected by Udio's attorney-client privilege, work-product doctrine, common-interest privilege, or any other applicable privilege or protection. Udio further objects to this Request to the extent it seeks documents publicly available or documents already in Plaintiffs' possession, custody, or control. Udio further objects to this Request to the extent it seeks documents not in Udio's possession, custody, or control.

Subject to the foregoing General and Specific Objections, Udio states that it will not produce documents in response to this Request.

**DOCUMENT REQUEST NO. 55:**

ALL DOCUMENTS and COMMUNICATIONS that support ANY of YOUR defenses to the allegations in the COMPLAINT.

**RESPONSE TO DOCUMENT REQUEST NO. 55:**

Udio objects to Request No. 54 on the grounds that it is a premature contention request. Udio further objects to this Request to the extent it seeks documents already in Plaintiffs' possession, custody, or control. Udio further objects to this Request to the extent it seeks documents not in Udio's possession, custody, or control. Udio further objects to this Request to the extent it seeks information protected by Udio's attorney-client privilege, work-product doctrine, common-interest privilege, or any other applicable privilege or protection.

Subject to the foregoing General and Specific Objections, Udio states that it will not produce documents in response to this Request.

48

Dated: September 20, 2024                    Respectfully submitted,

_____

Steven N. Feldman
Nathan Taylor
Latham & Watkins LLP
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
steve.feldman@lw.com
nathan.taylor@lw.com

Andrew M. Gass (*pro hac vice*)
Brittany N. Lovejoy (*pro hac vice*)
Latham & Watkins LLP
505 Montgomery Street
Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
andrew.gass@lw.com
brittany.lovejoy@lw.com

Sarang V. Damle
Latham & Watkins LLP
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004-1304
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
sy.damle@lw.com

*Counsel for Defendant Uncharted Labs, Inc.,*
*d/b/a Udio.com*

49

Alex Spiro
Andrew H. Schapiro
Jessica A. Rose
Todd Anten
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
alexspiro@quinnemanuel.com
andrewschapiro@quinnemanuel.com
jessicarose@quinnemanuel.com
toddanten@quinnemanuel.com

*Counsel for Defendant Uncharted Labs, Inc.,
d/b/a Udio.com*