# EXHIBIT I

# Mariah Rivera

| | |
|---|---|
| **From:** | Britt.Lovejoy@lw.com |
| **Sent:** | Thursday, October 31, 2024 7:33 PM |
| **To:** | Mariah Rivera; Andrew.Gass@lw.com; Steve.Feldman@lw.com; andrewschapiro@quinnemanuel.com; jessicarose@quinnemanuel.com |
| **Cc:** | Moez M. Kaba; Rajan Trehan; Alexander Perry; Katharine Ross |
| **Subject:** | RE: UMG Recordings, Inc. et al. v. Uncharted Labs, Inc., d/b/a Udio.com et al., No. 1:24-cv-04777 (AKH) |

Counsel:

We sent our positions over two weeks ago. Your demand that we now respond within 48 hours is completely unreasonable.

In any event, we are writing with an initial reaction—and will follow with a more fulsome response by early next week.

Udio stands on its objections and waives none. However, we'd like to offer a compromise that should globally resolve the parties' dispute regarding RFAs, Plaintiffs' burdensome demand for production of Udio's training data, and Plaintiffs' overbroad requests for, *inter alia*, "all documents and communications" concerning Udio's training data (*see* RFP Nos. 2, 3, 8, 9, 12, 17).

In an effort to resolve these disputes without imposing discovery briefing on the parties and the Court, Udio would be open to exploring a stipulation that the asserted sound recordings contained in Exhibit A are among its training data—conditioned upon resolution of the disputes identified above. Such a stipulation should more than answer Plaintiffs' RFAs, obviate the need for a technically burdensome production or inspection of Udio's training data, and moot Plaintiffs' demand for every document and communication related to Udio's efforts to train its model. If you have a contrary view, please state its basis.

Udio remains willing to negotiate an appropriate scope of discovery concerning the technical aspects of its training process—*i.e.*, how its model learns from the sound recordings in its training data. To that end, insofar as the parties are able to address Plaintiffs' presently overbroad training data requests by stipulation, Udio may be willing to revisit its position on requests like RFP No. 6—though Udio expects that the best way for Plaintiffs to understand how its model works is by inspecting its source code and deposing the individuals who created the model. Udio will not, however, be producing "ALL DOCUMENTS and COMMUNICATIONS CONCERNING [its] AI MODEL"—or anything like it. RFP No. 3. A demand for effectively every document and communication in Udio's possession is patently overbroad, unduly burdensome, and not proportional to the needs of the case.

Regards,

Britt


**Britt Lovejoy**

**LATHAM & WATKINS LLP**
505 Montgomery Street | Suite 2000 | San Francisco, CA 94111-6538
D: +1.415.646.8329 | M: +1.510.366.1829

---

**From:** Mariah Rivera <mrivera@hueston.com>
**Sent:** Tuesday, October 29, 2024 9:55 AM
**To:** Lovejoy, Britt (Bay Area) <Britt.Lovejoy@lw.com>; Gass, Andrew (Bay Area) <Andrew.Gass@lw.com>; Feldman, Steve (NY-LA) <Steve.Feldman@lw.com>; andrewschapiro@quinnemanuel.com; jessicarose@quinnemanuel.com
**Cc:** Moez M. Kaba <mkaba@hueston.com>; Rajan Trehan <rtrehan@hueston.com>; Alexander Perry

1