# EXHIBIT K

**Mariah Rivera**

| | |
|---|---|
| **From:** | Britt.Lovejoy@lw.com |
| **Sent:** | Friday, November 22, 2024 2:42 AM |
| **To:** | Mariah Rivera; Moez M. Kaba; Rajan Trehan; Alexander Perry; Katharine Ross |
| **Cc:** | Andrew.Gass@lw.com; Steve.Feldman@lw.com; andrewschapiro@quinnemanuel.com; jessicarose@quinnemanuel.com; Grace.McLaughlin@lw.com; Lydia.Franzek@lw.com |
| **Subject:** | RE: UMG Recordings, Inc. et al. v. Uncharted Labs, Inc., d/b/a Udio.com et al., No. 1:24-cv-04777 (AKH) |

Mariah:

With respect to the production of training data, I explained to you that the data is petabytes in size—the equivalent of a thousand or more hard-drives. There is no production media that supports that volume of data.

As to Plaintiffs' broad requests for "all documents and communications" related to Udio's training data, we've offered to explore a stipulation that the asserted works are in suit and provide documents sufficient to show Udio's training process—as well as consider even broader discovery with respect to technical aspects of that process. In the alternative, we've offered an inspection of Udio's training data, together with the same document discovery offers. We've also offered an inspection of Udio's source code. The sum of Plaintiffs' requests amount to an effective demand for every document and communication about Udio's model development. You have never explained why such breadth is proportional to the needs of the case.

Regarding the discovery start date, I can confirm that we are aware of no relevant or responsive documents or communications that pre-date July 2023.

As to your other questions:

- **RFP 6**: The Answer's statement that Udio "use[s] existing sound recordings as data to mine and analyze for the purpose of identifying patterns in the sounds of various musical styles" refers to the back-end technical process by which the model derives information from sound recordings. As such, we will produce all documents and communications related to that process. We are not intending to limit the RFP; that is the information that is responsive to the RFP.

- **RFP 11**: We agree to produce non-privileged documents and communications related to Udio's stated belief in its Answer, to the extent such documents exist.

- **RFP 21**: We are in agreement.

With respect to your proposed briefing schedule, we propose 7 days to respond. We are amenable to 2 days for the moving party's review and further edits (though would be open to 3 if you prefer that). Insofar as a moving party adds new *affirmative* arguments on that turn (e.g., an argument not directly *responsive* to a point made by the non-moving party), the non-moving party should have an opportunity to respond to that addition.

Finally, please find additional responsive positions below. We are endeavoring to get a response from our client as soon as possible (hopefully tomorrow) on the open items.

Regards,

Britt

| RFP Number | RFP | Udio Position as of 11/11 | Plaintiffs' Position as of 11/20 | Udio Position as of 11/21 |
|---|---|---|---|---|
| Udio RFP 4 | ALL DOCUMENTS and COMMUNICATIONS RELATING TO the OUTPUTS cited in the COMPLAINT, including without limitation those CONCERNING YOUR decision to remove or delete such OUTPUTS. | As we articulated at the M&C, we believe model output is of limited relevance to this suit given that Plaintiffs have expressly disclaimed an infringement claim related to output.  Further, Udio has represented that it does not intend to rely on the output cited in the Complaint except as may be necessary to establish the existence of the asserted works in the training data—which should be unlikely given the alternative methods of proof Udio has offered.

Without waiving its objections, Udio agrees to produce responsive, non-privileged documents and communications, to the extent they exist and to the extent that such production will not violate the Stored Communications Act.

This offer is conditional on Plaintiffs' agreement that it will produce discovery in response to Udio's RFP Nos. 14-23. | Plaintiffs cannot agree to the condition attached to your offer.  You are misrepresenting our position regarding the use of outputs.  Moreover, the respective requests are not interconnected in any way.  As we explained during the meet and confer, documents and communications relating to Udio's outputs are directly relevant to your fair use defense.  Specifically, the outputs must be examined when evaluating the first and fourth fair use factors, including (i) the purpose and character of Udio's use of the sound recordings; (ii) whether Udio's use can be fairly characterized as "transformative"; and (iii) the impact of the outputs on the market for copyrighted sound recordings.  If you are unwilling to drop the condition, we intend to include this request in our motion to compel. | Temporarily setting aside our legal disputes on the appropriate application of the fair use defense in this case, if the outputs identified in the Complaint are relevant to this litigation, then they are relevant for both parties.  Discovery cannot be a one- way street.  Please identify whether you intend to stand on any relevance objections with respect to Udio's RFPs related to the outputs cited in the Complaint. |

| RFP Number | RFP | Udio Position as of 11/11 | Plaintiffs' Position as of 11/20 | Udio Position as of 11/21 |
|---|---|---|---|---|
| Udio RFP 5 | ALL DOCUMENTS AND COMMUNICATIONS RELATING TO OUTPUTS that YOU have removed from YOUR AI SERVICE, including but not limited to DOCUMENTS RELATING TO the reasons for ANY such removal and any policies, protocols, or procedures concerning the removal of OUTPUTS. | As we articulated at the M&C, we believe model output is of limited relevance to this suit given that Plaintiffs have expressly disclaimed an infringement claim related to output.<br><br>Without waiving its objections, Udio agrees to produce non-privileged documents and communications relating to the removal of outputs in response to copyright infringement claims, to the extent such documents exist.<br><br>Without waiving its objections, Udio further agrees to produce documents sufficient to show its policies, protocols, or procedures relating to the removal of outputs in response to copyright infringement claims, to the extent such documents exist. | This is insufficient. We cannot agree to limit the responsive documents and communications to those that relate to the removal of outputs "in response to copyright infringement claims." We are entitled to documents and communications relating to outputs that Udio has removed, regardless of whether a formal complaint or claim was ever filed. Further, your proposal to produce documents "sufficient to show" is insufficient for the reasons we have previously discussed. Plaintiffs are entitled to discovery of all relevant documents, not just the documents that you believe are sufficient for litigating our case. *See Schiller v. City of N.Y.*, 2007 WL 1461378, at *3 n.3 (S.D.N.Y. May 18, 2007) ("The plaintiffs are entitled to all relevant documents, not merely an allegedly representative sample chosen by the defendants."). We intend to include this request in our motion to compel. | I think we have a miscommunication. We do not intend to limit our response to copyright claims where a complaint was filed. We mean only to limit our response to removals related to accusations of copyright infringement (whether they resulted in a formal complaint or not), to the extent such documents and communications exist.<br><br>In the interest of compromise, we are willing to produce all non-privileged documents related to its policies, protocols, and procedures related to the same, to the extent such documents and communications exist. |

| Udio RFP 19 | ALL DOCUMENTS and COMMUNICATIONS RELATING TO YOUR AI MODEL's creation, whether intentional or not, of OUTPUTS that copy, mimic, imitate, simulate, contain, replicate, or resemble any aspects or elements of SOUND RECORDINGS included in YOUR TRAINING DATA. | As we articulated at the M&C, we believe model output is of limited relevance to this suit given that Plaintiffs have expressly disclaimed an infringement claim related to output.

Additionally, we maintain that this request is inappropriate insofar as it would require Udio to conduct a comparative analysis of output or draw a legal conclusion with respect to the same.  And the request is overbroad insofar as it requires Udio to provide information about output that simply "resembles" aspects of existing music in the world—regardless of whether that output would give rise to an infringement claim.  For example, it is unclear why output that shares an unprotectable rhythm with an existing sound recording, particularly an unasserted sound recording, has any relevance to this case.

Udio refuses to produce documents in response to this request. | As we explained during the meet and confer, documents and communications relating to Udio's outputs are directly relevant to your fair use defense.  Specifically, the outputs must be examined when evaluating the first and fourth fair use factors, including (i) the purpose and character of Udio's use of the sound recordings; (ii) whether Udio's use can be fairly characterized as "transformative"; and (iii) the impact of the outputs on the market for copyrighted sound recordings.  These are central issues in this case, and, as demonstrated by Udio's Answer, you intend on focusing on the outputs as well.  *See* Answer at 1–2 ("[W]hat Udio has done— use existing sound recordings as data to mine and analyze for the purpose of identifying patterns in the sounds of various musical styles, all ***to enable people to make their own new creations***— is a quintessential 'fair use' under copyright law.").  Plaintiffs therefore require discovery into your outputs, especially those that copy or mimic copyrighted sound recordings.  There is no need for any "comparative analysis" or "legal conclusion[s]."  The parties will negotiate appropriate search terms that will identify responsive documents.  If you continue to refuse to | Temporarily setting aside our disagreement with respect to relevance and the manner in which the fair use defense applies to the facts of this case, Plaintiffs' request remains vague, ambiguous, and overbroad.

We do not understand what types of outputs you expect would fall within the scope of your demand for all documents and communications related to outputs that "copy or mimic sound recordings"—let alone how we would search for them.  We are not sure that those issues can be resolved by search terms, unless you have a specific concept in mind.

As explained in our Answer, the output of Udio's generative AI model is not a "copy" of any piece of a pre-existing sound recording, and so there would be no such responsive documents or communications.  You are free to test that proposition through your investigation of Udio's source code.

With respect to outputs that "mimic" existing sound recordings, can you explain what you mean by "mimic" and how you suggest Udio identify such outputs or related documents and communications, to the extent they exist?

We are amenable to crafting a workable solution here, but we need to better understand what you are demanding. |

| | | | produce documents, <u>we intend to include this request in our motion to compel.</u> | |
|---|---|---|---|---|

| Udio RFP 20 | ALL DOCUMENTS and COMMUNICATIONS RELATING TO YOUR efforts to enable YOUR AI SERVICE to create OUTPUTS that copy, imitate, simulate, or resemble music created by humans. | As we articulated at the M&C, we believe model output is of limited relevance to this suit given that Plaintiffs have expressly disclaimed an infringement claim related to output.<br><br>Additionally, we maintain that this request is inappropriate insofar as it would require Udio to conduct a comparative analysis of output or draw a legal conclusion with respect to the same. And the request is overbroad insofar as it requires Udio to provide information about all output that simply "resembles" music "created by humans."<br><br>Udio refuses to produce documents in response to this request. | As we explained during the meet and confer, documents and communications relating to Udio's outputs are directly relevant to your fair use defense. Specifically, the outputs must be examined when evaluating the first and fourth fair use factors, including (i) the purpose and character of Udio's use of the sound recordings; (ii) whether Udio's use can be fairly characterized as "transformative"; and (iii) the impact of the outputs on the market for copyrighted sound recordings. These are central issues in this case, and, as demonstrated by Udio's Answer, you intend on focusing on the outputs as well. *See* Answer at 1–2 ("[W]hat Udio has done— use existing sound recordings as data to mine and analyze for the purpose of identifying patterns in the sounds of various musical styles, all ***to enable people to make their own new creations***— is a quintessential 'fair use' under copyright law."). Plaintiffs therefore require discovery into your outputs, especially those that copy or mimic copyrighted sound recordings. There is no need for any "comparative analysis" or "legal conclusion[s]." The parties will negotiate appropriate search terms that will identify responsive documents. If you continue to refuse to | This RFP suffers from the same issues as RFP 19—but is even more problematic.<br><br>Temporarily setting aside our disagreement with respect to relevance and the manner in which the fair use defense applies to the facts of this case, Plaintiffs' request remains vague, ambiguous, and overbroad.<br><br>We do not understand what types of outputs you expect would fall within the scope of your demand for all documents and communications related to outputs that "copy, imitate, simulate, or resemble music created by humans"—let alone how we would search for them. Insofar as you are demanding all documents and communications related to Udio's efforts to create a model that outputs music, how would that not be nearly every document and communication in Udio's possession?<br><br>We are amenable to crafting a workable solution here, but the answer cannot be that Udio produces all documents and communications about its business, or every single output of its model. That would render Plaintiffs' request irrelevant, overbroad, and not proportional to the needs of the case. |

| | | | produce documents, <u>we intend to include this request in our motion to compel.</u> | |
|---|---|---|---|---|

| RFP Number | RFP | Udio Position as of 11/11 | Plaintiffs' Position as of 11/20 | Udio Position as of 11/21 |
|---|---|---|---|---|
| Udio RFP 22 | ALL DOCUMENTS and COMMUNICATIONS RELATING TO whether OUTPUTS are subject to copyright or other intellectual property protection. | As we articulated at the M&C, we believe model output is of limited relevance to this suit given that Plaintiffs have expressly disclaimed an infringement claim related to output.<br><br>Additionally, as articulated at the M&C, discovery related to matters outside of copyright law is irrelevant to this action.<br><br>In an effort to avoid burdening the Court with this dispute, however, Udio investigated and reports that there are no non-privileged documents in its possession responsive to this request. | Plaintiffs expect Udio's representation that there are no responsive documents to be confirmed in amended responses. | Agreed. |

| RFP Number | RFP | Udio Position as of 11/11 | Plaintiffs' Position as of 11/20 | Udio Position as of 11/21 |
|---|---|---|---|---|
| Udio RFP 26 | ALL DOCUMENTS and COMMUNICATIONS RELATED TO YOUR TERMS OF SERVICE, including ALL drafts and versions thereof. | As we explained at the M&C, we believe that the terms of service are of limited or no relevance to this suit.<br><br>Without waiving its objections, Udio agrees to produce all published versions of its Terms of Service. | This is insufficient. Numerous sections of Udio's Terms of Service are potentially relevant to this litigation, including but not limited to Section 1 (Overview of Services), Section 5 (Rights We Grant You), Section 6 (Ownership and Content) and Section 8 (Disclaimers, Limitations of Liability and Indemnification).  As just one example, Section 6.3 of Udio's Terms of Service expressly authorized the use of its outputs for both personal and commercial purposes. *See* Compl. ¶ 85.  We are entitled to all documents and communications related to Udio's Terms of Service, and you have not provided any legitimate reason to limit the scope of the production.  We intend to include this request in our motion to compel. | You have pointed to sections of our Terms of Service but do not explain why those provisions have any relevance to this litigation.<br><br>We have a dispute on the merits here, but we also do not believe that any non-privileged responsive documents exist.  We are confirming with our client. |

| RFP Number | RFP | Udio Position as of 11/11 | Plaintiffs' Position as of 11/20 | Udio Position as of 11/21 |
|---|---|---|---|---|
| Udio RFP 27 | ALL DOCUMENTS and COMMUNICATIONS RELATING TO YOUR policy authorizing USERS to "use outputs for both personal and commercial purposes," as provided in § 6.3 of YOUR TERMS OF SERVICE. | As we articulated at the M&C, we believe model output is of limited relevance to this suit given that Plaintiffs have expressly disclaimed an infringement claim related to output.<br><br>Additionally, as we explained at the M&C, we believe that the terms of service are of limited or no relevance to this suit.<br><br>Without waiving its objections, Udio agrees to produce all published versions of its Terms of Service. Udio does not believe that there are any other responsive, non-privileged documents or communications in its possession relating to this request. | If Udio confirms in amended responses that there are no responsive documents outside of the published Terms of Service, we will accept your proposal. | Agreed. |

| RFP Number | RFP | Udio Position as of 11/11 | Plaintiffs' Position as of 11/20 | Udio Position as of 11/21 |
|---|---|---|---|---|
| Udio RFP 28 | All DOCUMENTS AND COMMUNICATIONS RELATING TO measures that YOU have considered, developed, or implemented to limit YOUR AI SERVICE's creation of OUTPUTS, including but not limited to the "filters" referenced on page 3 of the ANSWER. | As we articulated at the M&C, we believe model output is of limited relevance to this suit given that Plaintiffs have expressly disclaimed an infringement claim related to output.

Without waiving its objections, Udio agrees to produce non-privileged documents sufficient to show any technical measures it considered, developed, or implemented that relate to copyright considerations. | Your proposal to produce documents "sufficient to show" is insufficient for the reasons we have previously discussed.  Plaintiffs are entitled to discovery of all relevant documents, not just the documents that you believe are sufficient for litigating our case.  *See Schiller v. City of N.Y.*, 2007 WL 1461378, at *3 n.3 (S.D.N.Y. May 18, 2007) ("The plaintiffs are entitled to all relevant documents, not merely an allegedly representative sample chosen by the defendants.").  We intend to include this request in our motion to compel. | We believe Udio may be amenable to agreement here.  We will confirm an circle back. |
| Udio RFP 29 | ALL DOCUMENTS and COMMUNICATIONS RELATING TO YOUR efforts to market, promote, or otherwise publicize YOUR AI SERVICE or OUTPUTS. | As we articulated at the M&C, we believe model output is of limited relevance to this suit given that Plaintiffs have expressly disclaimed an infringement claim related to output.

We also maintain that this request is unduly burdensome and not proportional to the needs of the case.

Without waiving its objections, Udio agrees to produce documents sufficient to show in response to this request. | Plaintiffs propose amending this request to:

ALL DOCUMENTS and COMMUNICATIONS RELATING TO the marketing of YOUR AI SERVICE or OUTPUTS.

These documents are relevant to evaluating Udio's fair use defense.  Please confirm whether you will produce all documents and communications responsive to this narrowed request. | We are discussing with Udio and will circle back. |

| RFP Number | RFP | Udio Position as of 11/11 | Plaintiffs' Position as of 11/20 | Udio Position as of 11/21 |
|---|---|---|---|---|
| | | | | |
| Udio RFP 31 | ALL DOCUMENTS and COMMUNICATIONS RELATING TO how YOU intended, expected, or predicted that USERS would use YOUR AI SERVICE, including but not limited to ALL DOCUMENTS AND COMMUNICATIONS RELATING TO ANY perceived or observed deviation from YOUR intentions, expectations, or predictions. | As explained at the M&C, this request is vague, ambiguous, and generally unclear.<br><br>Without waiving its objections, Udio agrees to produce documents in response to this request, subject to the parties' agreement on reasonable search terms. | The parties are in agreement. | |

| RFP Number | RFP | Udio Position as of 11/11 | Plaintiffs' Position as of 11/20 | Udio Position as of 11/21 |
|---|---|---|---|---|
| Udio RFP 32 | DOCUMENTS sufficient to identify the number of OUTPUTS that have been generated by YOUR AI MODEL on a monthly basis. | As we articulated at the M&C, we believe model output is of limited relevance to this suit given that Plaintiffs have expressly disclaimed an infringement claim related to output.<br><br>Without waiving its objections, Udio agrees to produce documents sufficient to show in response to this request. | The parties are in agreement. | |
| Udio RFP 34 | DOCUMENTS sufficient to identify the number of downloads or plays of OUTPUTS on a monthly basis. | As we articulated at the M&C, we believe model output is of limited relevance to this suit given that Plaintiffs have expressly disclaimed an infringement claim related to output.<br><br>Without waiving its objections, Udio agrees to produce such documents sufficient to show in response to this request. | The parties are in agreement. | |

| RFP Number | RFP | Udio Position as of 11/11 | Plaintiffs' Position as of 11/20 | Udio Position as of 11/21 |
|---|---|---|---|---|
| Udio RFP 35 | ALL DOCUMENTS and COMMUNICATIONS RELATING TO USERS' ability to upload OUTPUTS to streaming music services (e.g., Spotify, Apple Music, and Soundcloud), including but not limited to the names and number of OUTPUTS uploaded to streaming services. | As we articulated at the M&C, we believe model output is of limited relevance to this suit given that Plaintiffs have expressly disclaimed an infringement claim related to output.<br><br>Udio also objects that such documents or data would not be in its custody or control.<br><br>Udio cannot produce documents in response to this request as written, but is willing to further meet and confer to discuss what documents or communications Plaintiffs are seeking that might be an appropriate subject of discovery and in Udio's possession. | It is unclear why you believe that you cannot produce documents in response to this request as written.  Any concern regarding scope or ambiguity can be dealt with when the parties negotiate search terms.<br><br>In the interest of resolving this dispute without court intervention, Plaintiffs are willing to meet and confer again to discuss your objection.  But we expect you to be prepared to articulate exactly what you are willing to produce in response to this request.  <u>Please let us know if you are available for a call on Tuesday, November 26.</u> | We are available to discuss on Tuesday, November 26 after 2:30 pm PT. |

14

| RFP Number | RFP | Udio Position as of 11/11 | Plaintiffs' Position as of 11/20 | Udio Position as of 11/21 |
|---|---|---|---|---|
| Udio RFP 36 | ALL DOCUMENTS AND COMMUNICATIONS RELATING TO ANY decision to temporarily deactivate "Manual Mode" on YOUR AI SERVICE, including but not limited to the instance identified in paragraph 73 of the ANSWER. | As we articulated at the M&C, we believe model output is of limited relevance to this suit given that Plaintiffs have expressly disclaimed an infringement claim related to output.<br><br>Udio refuses to produce documents in response to this request. | As demonstrated by the allegations within the Complaint, your deactivation of "Manual Mode" is directly related to consumers identifying outputs that mimic copyrighted sound recordings and real artists. *See* Compl. ¶¶ 69-73. Responsive documents and communications related to this decision are therefore relevant to showing that Udio copied Plaintiffs' sound recordings, has made some effort to conceal that fact, Udio's willfulness, and Plaintiffs' damages. <u>We intend to include this request in our motion to compel.</u> | We may be amenable to agreement here; we are discussing with Udio and will circle back. |

| RFP Number | RFP | Udio Position as of 11/11 | Plaintiffs' Position as of 11/20 | Udio Position as of 11/21 |
|---|---|---|---|---|
| Udio RFP 37 | ALL DOCUMENTS and COMMUNICATIONS RELATING TO the monetization or commercialization of OUTPUTS, including but not limited to the licensing or sampling thereof. | As we articulated at the M&C, we believe model output is of limited relevance to this suit given that Plaintiffs have expressly disclaimed an infringement claim related to output.<br><br>Udio also objects that such documents or data would not be in its custody or control.<br><br>Udio cannot produce documents in response to this request as written, but is willing to further meet and confer to discuss what documents or communications Plaintiffs are seeking that might be an appropriate subject of discovery and in Udio's possession. | It is unclear why you believe that you cannot produce documents in response to this request as written.  As we explained during the meet and confer, documents and communications relating to Udio's outputs are directly relevant to your fair use defense.  Specifically, the outputs must be examined when evaluating the first and fourth fair use factors, including (i) the purpose and character of Udio's use of the sound recordings; (ii) whether Udio's use can be fairly characterized as "transformative"; and (iii) the impact of the outputs on the market for copyrighted sound recordings.  Any concern regarding scope or ambiguity can be dealt with when the parties negotiate search terms.<br><br>In the interest of resolving this dispute without court intervention, Plaintiffs are willing to meet and confer again to discuss your objections.  But we expect you to be prepared to articulate exactly what you are willing to produce in response to this request.  Please let us know if you are available for a call on Tuesday, November 26. | We are available to discuss on Tuesday, November 26 after 2:30 pm PT. |

| RFP Number | RFP | Udio Position as of 11/11 | Plaintiffs' Position as of 11/20 | Udio Position as of 11/21 |
|---|---|---|---|---|
| Udio RFP 38 | ALL DOCUMENTS and COMMUNICATIONS RELATING TO the market for OUTPUTS, including but not limited to ANY DOCUMENTS CONCERNING their potential competition with other SOUND RECORDINGS. | As we articulated at the M&C, we believe model output is of limited relevance to this suit given that Plaintiffs have expressly disclaimed an infringement claim related to output.  Our position that the term "market" is ambiguous and overbroad remains unchanged, and we maintain that this request is unduly burdensome given the scope of its request.<br><br>While Udio stands on its objections, in the interest of avoiding burdening the Court with this dispute, Udio is willing to produce documents and discovery in response to this request, subject to the parties' agreement on reasonable search terms. | The parties are in agreement. | |

| RFP Number | RFP | Udio Position as of 11/11 | Plaintiffs' Position as of 11/20 | Udio Position as of 11/21 |
|---|---|---|---|---|
| Udio RFP 42 | ALL DOCUMENTS and COMMUNICATIONS RELATING TO YOUR consideration of actual or potential legal, financial, or reputational risks RELATING TO YOUR AI SERVICE. | As we explained at the M&C, the terms "legal risk," "financial risk" and "reputational risk" are ambiguous, overbroad, and unduly burdensome.<br><br>Udio refuses to produce documents in response to this request. | While Plaintiffs believe that any concern regarding ambiguity can be dealt with when the parties negotiate search terms, Plaintiffs propose amending this request to:<br><br>ALL DOCUMENTS and COMMUNICATIONS RELATING TO YOUR consideration of potential legal or financial risks RELATING TO the training of YOUR AI SERVICE.<br><br>These documents are relevant to evaluating Udio's willfulness.  <u>Please confirm whether you will produce all documents and communications responsive to this narrowed request.</u> | We remain unclear what you mean by "financial risk," and how that request is relevant—and if relevant, not overbroad.  Let's discuss during the Tuesday, November 26 conferral. |

| RFP Number | RFP | Udio Position as of 11/11 | Plaintiffs' Position as of 11/20 | Udio Position as of 11/21 |
|---|---|---|---|---|
| Udio RFP 43 | DOCUMENTS sufficient to identify and describe UDIO's corporate organizational structure, including DOCUMENTS sufficient to show UDIO's board of directors, parent companies, subsidiaries, affiliates, departments, and divisions. | Without waiving its objections, Udio agrees to produce non-privileged documents sufficient to show the corporate organization structure.<br><br>Udio maintains discovery into its Board of Directors is not relevant or proportional to this litigation. | Please confirm that your agreement to "produce documents sufficient to show the corporate organization structure" would include the identity of Udio employees within each structure and their positions throughout the relevant time period.<br><br>We disagree with your contention that the Board of Directors is not relevant.  Presumably the Board has knowledge of the relevant company activities and corresponding legal risks.  To the extent that it wasn't so informed, that too may be relevant.  We require documents responsive to this request in order to understand the structure and role of the Board, and to potentially identify document custodians.  We intend to include this portion of the request in our motion to compel. | Agree.<br><br>In the interest of compromise, pending confirmation by our client, we willing to produce documents responsive to this request as drafted. |

| RFP Number | RFP | Udio Position as of 11/11 | Plaintiffs' Position as of 11/20 | Udio Position as of 11/21 |
|---|---|---|---|---|
| Udio RFP 44 | ALL DOCUMENTS and COMMUNICATIONS RELATING TO the minutes from YOUR board meetings, including those concerning issues RELATED TO compliance with intellectual property laws, YOUR TRAINING DATA, and YOUR business strategy related to YOUR OUTPUTS. | As we articulated at the M&C, we believe model output is of limited relevance to this suit given that Plaintiffs have expressly disclaimed an infringement claim related to output. We maintain that intellectual property laws generally, aside from copyright laws, are irrelevant.<br><br>Udio also maintains discovery into its Board of Directors is not relevant or proportional to this litigation.<br><br>Udio refuses to produce documents in response to this request. | Plaintiffs propose amending this request to:<br><br>ALL DOCUMENTS and COMMUNICATIONS RELATING TO the minutes from YOUR board meetings concerning issues RELATED TO compliance with intellectual property laws, YOUR TRAINING DATA, and YOUR business strategy related to YOUR OUTPUTS.<br><br>These documents are relevant to determining the scope of Udio's infringement and evaluating Udio's willfulness. <u>Please confirm whether you will produce all documents and communications responsive to this narrowed request.</u> | We think we may be able to reach agreement here. We are consulting with our client and will circle back. |

**Britt Lovejoy**

**LATHAM & WATKINS** LLP
505 Montgomery Street | Suite 2000 | San Francisco, CA 94111-6538
D: +1.415.646.8329 | M: +1.510.366.1829

**From:** Lovejoy, Britt (Bay Area)
**Sent:** Thursday, November 21, 2024 7:48 AM
**To:** Mariah Rivera <mrivera@hueston.com>; McLaughlin, Grace (NY) <Grace.McLaughlin@lw.com>; Gass, Andrew (Bay Area) <Andrew.Gass@lw.com>; Feldman, Steve (NY-LA) <Steve.Feldman@lw.com>; andrewschapiro@quinnemanuel.com; jessicarose@quinnemanuel.com; Franzek, Lydia (NY) <Lydia.Franzek@lw.com>
**Cc:** Moez M. Kaba <mkaba@hueston.com>; Rajan Trehan <rtrehan@hueston.com>; Alexander Perry <aperry@hueston.com>; Katharine Ross <kross@hueston.com>
**Subject:** RE: UMG Recordings, Inc. et al. v. Uncharted Labs, Inc., d/b/a Udio.com et al., No. 1:24-cv-04777 (AKH)

Mariah:

Thanks for your email. I'll have a response for you today after we're out of Court.