# EXHIBIT N

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UMG RECORDINGS, INC., CAPITOL RECORDS, LLC, SONY MUSIC ENTERTAINMENT, ARISTA MUSIC, ARISTA RECORDS LLC, ATLANTIC RECORDING CORPORATION, RHINO ENTERTAINMENT COMPANY, WARNER MUSIC INC., WARNER MUSIC INTERNATIONAL SERVICES LIMITED, WARNER RECORDS INC., WARNER RECORDS LLC, and WARNER RECORDS/SIRE VENTURES LLC, | Case No. 1:24-cv-04777-AKH  Hon. Alvin K. Hellerstein |
| Plaintiffs, | |
| v. | |
| UNCHARTED LABS, INC., d/b/a Udio.com, and JOHN DOES 1-10, | |
| Defendant. | |

## DEFENDANT UNCHARTED LABS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSIONS (NOS. 1–50)

Pursuant to Federal Rules of Civil Procedure 26 and 34 and the Local Rules of this Court, Defendant Uncharted Labs, Inc. ("Udio"), by and through its undersigned counsel, hereby provides the following responses and objections (the "Responses and Objections") to Plaintiffs' First Set of Requests for Admissions (the "Requests") in the above-captioned case (the "Action") as follows.

## GENERAL OBJECTIONS

1.    Udio objects to each of the Definitions, Instructions, and Requests as set forth below (the "General Objections"). Unless otherwise stated, each General Objection shall have the same force and effect as if set forth in full in response to each Definition, Instruction, and Request. Any undertaking to search for or provide information in response to any of the Requests remains

subject to the General Objections, as well as the objections lodged further below that are specific to each Request (the "Specific Objections").

2.    Udio objects to the Requests, including the Definitions and Instructions, to the extent that they:

a.    call for Udio to admit or deny information protected by the attorney-client privilege, the attorney work-product immunity, and/or any other applicable privilege or immunity under federal, state, or local law.  The inadvertent disclosure of any information that is privileged or otherwise protected from discovery shall not constitute a waiver of any such privilege or protection.  Nothing in these Responses and Objections is intended as or should be construed as a waiver of any applicable privilege.  Specific Objections on the ground of privilege are provided only for emphasis.  The absence of a privilege objection is neither intended, nor should be interpreted, as an indication that Udio does not object to a Request on the ground of privilege;

b.    are vague, ambiguous, overly broad, unduly burdensome, unreasonably cumulative, overlapping, or duplicative;

c.    seek admission or denial of information that is not relevant to the claims or defenses of any party in this action, impose burden and expense that outweigh their benefits, is not proportional to the needs of the case, and is not reasonably calculated to lead to the discovery of admissible evidence.  Udio submits these Responses and Objections without conceding the relevancy or materiality of the subject matter of any Request;

d.    purport to require the admission or denial of information already in the possession of Plaintiffs, available from public sources, as accessible to Plaintiffs as to Udio, or obtainable from another source that is more convenient, less burdensome, or less expensive.  Udio provides

these responses with the understanding that Plaintiffs already have access to such sources, including all materials on Udio's website;

e.    attempt to impose burdens that exceed or are different from the requirements of the Federal Rules of Civil Procedure and/or the applicable Local Rules, and relevant case law. Udio will comply with its obligations under the Federal and Local Rules, but will not comply with Instructions that are inconsistent with, or impose obligations beyond, applicable rules. Udio stands ready to meet and confer to discuss the best and most efficient way to conduct discovery bilaterally;

f.    call for admissions or denials relating to information concerning documents that are no longer in existence or reasonably accessible, or documents not in Udio's possession, custody, or control. Udio will only provide relevant, non-privileged information that is within Udio's present possession, custody, or control, and available after a reasonable investigation;

g.    imprecisely specify the information sought. Where imprecise terms are used, Udio will, therefore, provide only information that is responsive to the Request based on Udio's interpretation of the Request;

h.    are not limited to a reasonable time period. Udio will only admit or deny information from a reasonable time period as it relates to the case;

i.    seek admission or denial of information in violation of any applicable law;

j.    are premature and/or seek admission or denial of information related to expert discovery, opinions, or analysis;

k.    seek admission or denial of information that is private, confidential, proprietary, or commercially or competitively sensitive to Udio, its affiliates, its employees, its clients, its customers, its counterparties, its customers' or counterparties' current or former officers, directors, or employees, or any third parties;

3

l. seek admission or denial of information that is more efficiently or appropriately obtained through some other form of discovery;

m. seek admission or denial based on information that is not within Udio's possession, custody, or control, or not otherwise ascertainable upon a reasonable inquiry; that is publicly available or already in the possession of Plaintiffs; or that may be obtained from another source that is more convenient, less burdensome, or less expensive;

n. to the extent they impose an obligation on Udio to admit or deny information that is created or received after receipt of the Requests; and/or

o. seek admission or denial of information irrelevant to the Action.

3. Udio objects to the Requests to the extent they assume disputed facts or legal conclusions in defining the information requested. Udio hereby denies any such disputed facts or legal conclusions to the extent they are assumed by a Request. Any response by Udio with respect to any such Request is without prejudice to this objection. Udio objects to each Request to the extent that it calls for Udio to reach legal conclusions in order to respond.

4. Udio's Responses and Objections and/or the disclosure of any information in response to a Request is not intended as, and shall not be deemed to be, an admission or concession of the relevance or admissibility of the information sought by any Request, and is not intended to and shall not waive or prejudice any objection Udio might assert now or in the future, including, without limitation, objections to the admissibility of any response, or category of responses, at the trial of this case or any other action.

5. Udio reserves the right to amend these Responses and Objections for any reason, including the discovery of additional evidence, or following any court order that affects the nature or scope of appropriate discovery.

6.      Udio reserves the right to disclose information on a rolling basis.

7.      The Responses and Objections herein are based on Udio's present knowledge, information, and belief.  Udio reserves the right to amend, revise, correct, supplement, or clarify any of the Responses and Objections herein.

## OBJECTIONS TO DEFINITIONS & INSTRUCTIONS

1.      Unless specified otherwise, Udio does not adopt Plaintiffs' definitions of words and terms.  Udio objects to the "Definitions" stated in the Requests to the extent they are susceptible to more than one distinct interpretation, or are inconsistent with the ordinary and customary meaning of such words and terms or the rules governing the permissible scope of discovery.

2.      Udio objects to the definition of "AI MODEL" as overbroad, unduly burdensome, and not proportional to the needs of the case, including insofar as the definition includes products and versions of products that Plaintiffs have not claimed are infringing in this action, including products never made commercially available, to the extent such products exist.  Any product not identified as infringing in Plaintiffs' Complaint is not relevant to either party's claims or defenses nor would discovery on such product(s) be proportional to the needs of this case.  Udio further objects to this definition because the terms "computer programs," "source code, parameters, and other settings" are vague, ambiguous, and undefined.  Udio further objects that this definition is vague and ambiguous with respect to whether, through this definition, Plaintiffs seek discovery into materials unrelated to aspects of model architecture that may have been developed by showing the model recordings.  Udio objects that such discovery would be irrelevant, overbroad, burdensome, and not proportional to the needs of the case.  Udio further objects to this definition to the extent it seeks privileged information not in Udio's possession, custody, or control.

3.      Udio objects to the definition of "AI SERVICE" or "SERVICE" as overbroad, unduly burdensome, and not proportional to the needs of the case, including insofar as this definition seeks to include products and versions of products that Plaintiffs have not claimed are infringing in this action, including products never made commercially available, to the extent such products exist.  Any product not identified as infringing in Plaintiffs' Complaint is not relevant to either party's claims or defenses nor proportional to the needs of this case.

4.      Udio objects to the definition of "COPYRIGHTED SOUND RECORDINGS" on the grounds that it is overbroad, unduly burdensome, and not proportionally relevant to the needs of the case, including insofar as it seeks irrelevant discovery into sound recordings not asserted in the Complaint.  Udio further objects to the definition on the grounds that it calls for a legal conclusion to the extent it assumes that the Plaintiffs' asserted works are indeed "copyrighted."

5.      Udio objects to the definitions of "OUTPUT" and "OUTPUTS" on the grounds that they are overbroad, unduly burdensome, and not proportionally relevant to the needs of the case. Udio further objects to these definitions because of their incorporation of the term "AI MODEL"— which is itself an overboard, unduly burdensome, and not proportionally relevant term.  Udio further objects to the definitions on relevance grounds to the extent Plaintiffs seek information about sound recordings outside of those alleged in the Complaint.

6.      Udio objects to the definition of "SOUND RECORDINGS" on the grounds that it is overbroad, unduly burdensome, and not proportionally relevant to the needs of the case, including insofar it seeks irrelevant discovery into sound recordings not asserted in the Complaint. Udio further objects to the definition on the grounds that it calls for a legal conclusion.

7.      Udio objects to the definition of "TRAINING DATA" on the grounds that it is overbroad, unduly burdensome, and not proportionally relevant to the needs of the case, including

insofar as it seeks "any information, data, or datasets used to train or established the parameters" used to train "YOUR AI MODEL"—which is itself an overboard, unduly burdensome, and not proportionally relevant term. Udio further objects to the terms "pre-training and fine-tuning processes" as overbroad, vague, and ambiguous.

8.      Udio objects to the definitions of "UDIO," "YOU," and "YOUR" on the grounds that they define these terms so broadly as to purport to require Udio to collect and disclose information that is not within Udio's possession, custody, or control.  Udio further objects to these definitions insofar as they purport to include Udio's attorneys and/or yield requests that purport to call for the disclosure of privileged information.  Udio will construe the terms "UDIO," "YOU," and "YOUR" to mean Udio and its current and former employees, officers, and directors, to the extent such employees, officers, and directors are known to Udio.

9.      Udio objects to the definition of "USERS" on the grounds that it is overbroad, unduly burdensome, seeks to impose burdens and expenses that outweigh the benefits, is not proportional to the needs of the case, and is not reasonably calculated to lead to the discovery of admissible evidence.  Udio further objects to this definition because it incorporates the objected to terms "AI SERVICE" and "OUTPUT."  Udio further objects to the definition on relevance grounds to the extent Plaintiffs seek information about sound recordings outside of those alleged in the Complaint.

10.      Udio objects to the Instructions on the grounds that they are overly broad and unduly burdensome, seek discovery that is not proportional to the needs of the case, and to the extent they purport to impose on Udio obligations that are different than or exceed those imposed by applicable rules.

11.     Udio objects to the Instructions to the extent they purport to impose on Udio obligations that are different than or exceed those imposed by the forthcoming protective order, ESI protocol source code protocol, and/or any other agreements between the parties that govern production parameters.

12.     Udio objects to the Instructions, and to each Instruction, for failing to provide a relevant timeframe for responses.  The Requests, therefore, are overly broad, unduly burdensome, and are not reasonably calculated to lead to the discovery of admissible evidence.  Udio is willing to meet and confer regarding an appropriate time frame for discovery in this case.

*     *     *

Without waiving the foregoing General Objections, Objections to Definitions, and Objections to Instructions, but in express reliance thereon, Udio incorporates the foregoing objections into the responses below and responds to the individually numbered Requests as follows:

**SPECIFIC RESPONSES AND OBJECTIONS**

**REQUEST FOR ADMISSION NO. 1:**

Admit that YOU made copies of SOUND RECORDINGS in the process of training YOUR AI MODEL.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Udio objects to this Request on the ground that "RFAs are not a substitute for other discovery methods such as document requests, interrogatories and depositions." *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, No. 18-cv-11386, 2021 WL 735241, at *2 (S.D.N.Y. Feb. 25, 2021).  Udio further objects to this Request as premature because discovery is ongoing.  Udio continues to investigate the subject matter of this Request.  Udio objects to this Request as calling

for a legal conclusion. Udio also objects to the terms "copied" and "COPYRIGHTED SOUND RECORDINGS" as requiring legal conclusions. Udio otherwise objects to the undefined term "made copies" as vague and ambiguous. Udio objects to the undefined term "training" as vague and ambiguous.

Subject to and in light of the foregoing Specific and General Objections, Udio responds that it will neither admit nor deny this Request, on the grounds that the information requested is not a proper subject of a Request for Admission. If a response is deemed required, Udio denies the Request on that basis. Udio is willing to meet and confer regarding this Request.

**REQUEST FOR ADMISSION NO. 2:**

Admit that YOU made copies of the COPYRIGHTED SOUND RECORDINGS in the process of training YOUR AI MODEL.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Udio objects to this Request on the ground that "RFAs are not a substitute for other discovery methods such as document requests, interrogatories and depositions." *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, No. 18-cv-11386, 2021 WL 735241, at *2 (S.D.N.Y. Feb. 25, 2021). Udio further objects to this Request as premature because discovery is ongoing. Udio continues to investigate the subject matter of this Request. Udio also objects to this Request as calling for a legal conclusion. Udio also objects to the terms "made copies" and "COPYRIGHTED SOUND RECORDINGS" as requiring legal conclusions. Udio otherwise objects to the undefined term "made copies" as vague and ambiguous. Udio objects to the undefined term "training" as vague and ambiguous. Udio further objects to this Request to the extent it requires Udio to undertake an unduly burdensome review of extremely voluminous data.

Subject to and in light of the foregoing Specific and General Objections, Udio responds that it will neither admit nor deny this Request, on the grounds that the information requested is not a proper subject of a Request for Admission.  If a response is deemed required, Udio denies the Request on that basis.  Udio is willing to meet and confer regarding this Request.

**REQUEST FOR ADMISSION NO. 3:**

Admit that YOU have not removed the COPYRIGHTED SOUND RECORDINGS from YOUR TRAINING DATA.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Udio objects to this Request on the ground that "RFAs are not a substitute for other discovery methods such as document requests, interrogatories and depositions." *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, No. 18-cv-11386, 2021 WL 735241, at *2 (S.D.N.Y. Feb. 25, 2021).  Udio further objects to this Request as premature because discovery is ongoing.  Udio continues to investigate the subject matter of this Request.  Udio also objects to this Request to the extent it calls for a legal conclusion.  Udio objects to the term "COPYRIGHTED SOUND RECORDINGS" as requiring legal conclusions.  Udio objects to the undefined term "removed" as vague and ambiguous.  Udio further objects to this Request to the extent it requires Udio to undertake an unduly burdensome review of extremely voluminous data.

Subject to and in light of the foregoing Specific and General Objections, Udio responds that it will neither admit nor deny this Request, on the grounds that the information requested is not a proper subject of a Request for Admission.  If a response is deemed required, Udio denies the Request on that basis.  Udio is willing to meet and confer regarding this Request.

**REQUEST FOR ADMISSION NO. 4:**

Admit that YOU did not obtain any license from Plaintiffs to make copies of the COPYRIGHTED SOUND RECORDINGS.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Udio objects to this Request on the ground that "RFAs are not a substitute for other discovery methods such as document requests, interrogatories and depositions." *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, No. 18-cv-11386, 2021 WL 735241, at *2 (S.D.N.Y. Feb. 25, 2021). Udio further objects to this Request as premature because discovery is ongoing. Udio continues to investigate the subject matter of this Request. Udio also objects to this Request to the extent it calls for a legal conclusion. Udio also objects to the terms "make copies" and "COPYRIGHTED SOUND RECORDINGS" as requiring legal conclusions. Udio otherwise objects to the undefined term "make copies" as vague and ambiguous.

Subject to and in light of the foregoing Specific and General Objections, including for the reasons explained above in the Objection to the definition of COPYRIGHTED SOUNDS RECORDINGS and for the legal conclusion inherent in the Request, Udio responds that it will neither admit nor deny this Request, on the grounds that the information requested is not a proper subject of a Request for Admission. If a response is deemed required, Udio denies the Request on that basis.

**REQUEST FOR ADMISSION NO. 5:**

Admit that YOU did not seek any license from Plaintiffs prior to making copies of the COPYRIGHTED SOUND RECORDINGS.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Udio objects to this Request on the ground that "RFAs are not a substitute for other discovery methods such as document requests, interrogatories and depositions." *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, No. 18-cv-11386, 2021 WL 735241, at *2 (S.D.N.Y. Feb. 25, 2021). Udio further objects to this Request as premature because discovery is ongoing. Udio continues to investigate the subject matter of this Request. Udio also objects to this Request to the extent it calls for a legal conclusion. Udio also objects to the terms "make copies" and "COPYRIGHTED SOUND RECORDINGS" as requiring legal conclusions. Udio otherwise objects to the undefined term "make copies" as vague and ambiguous.

Subject to and in light of the foregoing Specific and General Objections, including for the reasons explained above in the Objection to the definition of COPYRIGHTED SOUNDS RECORDINGS, Udio responds that it will neither admit nor deny this Request, on the grounds that the information requested is not a proper subject of a Request for Admission. If a response is deemed required, Udio denies the Request on that basis.

**REQUEST FOR ADMISSION NO. 6:**

Admit that YOU copied at least one of the COPYRIGHTED SOUND RECORDINGS for which UMG Recordings, Inc. is identified as a "Rights Owner" in Exhibit A of the Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Udio objects to this Request on the ground that "RFAs are not a substitute for other discovery methods such as document requests, interrogatories and depositions." *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, No. 18-cv-11386, 2021 WL 735241, at *2 (S.D.N.Y. Feb. 25, 2021). Udio further objects to this Request as premature because discovery is ongoing. Udio continues to investigate the subject matter of this Request. Udio also objects to this Request as

calling for a legal conclusion. Udio also objects to the terms "copied" "COPYRIGHTED SOUND RECORDINGS," and "Rights Owner" as requiring legal conclusions. Udio otherwise objects to the undefined term "copied" as vague and ambiguous. Udio further objects to this Request to the extent it requires Udio to undertake an unduly burdensome review of voluminous data.

Subject to and in light of the foregoing Specific and General Objections, Udio responds: Udio will neither admit nor deny this Request, on the grounds that the information requested is not a proper subject of a Request for Admission. If a response is deemed required, Udio denies the Request on that basis. Udio is willing to meet and confer regarding this Request.

**REQUEST FOR ADMISSION NO. 7:**

Admit that YOU trained YOUR AI MODEL on at least one of the COPYRIGHTED SOUND RECORDINGS for which UMG Recordings, Inc. is identified as a "Rights Owner" in Exhibit A of the Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Udio objects to this Request on the ground that "RFAs are not a substitute for other discovery methods such as document requests, interrogatories and depositions." *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, No. 18-cv-11386, 2021 WL 735241, at *2 (S.D.N.Y. Feb. 25, 2021). Udio further objects to this Request as premature because discovery is ongoing. Udio continues to investigate the subject matter of this Request. Udio also objects to the terms "copied" "COPYRIGHTED SOUND RECORDINGS," and "Rights Owner" as calling for legal conclusions. Udio objects to the undefined phrase "trained" as vague and ambiguous. Udio further objects to this Request to the extent it requires Udio to undertake an unduly burdensome review of voluminous data.

Subject to and in light of the foregoing Specific and General Objections, Udio responds: Udio will neither admit nor deny this Request, on the grounds that the information requested is not a proper subject of a Request for Admission.  If a response is deemed required, Udio denies the Request on that basis.  Udio is willing to meet and confer regarding this Request.

## REQUEST FOR ADMISSION NO. 8:

Admit that YOU copied at least one of the COPYRIGHTED SOUND RECORDINGS for which Capitol Records, LLC is identified as a "Rights Owner" in Exhibit A of the Complaint.

## RESPONSE TO REQUEST FOR ADMISSION NO. 8:

Udio objects to this Request on the ground that "RFAs are not a substitute for other discovery methods such as document requests, interrogatories and depositions." *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, No. 18-cv-11386, 2021 WL 735241, at *2 (S.D.N.Y. Feb. 25, 2021).  Udio further objects to this Request as premature because discovery is ongoing.  Udio continues to investigate the subject matter of this Request.  Udio also objects to this Request as calling for a legal conclusion.  Udio also objects to the terms "copied" "COPYRIGHTED SOUND RECORDINGS," and "Rights Owner" as requiring legal conclusions.  Udio otherwise objects to the undefined term "copied" as vague and ambiguous.  Udio further objects to this Request to the extent it requires Udio to undertake an unduly burdensome review of voluminous data.

Subject to and in light of the foregoing Specific and General Objections, Udio responds: Udio will neither admit nor deny this Request, on the grounds that the information requested is not a proper subject of a Request for Admission.  If a response is deemed required, Udio denies the Request on that basis.  Udio is willing to meet and confer regarding this Request.

**REQUEST FOR ADMISSION NO. 9:**

Admit that YOU trained YOUR AI MODEL on at least one of the COPYRIGHTED SOUND RECORDINGS for which Capitol Records, LLC is identified as a "Rights Owner" in Exhibit A of the Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Udio objects to this Request on the ground that "RFAs are not a substitute for other discovery methods such as document requests, interrogatories and depositions." *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, No. 18-cv-11386, 2021 WL 735241, at *2 (S.D.N.Y. Feb. 25, 2021). Udio further objects to this Request as premature because discovery is ongoing. Udio continues to investigate the subject matter of this Request. Udio also objects to the terms "copied" "COPYRIGHTED SOUND RECORDINGS," and "Rights Owner" as calling for legal conclusions. Udio objects to the undefined phrase "trained" as vague and ambiguous. Udio further objects to this Request to the extent it requires Udio to undertake an unduly burdensome review of voluminous data.

Subject to and in light of the foregoing Specific and General Objections, Udio responds: Udio will neither admit nor deny this Request, on the grounds that the information requested is not a proper subject of a Request for Admission. If a response is deemed required, Udio denies the Request on that basis. Udio is willing to meet and confer regarding this Request.

**REQUEST FOR ADMISSION NO. 10:**

Admit that YOU copied at least one of the COPYRIGHTED SOUND RECORDINGS for which Sony Music Entertainment is identified as a "Rights Owner" in Exhibit A of the Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Udio objects to this Request on the ground that "RFAs are not a substitute for other discovery methods such as document requests, interrogatories and depositions." *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, No. 18-cv-11386, 2021 WL 735241, at *2 (S.D.N.Y. Feb. 25, 2021). Udio further objects to this Request as premature because discovery is ongoing. Udio continues to investigate the subject matter of this Request. Udio also objects to this Request as calling for a legal conclusion. Udio also objects to the terms "copied" "COPYRIGHTED SOUND RECORDINGS," and "Rights Owner" as requiring legal conclusions. Udio otherwise objects to the undefined term "copied" as vague and ambiguous. Udio further objects to this Request to the extent it requires Udio to undertake an unduly burdensome review of voluminous data.

Subject to and in light of the foregoing Specific and General Objections, Udio responds: Udio will neither admit nor deny this Request, on the grounds that the information requested is not a proper subject of a Request for Admission. If a response is deemed required, Udio denies the Request on that basis. Udio is willing to meet and confer regarding this Request.

**REQUEST FOR ADMISSION NO. 11:**

Admit that YOU trained YOUR AI MODEL at least one of the COPYRIGHTED SOUND RECORDINGS for which Sony Music Entertainment is identified as a "Rights Owner" in Exhibit A of the Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Udio objects to this Request on the ground that "RFAs are not a substitute for other discovery methods such as document requests, interrogatories and depositions." *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, No. 18-cv-11386, 2021 WL 735241, at *2 (S.D.N.Y. Feb. 25, 2021). Udio further objects to this Request as premature because discovery is ongoing. Udio

16

continues to investigate the subject matter of this Request.  Udio also objects to the terms "copied"

"COPYRIGHTED SOUND RECORDINGS," and "Rights Owner" as calling for legal

conclusions.  Udio objects to the undefined phrase "trained" as vague and ambiguous.  Udio further

objects to this Request to the extent it requires Udio to undertake an unduly burdensome review

of voluminous data.

Subject to and in light of the foregoing Specific and General Objections, Udio responds:

Udio will neither admit nor deny this Request, on the grounds that the information requested is not

a proper subject of a Request for Admission.  If a response is deemed required, Udio denies the

Request on that basis.  Udio is willing to meet and confer regarding this Request.

**REQUEST FOR ADMISSION NO. 12:**

Admit that YOU copied at least one of the COPYRIGHTED SOUND RECORDINGS for which

Arista Music is identified as a "Rights Owner" in Exhibit A of the Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Udio objects to this Request on the ground that "RFAs are not a substitute for other

discovery methods such as document requests, interrogatories and depositions."  *Spectrum*

*Dynamics Med. Ltd. v. Gen. Elec. Co.*, No. 18-cv-11386, 2021 WL 735241, at *2 (S.D.N.Y. Feb.

25, 2021).  Udio further objects to this Request as premature because discovery is ongoing.  Udio

continues to investigate the subject matter of this Request.  Udio also objects to this Request as

calling for a legal conclusion.  Udio also objects to the terms "copied" "COPYRIGHTED SOUND

RECORDINGS," and "Rights Owner" as requiring legal conclusions.  Udio otherwise objects to

the undefined term "copied" as vague and ambiguous.  Udio further objects to this Request to the

extent it requires Udio to undertake an unduly burdensome review of voluminous data.

Subject to and in light of the foregoing Specific and General Objections, Udio responds: Udio will neither admit nor deny this Request, on the grounds that the information requested is not a proper subject of a Request for Admission.  If a response is deemed required, Udio denies the Request on that basis.  Udio is willing to meet and confer regarding this Request.

**REQUEST FOR ADMISSION NO. 13:**

Admit that YOU trained YOUR AI MODEL on at least one of the COPYRIGHTED SOUND RECORDINGS for which Arista Music is identified as a "Rights Owner" in Exhibit A of the Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Udio objects to this Request on the ground that "RFAs are not a substitute for other discovery methods such as document requests, interrogatories and depositions." *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, No. 18-cv-11386, 2021 WL 735241, at *2 (S.D.N.Y. Feb. 25, 2021).  Udio further objects to this Request as premature because discovery is ongoing.  Udio continues to investigate the subject matter of this Request.  Udio also objects to the terms "copied" "COPYRIGHTED SOUND RECORDINGS," and "Rights Owner" as calling for legal conclusions.  Udio objects to the undefined phrase "trained" as vague and ambiguous.  Udio further objects to this Request to the extent it requires Udio to undertake an unduly burdensome review of voluminous data.

Subject to and in light of the foregoing Specific and General Objections, Udio responds: Udio will neither admit nor deny this Request, on the grounds that the information requested is not a proper subject of a Request for Admission.  If a response is deemed required, Udio denies the Request on that basis.  Udio is willing to meet and confer regarding this Request.

**REQUEST FOR ADMISSION NO. 14:**

Admit that YOU copied at least one of the COPYRIGHTED SOUND RECORDINGS for which Arista Records LLC is identified as a "Rights Owner" in Exhibit A of the Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Udio objects to this Request on the ground that "RFAs are not a substitute for other discovery methods such as document requests, interrogatories and depositions." *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, No. 18-cv-11386, 2021 WL 735241, at *2 (S.D.N.Y. Feb. 25, 2021). Udio further objects to this Request as premature because discovery is ongoing. Udio continues to investigate the subject matter of this Request. Udio also objects to this Request as calling for a legal conclusion. Udio also objects to the terms "copied" "COPYRIGHTED SOUND RECORDINGS," and "Rights Owner" as requiring legal conclusions. Udio otherwise objects to the undefined term "copied" as vague and ambiguous. Udio further objects to this Request to the extent it requires Udio to undertake an unduly burdensome review of voluminous data.

Subject to and in light of the foregoing Specific and General Objections, Udio responds: Udio will neither admit nor deny this Request, on the grounds that the information requested is not a proper subject of a Request for Admission. If a response is deemed required, Udio denies the Request on that basis. Udio is willing to meet and confer regarding this Request.

**REQUEST FOR ADMISSION NO. 15:**

Admit that YOU trained YOUR AI MODEL on at least one of the COPYRIGHTED SOUND RECORDINGS for which Arista Records LLC is identified as a "Rights Owner" in Exhibit A of the Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

Udio objects to this Request on the ground that "RFAs are not a substitute for other discovery methods such as document requests, interrogatories and depositions." *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, No. 18-cv-11386, 2021 WL 735241, at *2 (S.D.N.Y. Feb. 25, 2021). Udio further objects to this Request as premature because discovery is ongoing. Udio continues to investigate the subject matter of this Request. Udio also objects to the terms "copied" "COPYRIGHTED SOUND RECORDINGS," and "Rights Owner" as calling for legal conclusions. Udio objects to the undefined phrase "trained" as vague and ambiguous. Udio further objects to this Request to the extent it requires Udio to undertake an unduly burdensome review of voluminous data.

Subject to and in light of the foregoing Specific and General Objections, Udio responds: Udio will neither admit nor deny this Request, on the grounds that the information requested is not a proper subject of a Request for Admission. If a response is deemed required, Udio denies the Request on that basis. Udio is willing to meet and confer regarding this Request.

**REQUEST FOR ADMISSION NO. 16:**

Admit that YOU copied at least one of the COPYRIGHTED SOUND RECORDINGS for which Atlantic Recording Corporation is identified as a "Rights Owner" in Exhibit A of the Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Udio objects to this Request on the ground that "RFAs are not a substitute for other discovery methods such as document requests, interrogatories and depositions." *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, No. 18-cv-11386, 2021 WL 735241, at *2 (S.D.N.Y. Feb. 25, 2021). Udio further objects to this Request as premature because discovery is ongoing. Udio continues to investigate the subject matter of this Request. Udio also objects to this Request as

calling for a legal conclusion. Udio also objects to the terms "copied" "COPYRIGHTED SOUND RECORDINGS," and "Rights Owner" as requiring legal conclusions. Udio otherwise objects to the undefined term "copied" as vague and ambiguous. Udio further objects to this Request to the extent it requires Udio to undertake an unduly burdensome review of voluminous data.

Subject to and in light of the foregoing Specific and General Objections, Udio responds: Udio will neither admit nor deny this Request, on the grounds that the information requested is not a proper subject of a Request for Admission. If a response is deemed required, Udio denies the Request on that basis. Udio is willing to meet and confer regarding this Request.

**REQUEST FOR ADMISSION NO. 17:**

Admit that YOU trained YOUR AI MODEL on at least one of the COPYRIGHTED SOUND RECORDINGS for which Atlantic Recording Corporation is identified as a "Rights Owner" in Exhibit A of the Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Udio objects to this Request on the ground that "RFAs are not a substitute for other discovery methods such as document requests, interrogatories and depositions." *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, No. 18-cv-11386, 2021 WL 735241, at *2 (S.D.N.Y. Feb. 25, 2021). Udio further objects to this Request as premature because discovery is ongoing. Udio continues to investigate the subject matter of this Request. Udio also objects to the terms "copied" "COPYRIGHTED SOUND RECORDINGS," and "Rights Owner" as calling for legal conclusions. Udio objects to the undefined phrase "trained" as vague and ambiguous. Udio further objects to this Request to the extent it requires Udio to undertake an unduly burdensome review of voluminous data.

Subject to and in light of the foregoing Specific and General Objections, Udio responds: Udio will neither admit nor deny this Request, on the grounds that the information requested is not a proper subject of a Request for Admission.  If a response is deemed required, Udio denies the Request on that basis.  Udio is willing to meet and confer regarding this Request.

**REQUEST FOR ADMISSION NO. 18:**

Admit that YOU copied at least one of the COPYRIGHTED SOUND RECORDINGS for which Rhino Entertainment is identified as a "Rights Owner" in Exhibit A of the Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Udio objects to this Request on the ground that "RFAs are not a substitute for other discovery methods such as document requests, interrogatories and depositions."  *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, No. 18-cv-11386, 2021 WL 735241, at *2 (S.D.N.Y. Feb. 25, 2021).  Udio further objects to this Request as premature because discovery is ongoing.  Udio continues to investigate the subject matter of this Request.  Udio also objects to this Request as calling for a legal conclusion.  Udio also objects to the terms "copied" "COPYRIGHTED SOUND RECORDINGS," and "Rights Owner" as requiring legal conclusions.  Udio otherwise objects to the undefined term "copied" as vague and ambiguous.  Udio further objects to this Request to the extent it requires Udio to undertake an unduly burdensome review of voluminous data.

Subject to and in light of the foregoing Specific and General Objections, Udio responds: Udio will neither admit nor deny this Request, on the grounds that the information requested is not a proper subject of a Request for Admission.  If a response is deemed required, Udio denies the Request on that basis.  Udio is willing to meet and confer regarding this Request.

**REQUEST FOR ADMISSION NO. 19:**

Admit that YOU trained YOUR AI MODEL on at least one of the COPYRIGHTED SOUND RECORDINGS for which Rhino Entertainment is identified as a "Rights Owner" in Exhibit A of the Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

Udio objects to this Request on the ground that "RFAs are not a substitute for other discovery methods such as document requests, interrogatories and depositions." *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, No. 18-cv-11386, 2021 WL 735241, at *2 (S.D.N.Y. Feb. 25, 2021). Udio further objects to this Request as premature because discovery is ongoing. Udio continues to investigate the subject matter of this Request. Udio also objects to the terms "copied" "COPYRIGHTED SOUND RECORDINGS," and "Rights Owner" as calling for legal conclusions. Udio objects to the undefined phrase "trained" as vague and ambiguous. Udio further objects to this Request to the extent it requires Udio to undertake an unduly burdensome review of voluminous data.

Subject to and in light of the foregoing Specific and General Objections, Udio responds: Udio will neither admit nor deny this Request, on the grounds that the information requested is not a proper subject of a Request for Admission. If a response is deemed required, Udio denies the Request on that basis. Udio is willing to meet and confer regarding this Request.

**REQUEST FOR ADMISSION NO. 20:**

Admit that YOU copied at least one of the COPYRIGHTED SOUND RECORDINGS for which Warner Music Inc. is identified as a "Rights Owner" in Exhibit A of the Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Udio objects to this Request on the ground that "RFAs are not a substitute for other discovery methods such as document requests, interrogatories and depositions." *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, No. 18-cv-11386, 2021 WL 735241, at *2 (S.D.N.Y. Feb. 25, 2021). Udio further objects to this Request as premature because discovery is ongoing. Udio continues to investigate the subject matter of this Request. Udio also objects to this Request as calling for a legal conclusion. Udio also objects to the terms "copied" "COPYRIGHTED SOUND RECORDINGS," and "Rights Owner" as requiring legal conclusions. Udio otherwise objects to the undefined term "copied" as vague and ambiguous. Udio further objects to this Request to the extent it requires Udio to undertake an unduly burdensome review of voluminous data.

Subject to and in light of the foregoing Specific and General Objections, Udio responds: Udio will neither admit nor deny this Request, on the grounds that the information requested is not a proper subject of a Request for Admission. If a response is deemed required, Udio denies the Request on that basis. Udio is willing to meet and confer regarding this Request.

**REQUEST FOR ADMISSION NO. 21:**

Admit that YOU trained YOUR AI MODEL on at least one of the COPYRIGHTED SOUND RECORDINGS for which Warner Music Inc. is identified as a "Rights Owner" in Exhibit A of the Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

Udio objects to this Request on the ground that "RFAs are not a substitute for other discovery methods such as document requests, interrogatories and depositions." *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, No. 18-cv-11386, 2021 WL 735241, at *2 (S.D.N.Y. Feb. 25, 2021). Udio further objects to this Request as premature because discovery is ongoing. Udio

continues to investigate the subject matter of this Request. Udio also objects to the terms "copied" "COPYRIGHTED SOUND RECORDINGS," and "Rights Owner" as calling for legal conclusions. Udio objects to the undefined phrase "trained" as vague and ambiguous. Udio further objects to this Request to the extent it requires Udio to undertake an unduly burdensome review of voluminous data.

Subject to and in light of the foregoing Specific and General Objections, Udio responds: Udio will neither admit nor deny this Request, on the grounds that the information requested is not a proper subject of a Request for Admission. If a response is deemed required, Udio denies the Request on that basis. Udio is willing to meet and confer regarding this Request.

## REQUEST FOR ADMISSION NO. 22:

Admit that YOU copied at least one of the COPYRIGHTED SOUND RECORDINGS for which Warner Music International Services Limited is identified as a "Rights Owner" in Exhibit A of the Complaint.

## RESPONSE TO REQUEST FOR ADMISSION NO. 22:

Udio objects to this Request on the ground that "RFAs are not a substitute for other discovery methods such as document requests, interrogatories and depositions." *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, No. 18-cv-11386, 2021 WL 735241, at *2 (S.D.N.Y. Feb. 25, 2021). Udio further objects to this Request as premature because discovery is ongoing. Udio continues to investigate the subject matter of this Request. Udio also objects to this Request as calling for a legal conclusion. Udio also objects to the terms "copied" "COPYRIGHTED SOUND RECORDINGS," and "Rights Owner" as requiring legal conclusions. Udio otherwise objects to the undefined term "copied" as vague and ambiguous. Udio further objects to this Request to the extent it requires Udio to undertake an unduly burdensome review of voluminous data.

Subject to and in light of the foregoing Specific and General Objections, Udio responds: Udio will neither admit nor deny this Request, on the grounds that the information requested is not a proper subject of a Request for Admission.  If a response is deemed required, Udio denies the Request on that basis.  Udio is willing to meet and confer regarding this Request.

## REQUEST FOR ADMISSION NO. 23:

Admit that YOU trained YOUR AI MODEL on at least one of the COPYRIGHTED SOUND RECORDINGS for which Warner Music International Services Limited is identified as a "Rights Owner" in Exhibit A of the Complaint.

## RESPONSE TO REQUEST FOR ADMISSION NO. 23:

Udio objects to this Request on the ground that "RFAs are not a substitute for other discovery methods such as document requests, interrogatories and depositions."  *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, No. 18-cv-11386, 2021 WL 735241, at *2 (S.D.N.Y. Feb. 25, 2021).  Udio further objects to this Request as premature because discovery is ongoing.  Udio continues to investigate the subject matter of this Request.  Udio also objects to the terms "copied" "COPYRIGHTED SOUND RECORDINGS," and "Rights Owner" as calling for legal conclusions.  Udio objects to the undefined phrase "trained" as vague and ambiguous.  Udio further objects to this Request to the extent it requires Udio to undertake an unduly burdensome review of voluminous data.

Subject to and in light of the foregoing Specific and General Objections, Udio responds: Udio will neither admit nor deny this Request, on the grounds that the information requested is not a proper subject of a Request for Admission.  If a response is deemed required, Udio denies the Request on that basis.  Udio is willing to meet and confer regarding this Request.

**REQUEST FOR ADMISSION NO. 24:**

Admit that YOU copied at least one of the COPYRIGHTED SOUND RECORDINGS for which Warner Records LLC is identified as a "Rights Owner" in Exhibit A of the Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

Udio objects to this Request on the ground that "RFAs are not a substitute for other discovery methods such as document requests, interrogatories and depositions." *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, No. 18-cv-11386, 2021 WL 735241, at *2 (S.D.N.Y. Feb. 25, 2021). Udio further objects to this Request as premature because discovery is ongoing. Udio continues to investigate the subject matter of this Request. Udio also objects to this Request as calling for a legal conclusion. Udio also objects to the terms "copied" "COPYRIGHTED SOUND RECORDINGS," and "Rights Owner" as requiring legal conclusions. Udio otherwise objects to the undefined term "copied" as vague and ambiguous. Udio further objects to this Request to the extent it requires Udio to undertake an unduly burdensome review of voluminous data.

Subject to and in light of the foregoing Specific and General Objections, Udio responds: Udio will neither admit nor deny this Request, on the grounds that the information requested is not a proper subject of a Request for Admission. If a response is deemed required, Udio denies the Request on that basis. Udio is willing to meet and confer regarding this Request.

**REQUEST FOR ADMISSION NO. 25:**

Admit that YOU trained YOUR AI MODEL on at least one of the COPYRIGHTED SOUND RECORDINGS for which Warner Records LLC is identified as a "Rights Owner" in Exhibit A of the Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

Udio objects to this Request on the ground that "RFAs are not a substitute for other discovery methods such as document requests, interrogatories and depositions." *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, No. 18-cv-11386, 2021 WL 735241, at *2 (S.D.N.Y. Feb. 25, 2021). Udio further objects to this Request as premature because discovery is ongoing. Udio continues to investigate the subject matter of this Request. Udio also objects to the terms "copied" "COPYRIGHTED SOUND RECORDINGS," and "Rights Owner" as calling for legal conclusions. Udio objects to the undefined phrase "trained" as vague and ambiguous. Udio further objects to this Request to the extent it requires Udio to undertake an unduly burdensome review of voluminous data.

Subject to and in light of the foregoing Specific and General Objections, Udio responds: Udio will neither admit nor deny this Request, on the grounds that the information requested is not a proper subject of a Request for Admission. If a response is deemed required, Udio denies the Request on that basis. Udio is willing to meet and confer regarding this Request.

**REQUEST FOR ADMISSION NO. 26:**

Admit that YOU copied at least one of the COPYRIGHTED SOUND RECORDINGS for which Warner Records/SIRE Ventures LLC is identified as a "Rights Owner" in Exhibit A of the Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

Udio objects to this Request on the ground that "RFAs are not a substitute for other discovery methods such as document requests, interrogatories and depositions." *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, No. 18-cv-11386, 2021 WL 735241, at *2 (S.D.N.Y. Feb. 25, 2021). Udio further objects to this Request as premature because discovery is ongoing. Udio

continues to investigate the subject matter of this Request.  Udio also objects to this Request as calling for a legal conclusion.  Udio also objects to the terms "copied" "COPYRIGHTED SOUND RECORDINGS," and "Rights Owner" as requiring legal conclusions.  Udio otherwise objects to the undefined term "copied" as vague and ambiguous.  Udio further objects to this Request to the extent it requires Udio to undertake an unduly burdensome review of voluminous data.

Subject to and in light of the foregoing Specific and General Objections, Udio responds: Udio will neither admit nor deny this Request, on the grounds that the information requested is not a proper subject of a Request for Admission.  If a response is deemed required, Udio denies the Request on that basis.  Udio is willing to meet and confer regarding this Request.

## REQUEST FOR ADMISSION NO. 27:

Admit that YOU trained YOUR AI MODEL on at least one of the COPYRIGHTED SOUND RECORDINGS for which Warner Records/SIRE Ventures LLC is identified as a "Rights Owner" in Exhibit A of the Complaint.

## RESPONSE TO REQUEST FOR ADMISSION NO. 27:

Udio objects to this Request on the ground that "RFAs are not a substitute for other discovery methods such as document requests, interrogatories and depositions."  *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, No. 18-cv-11386, 2021 WL 735241, at *2 (S.D.N.Y. Feb. 25, 2021).  Udio further objects to this Request as premature because discovery is ongoing.  Udio continues to investigate the subject matter of this Request.  Udio also objects to the terms "copied" "COPYRIGHTED SOUND RECORDINGS," and "Rights Owner" as calling for legal conclusions.  Udio objects to the undefined phrase "trained" as vague and ambiguous.  Udio further objects to this Request to the extent it requires Udio to undertake an unduly burdensome review of voluminous data.

Subject to and in light of the foregoing Specific and General Objections, Udio responds: Udio will neither admit nor deny this Request, on the grounds that the information requested is not a proper subject of a Request for Admission. If a response is deemed required, Udio denies the Request on that basis. Udio is willing to meet and confer regarding this Request.

**REQUEST FOR ADMISSION NO. 28:**

Admit that YOU did not copy at least one of the COPYRIGHTED SOUND RECORDINGS for which UMG Recordings, Inc. is identified as a "Rights Owner" in Exhibit A of the Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

Udio objects to this Request on the ground that "RFAs are not a substitute for other discovery methods such as document requests, interrogatories and depositions." *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, No. 18-cv-11386, 2021 WL 735241, at *2 (S.D.N.Y. Feb. 25, 2021). Udio further objects to this Request as premature because discovery is ongoing. Udio continues to investigate the subject matter of this Request. Udio also objects to this Request as calling for a legal conclusion. Udio also objects to the terms "copied" "COPYRIGHTED SOUND RECORDINGS," and "Rights Owner" as requiring legal conclusions. Udio otherwise objects to the undefined term "copied" as vague and ambiguous. Udio further objects to this Request to the extent it requires Udio to undertake an unduly burdensome review of voluminous data.

Subject to and in light of the foregoing Specific and General Objections, Udio responds: Udio will neither admit nor deny this Request, on the grounds that the information requested is not a proper subject of a Request for Admission. If a response is deemed required, Udio denies the Request on that basis. Udio is willing to meet and confer regarding this Request.

**REQUEST FOR ADMISSION NO. 29:**

Admit that YOU did not train YOUR AI MODEL on at least one of the COPYRIGHTED SOUND RECORDINGS for which UMG Recordings, Inc. is identified as a "Rights Owner" in Exhibit A of the Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

Udio objects to this Request on the ground that "RFAs are not a substitute for other discovery methods such as document requests, interrogatories and depositions." *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, No. 18-cv-11386, 2021 WL 735241, at *2 (S.D.N.Y. Feb. 25, 2021). Udio further objects to this Request as premature because discovery is ongoing. Udio continues to investigate the subject matter of this Request. Udio also objects to the terms "copied" "COPYRIGHTED SOUND RECORDINGS," and "Rights Owner" as calling for legal conclusions. Udio objects to the undefined phrase "trained" as vague and ambiguous. Udio further objects to this Request to the extent it requires Udio to undertake an unduly burdensome review of voluminous data.

Subject to and in light of the foregoing Specific and General Objections, Udio responds: Udio will neither admit nor deny this Request, on the grounds that the information requested is not a proper subject of a Request for Admission. If a response is deemed required, Udio denies the Request on that basis. Udio is willing to meet and confer regarding this Request.

**REQUEST FOR ADMISSION NO. 30:**

Admit that YOU did not copy at least one of the COPYRIGHTED SOUND RECORDINGS for which Capitol Records, LLC is identified as a "Rights Owner" in Exhibit A of the Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

Udio objects to this Request on the ground that "RFAs are not a substitute for other discovery methods such as document requests, interrogatories and depositions." *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, No. 18-cv-11386, 2021 WL 735241, at *2 (S.D.N.Y. Feb. 25, 2021). Udio further objects to this Request as premature because discovery is ongoing. Udio continues to investigate the subject matter of this Request. Udio also objects to this Request as calling for a legal conclusion. Udio also objects to the terms "copied" "COPYRIGHTED SOUND RECORDINGS," and "Rights Owner" as requiring legal conclusions. Udio otherwise objects to the undefined term "copied" as vague and ambiguous. Udio further objects to this Request to the extent it requires Udio to undertake an unduly burdensome review of voluminous data.

Subject to and in light of the foregoing Specific and General Objections, Udio responds: Udio will neither admit nor deny this Request, on the grounds that the information requested is not a proper subject of a Request for Admission. If a response is deemed required, Udio denies the Request on that basis. Udio is willing to meet and confer regarding this Request.

**REQUEST FOR ADMISSION NO. 31:**

Admit that YOU did not train YOUR AI MODEL on at least one of the COPYRIGHTED SOUND RECORDINGS for which Capitol Records, LLC is identified as a "Rights Owner" in Exhibit A of the Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

Udio objects to this Request on the ground that "RFAs are not a substitute for other discovery methods such as document requests, interrogatories and depositions." *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, No. 18-cv-11386, 2021 WL 735241, at *2 (S.D.N.Y. Feb. 25, 2021). Udio further objects to this Request as premature because discovery is ongoing. Udio

continues to investigate the subject matter of this Request. Udio also objects to the terms "copied" "COPYRIGHTED SOUND RECORDINGS," and "Rights Owner" as calling for legal conclusions. Udio objects to the undefined phrase "trained" as vague and ambiguous. Udio further objects to this Request to the extent it requires Udio to undertake an unduly burdensome review of voluminous data.

Subject to and in light of the foregoing Specific and General Objections, Udio responds: Udio will neither admit nor deny this Request, on the grounds that the information requested is not a proper subject of a Request for Admission. If a response is deemed required, Udio denies the Request on that basis. Udio is willing to meet and confer regarding this Request.

**REQUEST FOR ADMISSION NO. 32:**

Admit that YOU did not copy at least one of the COPYRIGHTED SOUND RECORDINGS for which Sony Music Entertainment is identified as a "Rights Owner" in Exhibit A of the Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

Udio objects to this Request on the ground that "RFAs are not a substitute for other discovery methods such as document requests, interrogatories and depositions." *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, No. 18-cv-11386, 2021 WL 735241, at *2 (S.D.N.Y. Feb. 25, 2021). Udio further objects to this Request as premature because discovery is ongoing. Udio continues to investigate the subject matter of this Request. Udio also objects to this Request as calling for a legal conclusion. Udio also objects to the terms "copied" "COPYRIGHTED SOUND RECORDINGS," and "Rights Owner" as requiring legal conclusions. Udio otherwise objects to the undefined term "copied" as vague and ambiguous. Udio further objects to this Request to the extent it requires Udio to undertake an unduly burdensome review of voluminous data.

Subject to and in light of the foregoing Specific and General Objections, Udio responds: Udio will neither admit nor deny this Request, on the grounds that the information requested is not a proper subject of a Request for Admission. If a response is deemed required, Udio denies the Request on that basis. Udio is willing to meet and confer regarding this Request.

## REQUEST FOR ADMISSION NO. 33:

Admit that YOU did not train YOUR AI MODEL on at least one of the COPYRIGHTED SOUND RECORDINGS for which Sony Music Entertainment is identified as a "Rights Owner" in Exhibit A of the Complaint.

## RESPONSE TO REQUEST FOR ADMISSION NO. 33:

Udio objects to this Request on the ground that "RFAs are not a substitute for other discovery methods such as document requests, interrogatories and depositions." *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, No. 18-cv-11386, 2021 WL 735241, at *2 (S.D.N.Y. Feb. 25, 2021). Udio further objects to this Request as premature because discovery is ongoing. Udio continues to investigate the subject matter of this Request. Udio also objects to the terms "copied" "COPYRIGHTED SOUND RECORDINGS," and "Rights Owner" as calling for legal conclusions. Udio objects to the undefined phrase "trained" as vague and ambiguous. Udio further objects to this Request to the extent it requires Udio to undertake an unduly burdensome review of voluminous data.

Subject to and in light of the foregoing Specific and General Objections, Udio responds: Udio will neither admit nor deny this Request, on the grounds that the information requested is not a proper subject of a Request for Admission. If a response is deemed required, Udio denies the Request on that basis. Udio is willing to meet and confer regarding this Request.

**REQUEST FOR ADMISSION NO. 34:**

Admit that YOU did not copy at least one of the COPYRIGHTED SOUND RECORDINGS for which Arista Music is identified as a "Rights Owner" in Exhibit A of the Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

Udio objects to this Request on the ground that "RFAs are not a substitute for other discovery methods such as document requests, interrogatories and depositions." *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, No. 18-cv-11386, 2021 WL 735241, at *2 (S.D.N.Y. Feb. 25, 2021). Udio further objects to this Request as premature because discovery is ongoing. Udio continues to investigate the subject matter of this Request. Udio also objects to this Request as calling for a legal conclusion. Udio also objects to the terms "copied" "COPYRIGHTED SOUND RECORDINGS," and "Rights Owner" as requiring legal conclusions. Udio otherwise objects to the undefined term "copied" as vague and ambiguous. Udio further objects to this Request to the extent it requires Udio to undertake an unduly burdensome review of voluminous data.

Subject to and in light of the foregoing Specific and General Objections, Udio responds: Udio will neither admit nor deny this Request, on the grounds that the information requested is not a proper subject of a Request for Admission. If a response is deemed required, Udio denies the Request on that basis. Udio is willing to meet and confer regarding this Request.

**REQUEST FOR ADMISSION NO. 35:**

Admit that YOU did not train YOUR AI MODEL on at least one of the COPYRIGHTED SOUND RECORDINGS for which Arista Music is identified as a "Rights Owner" in Exhibit A of the Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

Udio objects to this Request on the ground that "RFAs are not a substitute for other discovery methods such as document requests, interrogatories and depositions." *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, No. 18-cv-11386, 2021 WL 735241, at *2 (S.D.N.Y. Feb. 25, 2021). Udio further objects to this Request as premature because discovery is ongoing. Udio continues to investigate the subject matter of this Request. Udio also objects to the terms "copied" "COPYRIGHTED SOUND RECORDINGS," and "Rights Owner" as calling for legal conclusions. Udio objects to the undefined phrase "trained" as vague and ambiguous. Udio further objects to this Request to the extent it requires Udio to undertake an unduly burdensome review of voluminous data.

Subject to and in light of the foregoing Specific and General Objections, Udio responds: Udio will neither admit nor deny this Request, on the grounds that the information requested is not a proper subject of a Request for Admission. If a response is deemed required, Udio denies the Request on that basis. Udio is willing to meet and confer regarding this Request.

**REQUEST FOR ADMISSION NO. 36:**

Admit that YOU did not copy at least one of the COPYRIGHTED SOUND RECORDINGS for which Arista Records LLC is identified as a "Rights Owner" in Exhibit A of the Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

Udio objects to this Request on the ground that "RFAs are not a substitute for other discovery methods such as document requests, interrogatories and depositions." *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, No. 18-cv-11386, 2021 WL 735241, at *2 (S.D.N.Y. Feb. 25, 2021). Udio further objects to this Request as premature because discovery is ongoing. Udio continues to investigate the subject matter of this Request. Udio also objects to this Request as

calling for a legal conclusion. Udio also objects to the terms "copied" "COPYRIGHTED SOUND RECORDINGS," and "Rights Owner" as requiring legal conclusions. Udio otherwise objects to the undefined term "copied" as vague and ambiguous. Udio further objects to this Request to the extent it requires Udio to undertake an unduly burdensome review of voluminous data.

Subject to and in light of the foregoing Specific and General Objections, Udio responds: Udio will neither admit nor deny this Request, on the grounds that the information requested is not a proper subject of a Request for Admission. If a response is deemed required, Udio denies the Request on that basis. Udio is willing to meet and confer regarding this Request.

**REQUEST FOR ADMISSION NO. 37:**

Admit that YOU did not train YOUR AI MODEL on at least one of the COPYRIGHTED SOUND RECORDINGS for which Arista Records LLC is identified as a "Rights Owner" in Exhibit A of the Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 37:**

Udio objects to this Request on the ground that "RFAs are not a substitute for other discovery methods such as document requests, interrogatories and depositions." *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, No. 18-cv-11386, 2021 WL 735241, at *2 (S.D.N.Y. Feb. 25, 2021). Udio further objects to this Request as premature because discovery is ongoing. Udio continues to investigate the subject matter of this Request. Udio also objects to the terms "copied" "COPYRIGHTED SOUND RECORDINGS," and "Rights Owner" as calling for legal conclusions. Udio objects to the undefined phrase "trained" as vague and ambiguous. Udio further objects to this Request to the extent it requires Udio to undertake an unduly burdensome review of voluminous data.

Subject to and in light of the foregoing Specific and General Objections, Udio responds: Udio will neither admit nor deny this Request, on the grounds that the information requested is not a proper subject of a Request for Admission. If a response is deemed required, Udio denies the Request on that basis. Udio is willing to meet and confer regarding this Request.

**REQUEST FOR ADMISSION NO. 38:**

Admit that YOU did not copy at least one of the COPYRIGHTED SOUND RECORDINGS for which Atlantic Recording Corporation is identified as a "Rights Owner" in Exhibit A of the Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

Udio objects to this Request on the ground that "RFAs are not a substitute for other discovery methods such as document requests, interrogatories and depositions." *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, No. 18-cv-11386, 2021 WL 735241, at *2 (S.D.N.Y. Feb. 25, 2021). Udio further objects to this Request as premature because discovery is ongoing. Udio continues to investigate the subject matter of this Request. Udio also objects to this Request as calling for a legal conclusion. Udio also objects to the terms "copied" "COPYRIGHTED SOUND RECORDINGS," and "Rights Owner" as requiring legal conclusions. Udio otherwise objects to the undefined term "copied" as vague and ambiguous. Udio further objects to this Request to the extent it requires Udio to undertake an unduly burdensome review of voluminous data.

Subject to and in light of the foregoing Specific and General Objections, Udio responds: Udio will neither admit nor deny this Request, on the grounds that the information requested is not a proper subject of a Request for Admission. If a response is deemed required, Udio denies the Request on that basis. Udio is willing to meet and confer regarding this Request.

**REQUEST FOR ADMISSION NO. 39:**

Admit that YOU did not train YOUR AI MODEL on at least one of the COPYRIGHTED SOUND RECORDINGS for which Atlantic Recording Corporation is identified as a "Rights Owner" in Exhibit A of the Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

Udio objects to this Request on the ground that "RFAs are not a substitute for other discovery methods such as document requests, interrogatories and depositions." *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, No. 18-cv-11386, 2021 WL 735241, at *2 (S.D.N.Y. Feb. 25, 2021). Udio further objects to this Request as premature because discovery is ongoing. Udio continues to investigate the subject matter of this Request. Udio also objects to the terms "copied" "COPYRIGHTED SOUND RECORDINGS," and "Rights Owner" as calling for legal conclusions. Udio objects to the undefined phrase "trained" as vague and ambiguous. Udio further objects to this Request to the extent it requires Udio to undertake an unduly burdensome review of voluminous data.

Subject to and in light of the foregoing Specific and General Objections, Udio responds: Udio will neither admit nor deny this Request, on the grounds that the information requested is not a proper subject of a Request for Admission. If a response is deemed required, Udio denies the Request on that basis. Udio is willing to meet and confer regarding this Request.

**REQUEST FOR ADMISSION NO. 40:**

Admit that YOU did not copy at least one of the COPYRIGHTED SOUND RECORDINGS for which Rhino Entertainment Company is identified as a "Rights Owner" in Exhibit A of the Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

Udio objects to this Request on the ground that "RFAs are not a substitute for other discovery methods such as document requests, interrogatories and depositions." *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, No. 18-cv-11386, 2021 WL 735241, at *2 (S.D.N.Y. Feb. 25, 2021). Udio further objects to this Request as premature because discovery is ongoing. Udio continues to investigate the subject matter of this Request. Udio also objects to this Request as calling for a legal conclusion. Udio also objects to the terms "copied" "COPYRIGHTED SOUND RECORDINGS," and "Rights Owner" as requiring legal conclusions. Udio otherwise objects to the undefined term "copied" as vague and ambiguous. Udio further objects to this Request to the extent it requires Udio to undertake an unduly burdensome review of voluminous data.

Subject to and in light of the foregoing Specific and General Objections, Udio responds: Udio will neither admit nor deny this Request, on the grounds that the information requested is not a proper subject of a Request for Admission. If a response is deemed required, Udio denies the Request on that basis. Udio is willing to meet and confer regarding this Request.

**REQUEST FOR ADMISSION NO. 41:**

Admit that YOU did not train YOUR AI MODEL on at least one of the COPYRIGHTED SOUND RECORDINGS for which Rhino Entertainment Company is identified as a "Rights Owner" in Exhibit A of the Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

Udio objects to this Request on the ground that "RFAs are not a substitute for other discovery methods such as document requests, interrogatories and depositions." *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, No. 18-cv-11386, 2021 WL 735241, at *2 (S.D.N.Y. Feb. 25, 2021). Udio further objects to this Request as premature because discovery is ongoing. Udio

40

continues to investigate the subject matter of this Request. Udio also objects to the terms "copied" "COPYRIGHTED SOUND RECORDINGS," and "Rights Owner" as calling for legal conclusions. Udio objects to the undefined phrase "trained" as vague and ambiguous. Udio further objects to this Request to the extent it requires Udio to undertake an unduly burdensome review of voluminous data.

Subject to and in light of the foregoing Specific and General Objections, Udio responds: Udio will neither admit nor deny this Request, on the grounds that the information requested is not a proper subject of a Request for Admission. If a response is deemed required, Udio denies the Request on that basis. Udio is willing to meet and confer regarding this Request.

**REQUEST FOR ADMISSION NO. 42:**

Admit that YOU did not copy at least one of the COPYRIGHTED SOUND RECORDINGS for which Warner Music Inc. is identified as a "Rights Owner" in Exhibit A of the Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

Udio objects to this Request on the ground that "RFAs are not a substitute for other discovery methods such as document requests, interrogatories and depositions." *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, No. 18-cv-11386, 2021 WL 735241, at *2 (S.D.N.Y. Feb. 25, 2021). Udio further objects to this Request as premature because discovery is ongoing. Udio continues to investigate the subject matter of this Request. Udio also objects to this Request as calling for a legal conclusion. Udio also objects to the terms "copied" "COPYRIGHTED SOUND RECORDINGS," and "Rights Owner" as requiring legal conclusions. Udio otherwise objects to the undefined term "copied" as vague and ambiguous. Udio further objects to this Request to the extent it requires Udio to undertake an unduly burdensome review of voluminous data.

Subject to and in light of the foregoing Specific and General Objections, Udio responds: Udio will neither admit nor deny this Request, on the grounds that the information requested is not a proper subject of a Request for Admission.  If a response is deemed required, Udio denies the Request on that basis.  Udio is willing to meet and confer regarding this Request.

**REQUEST FOR ADMISSION NO. 43:**

Admit that YOU did not train YOUR AI MODEL on at least one of the COPYRIGHTED SOUND RECORDINGS for which Warner Music Inc. is identified as a "Rights Owner" in Exhibit A of the Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 43:**

Udio objects to this Request on the ground that "RFAs are not a substitute for other discovery methods such as document requests, interrogatories and depositions." *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, No. 18-cv-11386, 2021 WL 735241, at *2 (S.D.N.Y. Feb. 25, 2021).  Udio further objects to this Request as premature because discovery is ongoing.  Udio continues to investigate the subject matter of this Request.  Udio also objects to the terms "copied" "COPYRIGHTED SOUND RECORDINGS," and "Rights Owner" as calling for legal conclusions.  Udio objects to the undefined phrase "trained" as vague and ambiguous.  Udio further objects to this Request to the extent it requires Udio to undertake an unduly burdensome review of voluminous data.

Subject to and in light of the foregoing Specific and General Objections, Udio responds: Udio will neither admit nor deny this Request, on the grounds that the information requested is not a proper subject of a Request for Admission.  If a response is deemed required, Udio denies the Request on that basis.  Udio is willing to meet and confer regarding this Request.

**REQUEST FOR ADMISSION NO. 44:**

Admit that YOU did not copy at least one of the COPYRIGHTED SOUND RECORDINGS for which Warner Music International Services Limited is identified as a "Rights Owner" in Exhibit A of the Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 44:**

Udio objects to this Request on the ground that "RFAs are not a substitute for other discovery methods such as document requests, interrogatories and depositions." *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, No. 18-cv-11386, 2021 WL 735241, at *2 (S.D.N.Y. Feb. 25, 2021). Udio further objects to this Request as premature because discovery is ongoing. Udio continues to investigate the subject matter of this Request. Udio also objects to this Request as calling for a legal conclusion. Udio also objects to the terms "copied" "COPYRIGHTED SOUND RECORDINGS," and "Rights Owner" as requiring legal conclusions. Udio otherwise objects to the undefined term "copied" as vague and ambiguous. Udio further objects to this Request to the extent it requires Udio to undertake an unduly burdensome review of voluminous data.

Subject to and in light of the foregoing Specific and General Objections, Udio responds: Udio will neither admit nor deny this Request, on the grounds that the information requested is not a proper subject of a Request for Admission. If a response is deemed required, Udio denies the Request on that basis. Udio is willing to meet and confer regarding this Request.

**REQUEST FOR ADMISSION NO. 45:**

Admit that YOU did not train YOUR AI MODEL on at least one of the COPYRIGHTED SOUND RECORDINGS for which Warner Music International Services Limited is identified as a "Rights Owner" in Exhibit A of the Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 45:**

Udio objects to this Request on the ground that "RFAs are not a substitute for other discovery methods such as document requests, interrogatories and depositions." *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, No. 18-cv-11386, 2021 WL 735241, at *2 (S.D.N.Y. Feb. 25, 2021). Udio further objects to this Request as premature because discovery is ongoing. Udio continues to investigate the subject matter of this Request. Udio also objects to the terms "copied" "COPYRIGHTED SOUND RECORDINGS," and "Rights Owner" as calling for legal conclusions. Udio objects to the undefined phrase "trained" as vague and ambiguous. Udio further objects to this Request to the extent it requires Udio to undertake an unduly burdensome review of voluminous data.

Subject to and in light of the foregoing Specific and General Objections, Udio responds: Udio will neither admit nor deny this Request, on the grounds that the information requested is not a proper subject of a Request for Admission. If a response is deemed required, Udio denies the Request on that basis. Udio is willing to meet and confer regarding this Request.

**REQUEST FOR ADMISSION NO. 46:**

Admit that YOU did not copy at least one of the COPYRIGHTED SOUND RECORDINGS for which Warner Records LLC is identified as a "Rights Owner" in Exhibit A of the Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 46:**

Udio objects to this Request on the ground that "RFAs are not a substitute for other discovery methods such as document requests, interrogatories and depositions." *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, No. 18-cv-11386, 2021 WL 735241, at *2 (S.D.N.Y. Feb. 25, 2021). Udio further objects to this Request as premature because discovery is ongoing. Udio continues to investigate the subject matter of this Request. Udio also objects to this Request as

calling for a legal conclusion. Udio also objects to the terms "copied" "COPYRIGHTED SOUND RECORDINGS," and "Rights Owner" as requiring legal conclusions. Udio otherwise objects to the undefined term "copied" as vague and ambiguous. Udio further objects to this Request to the extent it requires Udio to undertake an unduly burdensome review of voluminous data.

Subject to and in light of the foregoing Specific and General Objections, Udio responds: Udio will neither admit nor deny this Request, on the grounds that the information requested is not a proper subject of a Request for Admission. If a response is deemed required, Udio denies the Request on that basis. Udio is willing to meet and confer regarding this Request.

**REQUEST FOR ADMISSION NO. 47:**

Admit that YOU did not train YOUR AI MODEL on at least one of the COPYRIGHTED SOUND RECORDINGS for which Warner Records LLC is identified as a "Rights Owner" in Exhibit A of the Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 47:**

Udio objects to this Request on the ground that "RFAs are not a substitute for other discovery methods such as document requests, interrogatories and depositions." *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, No. 18-cv-11386, 2021 WL 735241, at *2 (S.D.N.Y. Feb. 25, 2021). Udio further objects to this Request as premature because discovery is ongoing. Udio continues to investigate the subject matter of this Request. Udio also objects to the terms "copied" "COPYRIGHTED SOUND RECORDINGS," and "Rights Owner" as calling for legal conclusions. Udio objects to the undefined phrase "trained" as vague and ambiguous. Udio further objects to this Request to the extent it requires Udio to undertake an unduly burdensome review of voluminous data.

Subject to and in light of the foregoing Specific and General Objections, Udio responds: Udio will neither admit nor deny this Request, on the grounds that the information requested is not a proper subject of a Request for Admission.  If a response is deemed required, Udio denies the Request on that basis.  Udio is willing to meet and confer regarding this Request.

**REQUEST FOR ADMISSION NO. 48:**

Admit that YOU did not copy at least one of the COPYRIGHTED SOUND RECORDINGS for which Warner Records/SIRE Ventures LLC is identified as a "Rights Owner" in Exhibit A of the Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 48:**

Udio objects to this Request on the ground that "RFAs are not a substitute for other discovery methods such as document requests, interrogatories and depositions." *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, No. 18-cv-11386, 2021 WL 735241, at *2 (S.D.N.Y. Feb. 25, 2021).  Udio further objects to this Request as premature because discovery is ongoing.  Udio continues to investigate the subject matter of this Request.  Udio also objects to this Request as calling for a legal conclusion.  Udio also objects to the terms "copied" "COPYRIGHTED SOUND RECORDINGS," and "Rights Owner" as requiring legal conclusions.  Udio otherwise objects to the undefined term "copied" as vague and ambiguous.  Udio further objects to this Request to the extent it requires Udio to undertake an unduly burdensome review of voluminous data.

Subject to and in light of the foregoing Specific and General Objections, Udio responds: Udio will neither admit nor deny this Request, on the grounds that the information requested is not a proper subject of a Request for Admission.  If a response is deemed required, Udio denies the Request on that basis.  Udio is willing to meet and confer regarding this Request.

**REQUEST FOR ADMISSION NO. 49:**

Admit that YOU did not train YOUR AI MODEL on at least one of the COPYRIGHTED SOUND

RECORDINGS for which Warner Records/SIRE Ventures LLC is identified as a "Rights Owner"

in Exhibit A of the Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 49:**

Udio objects to this Request on the ground that "RFAs are not a substitute for other

discovery methods such as document requests, interrogatories and depositions." *Spectrum*

*Dynamics Med. Ltd. v. Gen. Elec. Co.*, No. 18-cv-11386, 2021 WL 735241, at *2 (S.D.N.Y. Feb.

25, 2021). Udio further objects to this Request as premature because discovery is ongoing. Udio

continues to investigate the subject matter of this Request. Udio also objects to the terms "copied"

"COPYRIGHTED SOUND RECORDINGS," and "Rights Owner" as calling for legal

conclusions. Udio objects to the undefined phrase "trained" as vague and ambiguous. Udio further

objects to this Request to the extent it requires Udio to undertake an unduly burdensome review

of voluminous data.

Subject to and in light of the foregoing Specific and General Objections, Udio responds:

Udio will neither admit nor deny this Request, on the grounds that the information requested is not

a proper subject of a Request for Admission. If a response is deemed required, Udio denies the

Request on that basis. Udio is willing to meet and confer regarding this Request.

**REQUEST FOR ADMISSION NO. 50:**

Admit that YOU do not contend that OUTPUTS are copyrightable.

**RESPONSE TO REQUEST FOR ADMISSION NO. 50:**

Udio objects to this Request on the ground that "RFAs are not a substitute for other

discovery methods such as document requests, interrogatories and depositions." *Spectrum*

*Dynamics Med. Ltd. v. Gen. Elec. Co.*, No. 18-cv-11386, 2021 WL 735241, at *2 (S.D.N.Y. Feb. 25, 2021). Udio further objects to this Request as premature because discovery is ongoing. Udio continues to investigate the subject matter of this Request. Udio also objects to this Request to the extent it calls for a legal conclusion. Udio further objects to the undefined term "copyrightable" as calling for a legal conclusion or, alternatively, as vague and ambiguous. Udio objects to this Request as irrelevant to any issue in this litigation.

Subject to and in light of the foregoing Specific and General Objections, including on the basis of relevance and for the legal conclusion inherent in the Request, Udio responds that it will neither admit nor deny this Request, on the grounds that the information requested is not a proper subject of a Request for Admission. If a response is deemed required, Udio denies the Request on that basis. Udio is willing to meet and confer regarding this Request.

Dated: September 20, 2024                    Respectfully submitted,

Steven N. Feldman
Nathan Taylor
Latham & Watkins LLP
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
steve.feldman@lw.com
nathan.taylor@lw.com

Andrew M. Gass (*pro hac vice*)
Brittany N. Lovejoy (*pro hac vice*)
Latham & Watkins LLP
505 Montgomery Street
Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
andrew.gass@lw.com
brittany.lovejoy@lw.com

Sarang V. Damle
Latham & Watkins LLP
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004-1304
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
sy.damle@lw.com

*Counsel for Defendant Uncharted Labs, Inc.,
d/b/a Udio.com*

49

Alex Spiro
Andrew H. Schapiro
Jessica A. Rose
Todd Anten
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
alexspiro@quinnemanuel.com
andrewschapiro@quinnemanuel.com
jessicarose@quinnemanuel.com
toddanten@quinnemanuel.com

*Counsel for Defendant Uncharted Labs, Inc.,
d/b/a Udio.com*