# EXHIBIT Q

| | |
|---|---|
| **From:** | McLaughlin, Grace (NY) |
| **Sent:** | Friday, November 8, 2024 6:32 PM |
| **To:** | Lovejoy, Britt (Bay Area); Mariah Rivera; Gass, Andrew (Bay Area); Feldman, Steve (NY-LA); andrewschapiro@quinnemanuel.com; jessicarose@quinnemanuel.com; Franzek, Lydia (NY) |
| **Cc:** | Moez M. Kaba; Rajan Trehan; Alexander Perry; Katharine Ross |
| **Subject:** | RE: UMG Recordings, Inc. et al. v. Uncharted Labs, Inc., d/b/a Udio.com et al., No. 1:24-cv-04777 (AKH) |

Counsel,

As discussed, we are writing to provide Udio's positions on the requests identified in paragraph two of your email from this morning. Udio is amenable to meeting and conferring further on these requests as may be helpful to resolve any disputes between the parties.

| RFP Number | RFP | Udio's Position as of 10/13 | Plaintiffs' Position as of 10/29 | Udio's Position as of 11/08 |
|---|---|---|---|---|
| Udio RFP 1 | ALL DOCUMENTS and COMMUNICATIONS CONCERNING or RELATED TO PLAINTIFFS. | Without waiving its objections, Udio agrees to produce responsive, non-privileged documents and communications referring to Plaintiffs. | To be clear, the RFP requests documents and communications concerning or related to Plaintiffs, not just those that explicitly refer to one of the named Plaintiffs. Please confirm whether you will produce non-privileged documents and communications concerning or relating to Plaintiffs. | Without waiving its objections, Udio agrees to produce all non-privileged documents and communications concerning or related to Plaintiffs identified through a reasonable search. |
| Udio RFP 6 | ALL DOCUMENTS and COMMUNICATIONS RELATED TO YOUR use of "existing sound recordings as data to mine and analyze," as referenced on page 1 of the ANSWER. | Without waiving its objections, Udio agrees to produce documents sufficient to show its process for training in-scope AI Models, as described above. | This is insufficient. We requested all documents and communications concerning your self-described mining and analyzing of existing sound recordings. Defendant is not permitted to cherrypick the documents that it wants to share on this topic, which is directly related to core allegations in the Complaint. Only producing documents sufficient to show this process will not necessarily demonstrate how Udio has mined and studied sound recordings over time. We intend to move to compel. | Without waiving its objections, Udio agrees to produce all non-privileged documents and communications related to the technical process by which Udio uses "existing sound recordings as data to mine and analyze," as referenced on page 1 of the ANSWER. |

| RFP Number | RFP | Udio's Position as of 10/13 | Plaintiffs' Position as of 10/29 | Udio's Position as of 11/08 |
|---|---|---|---|---|
| Udio RFP 11 | ALL DOCUMENTS and COMMUNICATIONS RELATED TO YOUR belief that "many . . . UMG recordings" "probably were" in Udio's training data," as alleged on pages 9-10 of the ANSWER. | As we explained at the M&C, we believe that this request mischaracterizes the Answer.

Additionally, as we articulated at the M&C, we believe that the Answer itself is sufficiently responsive to this request as it explains the basis for Udio's belief.

Without waiving its objections, Udio agrees to produce non-privileged documents sufficient to show in response to this request, to the extent such documents exist. | This is insufficient. We requested all documents and communications related to your belief that many UMG recordings probably were in Udio's training data. Defendant is not permitted to cherrypick the documents that it wants to share on this topic, which is directly related to core allegations in the Complaint. We intend to move to compel. | Without waiving its objections, Udio agrees to produce all non-privileged documents and communications that specifically informed the statement in its Answer. |
| Udio RFP 21 | ALL DOCUMENTS AND COMMUNICATIONS RELATING TO United States intellectual property laws or regulations, including but not limited to the Copyright Act, 17 U.S.C. §§ 101 et seq., the Music Modernization Act, 17 U.S.C. §§ 1401, et seq., and the United States Copyright Office. | As articulated at the M&C, discovery related to matters outside of copyright law is irrelevant to this action.

Udio also maintains that the scope of this request is overbroad insofar as it concerns copyright matters unrelated to the infringement claim brought by Plaintiffs.

Without waiving its objections, Udio agrees to produce non-privileged documents and communications related to the Copyright Act's application to Udio's service. | This is insufficient. The request is focused on discovery into matters related to copyright law, as the Music Modernization Act and the United States Copyright Office are both related to copyright law more broadly. We are entitled to documents and communications related to these topics, which will demonstrate the willfulness of Udio's infringement, among other things. We intend to move to compel. | Without waiving its objections, Udio agrees to produce all non-privileged documents and communications relating to the Copyright Act, 17 U.S.C. §§ 101 et seq., the Music Modernization Act, 17 U.S.C. §§ 1401, et seq., and the United States Copyright Office in relation to Udio's service. |
| Udio RFP 23 | ALL DOCUMENTS and COMMUNICATIONS RELATED TO YOUR policies, procedures, or practices RELATED TO intellectual property rights, including but not limited to YOUR | As we articulated at the M&C, discovery related to matters outside of copyright law is irrelevant to this action.

Additionally, we maintain that the request requires a legal conclusion insofar as it requires Udio to assess whether a document reflects conduct that would comprise compliance or lack thereof with any given law. | To be clear, the RFP requests documents and communications related to Udio's policies and procedures, not just those that "outline" those policies and procedures. Please confirm whether you will produce non-privileged documents and communications related to the company's copyright policies and procedures. | Without waiving its objections, Udio agrees to produce non-privileged documents and communications related to the company's copyright policies and procedures. |

| RFP Number | RFP | Udio's Position as of 10/13 | Plaintiffs' Position as of 10/29 | Udio's Position as of 11/08 |
|---|---|---|---|---|
| | compliance with copyright law. | Without waiving its objections, Udio agrees to produce non-privileged documents and communications that outline the company's copyright policies and procedures, to the extent such documents exist. | | |
| Udio RFP 40 | ALL DOCUMENTS and COMMUNICATIONS RELATING TO the market for YOUR AI SERVICE, including but not limited to ANY projections or forecasts. | As we explained at the M&C, the term "market" is ambiguous and overbroad. We maintain that this request is both ambiguous and unduly burdensome.<br><br>Without waiving its objections, Udio agrees to produce documents sufficient to show financial projections or forecasts. | This is insufficient. We requested all documents and communications relating to the market for your AI Service. Defendant is not permitted to cherrypick the documents that it wants to share on this topic, which is directly related to core allegations in the Complaint and Udio's fair use defense. Any concern regarding scope or ambiguity can be dealt with when the parties negotiate search terms. We intend to move to compel. | Without waiving its objections, Udio agrees to respond to this request as served subject to the parties' agreement on reasonable search terms. |
| Udio RFP 41 | ALL DOCUMENTS and COMMUNICATIONS RELATING TO YOUR AI SERVICE's impact or effect on the music industry. | As we explained at the M&C, the terms "impact" and "effect" are vague, ambiguous, and overbroad. | Any concern regarding scope or ambiguity can be dealt with when the parties negotiate search terms. Please confirm that you will produce all documents and communications responsive to this request, or we will move to compel. | Without waiving its objections, Udio agrees to respond to this request as served subject to the parties' agreement on reasonable search terms. |
| Udio RFP 45 | DOCUMENTS sufficient to identify all PERSONS who invested in or financially backed UDIO. | As we explained at the M&C, we object to this request on relevance grounds as the identity of investors are irrelevant to the copyright claims alleged in the Complaint.<br><br>Udio refuses to produce documents in response to this request. | As we've already explained, these individuals are likely to have information relevant to demonstrating the purpose and character of the use, the effect of the use on the market, and willfulness. We intend to move to compel. | Udio refuses to produce documents in response to this request. |
| Udio RFP 46 | ALL DOCUMENTS and COMMUNICATIONS between YOU and ANY investors, venture capital backers, seed funders, or any other potential investors in UDIO, | As we explained at the M&C, we object to this request on relevance grounds as third-party communications are irrelevant to the copyright claims alleged in the Complaint.<br><br>Udio refuses to produce documents in response to this request. | Plaintiffs propose narrowing this request to:<br><br>ALL DOCUMENTS and COMMUNICATIONS between YOU and ANY investors, venture capital backers, seed funders, or any other potential investors in UDIO, including but not limited to Andreessen Horowitz (a16z), Steve Stoute's UnitedMasters, will.I.am, Common, Tay Keith, Kevin Wall, Mike | Udio refuses to produce documents in response to this request. |

3

| RFP Number | RFP | Udio's Position as of 10/13 | Plaintiffs' Position as of 10/29 | Udio's Position as of 11/08 |
|---|---|---|---|---|
| | including but not limited to Andreessen Horowitz (a16z), Steve Stoute's UnitedMasters, will.I.am, Common, Tay Keith, Kevin Wall, Mike Krieger, and Oriol Vinyals. | | Krieger, and Oriol Vinyals, regarding YOUR TRAINING DATA, SOUND RECORDINGS, copyright law, and/or business risks.<br><br>These documents and communications are directly relevant to Plaintiffs' claims, including because they will likely demonstrate Udio's willfulness and state of mind, and identify third parties with discoverable information. Please confirm whether you will produce all documents and communications responsive to this narrowed request. | |
| Udio RFP 47 | ALL DOCUMENTS and COMMUNICATIONS RELATING TO investor presentations and meetings, including but not limited to pitch decks to investors and potential investors. | As we explained at the M&C, we object to this request on relevance grounds as the materials prepared for investors are irrelevant to the copyright claims alleged in the Complaint.<br><br>Udio refuses to produce documents in response to this request. | As we've already explained, these documents and communications are relevant to demonstrating the purpose and character of the use, the effect of the use on the market, and willfulness. We intend to move to compel. | Udio refuses to produce documents in response to this request. |
| Udio RFP 48 | DOCUMENTS sufficient to show YOUR funding and financing. | As we explained at the M&C, we object to this request on relevance grounds as information regarding funding and financing are irrelevant to the copyright claims alleged in the Complaint.<br><br>Udio refuses to produce documents in response to this request. | Plaintiffs propose amending this request to:<br><br>DOCUMENTS sufficient to show YOUR profits on a monthly basis.<br><br>These documents are relevant to calculating Plaintiffs' damages. Please confirm whether you will produce all documents and communications responsive to this narrowed request. | Without waiving its objections, Udio agrees to respond to produce documents sufficient to show its profits on a monthly basis. |

**Grace McLaughlin**
Pronouns: She/Her/Hers

**LATHAM & WATKINS LLP**
1271 Avenue of the Americas | New York, NY 10020