UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UMG RECORDINGS, INC., CAPITOL RECORDS, LLC, SONY MUSIC ENTERTAINMENT, ARISTA MUSIC, ARISTA RECORDS LLC, ATLANTIC RECORDING CORPORATION, RHINO ENTERTAINMENT COMPANY, WARNER MUSIC INC., WARNER MUSIC INTERNATIONAL SERVICES LIMITED, WARNER RECORDS INC., WARNER RECORDS LLC, and WARNER RECORDS/SIRE VENTURES LLC,<br><br>                  Plaintiffs,<br><br>      v.<br><br>UNCHARTED LABS, INC., d/b/a Udio.com, and JOHN DOES 1-10,<br><br>                  Defendant. | Case No. 1:24-cv-04777-AKH |

**MEMORANDUM OF LAW IN SUPPORT OF UDIO'S NOTICE OF MOTION TO MAINTAIN UNDER SEAL PORTIONS OF EXHIBIT J TO THE PARTIES' JOINT LETTER MOTION**

**INTRODUCTION**

Pursuant to Paragraphs 20 and 21 of the Stipulated Protective Order entered in this case, Dkt. No. 67 ("Protective Order"), and Rule 4(B) of the Court's Individual Rules, Defendant Uncharted Labs, Inc., d/b/a Udio.com ("Udio") hereby files this memorandum in support of Udio's motion to maintain under seal highlighted portions of Exhibit J (the January 13, 2025 Declaration of Fengning "David" Ding) (the "January Ding Declaration") to the parties' February 18, 2025 Joint Letter Motion. *See* Dkt. No. 73 (sealed, highlighted version); *see also* Dkt. No. 71-10 (public, redacted version). This Memorandum is accompanied by the Declaration of Brittany N. Lovejoy ("Lovejoy Decl.").

As set forth below, the Court should grant Udio's Motion because the unredacted version of the January Ding Declaration contains highly sensitive, proprietary, confidential business information regarding Udio's training data for its generative artificial intelligence ("AI") product. Such information, if publicly disseminated, could cause significant competitive harm to Udio's business interests, by allowing Udio's competitors to leverage such information in furtherance of their own generative AI products or business strategy. Further, in the interest of public access, Udio has proposed tailored redactions that cover only the portions of the January Ding Declaration to which there is a sufficiently compelling interest in privacy.

Udio thus respectfully requests the Court grant Udio's Motion.

**BACKGROUND**

On January 13, 2025, the parties provided a joint submission to Special Master James C. Francis IV, outlining several disputes related to the protocol for Plaintiffs' inspection of Udio's training data for its generative AI product, including the appropriate confidentiality designation for Udio's training data. *See* Dkt. No. 54 (appointing Special Master to, among other things, assist

1

the parties with negotiating discovery protocols). To support Udio's positions related to the training data inspection protocol, Mr. Ding, Udio's Founder and Chief Technology Officer, submitted a declaration describing why Udio's training data should be designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY ("AEO") under the Protective Order. *See* Dkt. No. 67. In particular, the January Ding Declaration describes in detail (i) how Udio creates and processes its training datasets; and (ii) Udio's efforts to protect its training data. *See* Lovejoy Decl. ¶ 3. These details are non-public, commercially sensitive, proprietary information that are critical to Udio's business. Accordingly, Udio designated these portions of the January Ding Declaration as AEO under the Protective Order.

Plaintiffs subsequently attached the January Ding Declaration as an exhibit to the parties' February 18, 2025 Joint Letter Motion (the "Joint Letter Motion"), in which Plaintiffs seek to compel Udio to produce, among other things, documents related to Udio's training of its AI models. *See* Dkt. No. 71-10 (public exhibit); Dkt. No. 73 (sealed exhibit); *see also* Dkt. No. 71 at 10–17.[1] Plaintiffs did not quote any redacted portions of the January Ding Declaration in the Joint Letter Motion. Rather, Plaintiffs quote unredacted portions of the January Ding Declaration to contextualize Udio's "data processing techniques" and "engineering processes." *See* Dkt. No. 71, at 12. The Court granted Plaintiffs' motion to file certain portions of the January Ding Declaration under seal on February 21, 2025. *See* Dkt. No. 74; *see also* Dkt. No. 72 (Plaintiffs' sealing motion, filed with the parties' February 18, 2025 Joint Letter Motion). Udio now provides the Court with a statement of the reasons why the unredacted version of the January Ding Declaration should remain under seal. *See* Dkt. No. 67 ¶ 20.

---

[1] Plaintiffs also attached a February 18, 2025 declaration from Mr. Ding as Exhibit G to the Joint Letter Motion. *See* Dkt. No. 71-7. The February 18, 2025 declaration does not contain any confidential information and is thus not at issue in this Motion.

2

**ARGUMENT**

While "[c]ourt records . . . enjoy a presumption of openness to public inspection," the presumption is "rebuttable upon demonstration that 'closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *See* J. Hellerstein, Individual Rule 4(B) (quoting *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 144 (2d Cir. 2016)).

Udio seeks to maintain under seal commercially sensitive, proprietary information regarding Udio's training data contained in the January Ding Declaration. "[T]he confidentiality of sensitive commercial information" has been recognized by courts as an interest warranting protection over rights to public access. *Blackboard Inc. v. Int'l Bus. Machs. Corp.*, No. 21-cv-07165, 2021 WL 4776287, at *1 (S.D.N.Y. Oct. 12, 2021); *see also Standard Inv. Chartered, Inc. v. Fin. Indus. Reg. Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (summary order) (affirming district court sealing order premised on a conclusion "that [a party's] interest in protecting confidential business information outweighs [. . . the] presumption of access").

Even assuming that the January Ding Declaration constitutes a judicial document,[2] the presumption of public access is easily rebutted here. As an initial matter, any presumption of public access to this highly confidential information should be given considerably less weight because the January Ding Declaration is related to a discovery dispute. *See, e.g., Richards v. Kallish,* No. 22-cv-09095, 2023 WL 6276684, at *2 (S.D.N.Y. Sept. 26, 2023) (finding that while

---

[2] When determining whether documents at issue on a motion to seal are subject to this common law right of public access, the court must first conclude that the documents at issue are judicial documents. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). The January Ding Declaration was attached as Exhibit J to the Joint Discovery Letter to provide factual context regarding Udio's training of its AI model. *See* Dkt. No. 71, at 12. Indeed, the text Udio seeks to redact from Exhibit J was not quoted by Plaintiffs in the Joint Letter Motion. *See* Dkt. No. 71. In other words, Plaintiffs do not rely on the redacted text to support their motion to compel discovery. The redacted text is thus not necessary to adjudicate the issues raised in the Joint Letter Motion, and arguably does not qualify as a judicial document to which the presumption of access attaches in the first place.

3

the Court must "articulate specific and substantial reasons for sealing material filed in connection with a discovery dispute, the reasons usually need not be as compelling as those required to seal filings connected to a dispositive motion.") (citation and internal quotation marks omitted); *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019) (holding that "the presumption of public access in filings submitted in connection with discovery disputes . . . is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions"); *Authors Guild*, 2025 WL 66500, at *3 (even as to the parties' actual briefs, "a low presumption of public access attaches because these documents are related to discovery.").

More importantly, Udio's compelling need to protect the highly confidential information in the January Ding Declaration outweighs any presumption of access that attaches here. If such information was publicly disclosed, Udio's competitors could gain an unfair advantage, which would be particularly harmful given the nascent nature of the artificial intelligence market. *See* Lovejoy Decl. ¶¶ 3–4. For instance, if this information were revealed, Udio's competitors could ascertain techniques Udio has employed to develop its music-generative AI product and could unfairly leverage that confidential, proprietary information to mimic those techniques. *See id.* ¶ 4. Further, publicly releasing information concerning the safeguards Udio employs to protect its training data could allow bad actors to circumvent those safeguards. *See id.* In ordinary course, Udio thus strictly maintains the confidentiality of such information. *See id.* ¶ 3.

For these reasons, other courts in this District and across the country have routinely granted motions to seal the exact same kinds of commercially sensitive information in other generative AI copyright cases. *See, e.g.*, *The New York Times v. Microsoft Corp.*, No. 23-cv-11195, Dkt. No. 378 (S.D.N.Y. Jan. 10, 2025) (granting motions to seal exhibits and portions of letter motions that reference "information of the type that would normally be kept strictly confidential by the parties"

4

and noting "the high-stakes nature and publicity of these cases and the sensitive information involved"); *see also id.*, Dkt. No. 349 ¶ 6 (information sought to be maintained under seal included details of training processes for generative AI model); *Authors Guild v. OpenAI Inc.*, No. 23-cv-08292, 2025 WL 66500, at *1, 3 (S.D.N.Y. Jan. 10, 2025) (sealing unredacted versions of letter briefs, motions and declarations that reference information designated as Highly Confidential – AEO under the operative protective order); *accord Kadrey v. Meta Platforms, Inc.*, No. 23-cv-03417, Dkt. No. 304 (N.D. Cal. Dec. 4, 2024) (order granting motion to seal discussion of training data in generative AI copyright case); *Concord Music Grp., Inc.* v. *Anthropic PBC*, No. 24-cv-03811, Dkt. No. 261, at 6 (N.D. Cal. Nov. 1, 2024) (arguing that disclosure of confidential information about training data "would allow [the defendant]'s competitors to gain unfair insight into and mimic [the defendant]'s training methods"); *Anthropic*, No. 24-cv-03811, Dkt. No. 282, at 2–4 (N.D. Cal. Dec. 19, 2024) (granting request to seal confidential information about training data).[3]

Last, in the interest of public access, Udio only seeks to keep sealed the portions of the January Ding Declaration that would disclose Udio's highly confidential and propriety details regarding its trading data; the more general descriptions of its AI product will remain available for

---

[3] Likewise, outside of the generative AI context, courts routinely grant sealing applications to protect trade secrets and other commercially sensitive, proprietary information. *See, e.g.*, *Nespresso USA, Inc. v. Williams-Sonoma, Inc.*, No. 19-cv-04223, 2021 WL 1812199, at *3 (S.D.N.Y. May 6, 2021) (granting motion to redact portions of letter motion for a pre-motion discovery conference and seal entire exhibits referencing "sensitive business information . . . that, if disclosed, could materially harm the parties involved"); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (permitting redaction of specific business information and strategies, which, if revealed, may provide insights into the company's business practices that another party could seek to exploit); *Hesse v. SunGard Sys. Int'l*, No. 12-cv-01990, 2013 WL 174403, at *2 (S.D.N.Y. Jan. 14, 2013) ("Courts have limited public access to sensitive business information by sealing portions of the record, finding that safeguarding trade secrets can overcome the presumption of access."); *accord Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, No. 07-cv-02014, 2008 WL 199537, at *16 (S.D.N.Y. Jan. 22, 2008) (granting motion to seal portions of pleading because public disclosure of certain allegations "could cause [the defendant] significant competitive disadvantage").

5

public viewing. Narrowly fashioning a request in this way supports sealing. *See, e.g.*, *Playtex Prods., LLC v. Munchkin, Inc.*, No. 14-cv-01308, 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016) (granting motion to seal requiring redaction of a "limited number of statements in the briefs and exhibits"); *Cooksey v. Digital*, No. 14-cv-07146, 2016 WL 316853, at *3 (S.D.N.Y. Jan. 26, 2016) (granting motion to seal and noting that "[t]he Court has carefully reviewed the redacted Amended Complaint to assure that the redactions are narrowly tailored to redact only the allegations as to which there is a sufficiently compelling interest in privacy"). Udio's tailored request balances the public's weak interest in disclosure of this information peripheral (at best) to the instant discovery dispute against Udio's strong interest in safeguarding its sensitive commercial information.

    For these reasons, Udio respectfully requests that the Court grant Udio's Motion.

Dated: February 25, 2025

/s/ *Brittany N. Lovejoy*
Steven N. Feldman
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
steve.feldman@lw.com

Andrew M. Gass (*pro hac vice*)
Brittany N. Lovejoy[4] (*pro hac vice*)
**LATHAM & WATKINS LLP**
505 Montgomery Street
Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
andrew.gass@lw.com
brittany.lovejoy@lw.com

Sarang V. Damle
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004-1304
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
sy.damle@lw.com

Alex Spiro
Todd Steven Anten
Jessica Anne Rose
**QUINN EMANUEL URQUHART & SULLIVAN LLP**
51 Madison Avenue
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
alexspiro@quinnemanuel.com
toddanten@quinnemanuel.com
jessicarose@quinnemanuel.com

---

[4] Udio uses electronic signatures with consent in accordance with Rule 8.5(b) of the Court's ECF Rules and Instructions.

Andrew H. Schapiro
**QUINN EMANUEL URQUHART & SULLIVAN LLP**
191 N. Wacker Drive
Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401
andrewschapiro@quinnemanuel.com

*Counsel for Defendant Uncharted Labs, Inc., d/b/a Udio.com*

8

## **CERTIFICATE OF COMPLIANCE**

I, Brittany N. Lovejoy, an attorney duly admitted to practice before this Court, hereby certify pursuant to Local Rule 7.1(c) of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rules") that the foregoing Memorandum of Law was prepared using Microsoft Word and contains 1,891 words in accordance with the Local Rules. In making this calculation, I have relied on the word and page counts of the word-processing program used to prepare the document.

Dated: <u>February 25, 2025</u>
   New York, New York

                <u>*/s/ Brittany N. Lovejoy*</u>
                Brittany N. Lovejoy
                LATHAM & WATKINS LLP
                *Attorneys for Defendant Uncharted Labs, Inc., d/b/a Udio.com*