**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

UMG RECORDINGS, INC., CAPITOL
RECORDS, LLC, SONY MUSIC
ENTERTAINMENT, ARISTA MUSIC, ARISTA
RECORDS LLC, ATLANTIC RECORDING
CORPORATION, RHINO ENTERTAINMENT
COMPANY, WARNER MUSIC INC., WARNER
MUSIC INTERNATIONAL SERVICES
LIMITED, WARNER RECORDS INC.,
WARNER RECORDS LLC, and WARNER
RECORDS/SIRE VENTURES LLC,

          Plaintiffs,

      v.

UNCHARTED LABS, INC., d/b/a Udio.com, and
JOHN DOES 1-10,

          Defendant.

Case No. 1:24-cv-04777-AKH

---

**DECLARATION OF BRITTANY N. LOVEJOY**
**IN SUPPORT OF UDIO'S NOTICE OF MOTION TO MAINTAIN UNDER SEAL**
**PORTIONS OF EXHIBIT J TO THE PARTIES' JOINT LETTER MOTION**

I, Brittany N. Lovejoy, the undersigned, declare as follows:

      1.      I am a partner at Latham & Watkins LLP and counsel of record for Uncharted Labs,

Inc., d/b/a Udio.com ("Udio") in this case. I have personal knowledge of the matters stated in this

declaration, and if called as a witness, I could and would competently testify to them.

      2.      I submit this declaration in accordance with Rule 4(B) of the Individual Rules of

the Honorable Alvin K. Hellerstein and Paragraphs 20 and 21 of the Stipulated Protective Order

entered in this case, Dkt. No. 67 (the "Protective Order"), in support of Udio's motion to maintain

under seal portions of Exhibit J to the parties' February 18, 2025 Joint Letter Motion ("Joint

Letter"), and in connection with Plaintiffs' Motion to File Redacted Exhibit Re: Plaintiffs' Motion

to Compel, Dkt. No. 72, which the Court granted on February 21, 2025, Dkt. No. 74.

      3.      Exhibit J to the Joint Letter Motion is a January 13, 2025 declaration submitted by

Udio's Chief Technology Officer and Co-Founder, Fengning "David" Ding (the "January Ding Declaration").  *See* Dkt. No. 73 (sealed, highlighted version); *see also* Dkt. No. 71-10 (public, redacted version).  Portions of the January Ding Declaration were designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY ("AEO") pursuant to the Protective Order in this case. *See* Dkt. No. 67.  Those designated portions describe in detail: (i) how Udio creates and processes its training datasets for its artificial intelligence product; and (ii) Udio's efforts and security measures to protect its training data from disclosure.  This information is highly sensitive and proprietary, and Udio takes significant steps to maintain the confidentiality of this information.

4.      The public disclosure of the designated information would harm Udio's business interests.  This harm is particularly acute given the nascent, highly competitive nature of the market for generative artificial intelligence products.  For example, if details about how Udio compiled and processed its training data became public, Udio's competitors could ascertain some of the methods Udio used to build its groundbreaking music-generative AI product.  Once ascertained, Udio's competitors could use that proprietary information as a roadmap to mimic those methods when developing their own generative AI products, thereby improperly leveraging Udio's expertise.  Additionally, disclosing details about the security measures Udio uses to protect its training data could enable both competitors and noncompetitors to bypass those protections.  Such harm cannot be avoided by less restrictive means than sealing limited portions of the Ding Declaration, as described above.

5.      The sealing of the January Ding Declaration, and partial redaction of the four paragraphs of the January Ding Declaration that reveal this commercially sensitive information, are narrowly tailored to maintain confidentiality only over sensitive propriety information that would harm Udio's business interests if publicly disclosed.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 25, 2025, at New York, New York.

By:  */s/ Brittany N. Lovejoy*
     Brittany N. Lovejoy
     LATHAM & WATKINS LLP
     *Attorneys for Defendant Uncharted Labs,*
     *Inc., d/b/a Udio.com*