UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------- x
:
UMG RECORDINGS, INC. ET AL,          :
                                      :     **ORDER GRANTING MOTION**
           Plaintiffs,                :     **TO COMPEL**
                                      :
   -against-                          :     24 Civ. 4777 (AKH)
                                      :
UNCHARTED LABS, INC. ET AL,           :
                                      :
           Defendants.                :
                                      :
--------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

  Defendants Uncharted Labs, Inc. et al ("Udio"), served a set of Requests for Production on Plaintiffs UMG Recordings, Inc. et al ("UMG Recordings") on September 16, 2024, including requests for Plaintiffs to produce deposit copies of the Asserted Works and artist-label agreements for all "works made for hire" for which Plaintiffs are listed as an author or owner on the registration. Works made for hire are those works that are authored by another party under contract with Plaintiffs, for which ownership is transferred to Plaintiffs through assignment clauses in contractual agreements. Plaintiffs objected to those requests, and by joint letter of March 4, 2025, the parties raised the dispute to the Court. Defendants move to compel production of the deposit copies and the artist-label agreements. For the reasons below, that motion is granted.

  Plaintiffs assert that it is not necessary to produce the deposit copies of the Asserted Works, because audio fingerprinting technology can identify that publicly published versions of the sound recordings are identical to the recordings submitted to the U.S. Copyright Office. As to the artist-label agreements, Plaintiffs argue that the chain-of-title documentation that they have already produced is sufficient to establish that they have ownership of the works

1

made for hire. Alternatively, Plaintiffs propose a sampling protocol for discovery, by which a 10% sample of the artist-label agreements for the works made for hire at issue would be produced for review by Defendants. Plaintiffs also cite the significant burden that the requested discovery would impose on them.

Defendants assert that the documentation that Plaintiffs have suggested producing is insufficient to prove ownership, both as to the deposit copies and as to the artist-label agreements for works made for hire. Defendants further argue that the deposit copies must be produced so that they can ascertain what Plaintiffs have registered.

This is a copyright infringement action, for which Plaintiffs must prove ownership of the underlying Asserted Works. *See Boisson v. Banian, Ltd.*, 273 F.3d 262, 267 (2d Cir. 2001) (citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). "[R]egistration creates no irrebuttable presumption of copyright validity" and the Defendants are entitled to discovery of the basic documents of ownership of copyrights. *See Urbont v. Sony Music Ent.*, 831 F.3d 80, 89 (2d Cir. 2016). Deposit copies are the embodiment of the copyright itself and the specific sound recording that was copyrighted. *See Structured Asset Sales, LLC v. Sheeran*, 559 F. Supp. 3d 172, 174 (S.D.N.Y. 2021), *aff'd*, 120 F.4th 1066, 1075 (2d Cir. 2024); *see also* 2 Nimmer on Copyright § 7.16[A][2][b] (2024). The alternative discovery proposed by Plaintiffs is not the best evidence of ownership of the specific copyrighted sound recordings or the contours of what was registered, and Plaintiffs must therefore produce the deposit copies.

The artist-label agreements requested by Defendants are also relevant, as they are necessary to ascertain whether the works in question are in fact works made for hire owned by Plaintiffs. *See Urbont*, 831 F.3d at 89-90; *see also Int'l Media Films, Inc. v. Lucas Ent., Inc.*, 703 F. Supp. 2d 456, 463 (S.D.N.Y. 2010) ("[A] transferee plaintiff in a copyright infringement

2

action must prove that the copyright was properly transferred to the plaintiff."). A sampling would not be sufficient to establish ownership for all of the asserted works made for hire, and the alternative documentation produced by Plaintiffs likewise does not suffice. Each copyright must be proven on its own. Plaintiffs must therefore produce the artist-label agreements for all works made for hire.

SO ORDERED.

Dated:   April ___, 2025
         New York, New York

/s/ ALVIN K. HELLERSTEIN
ALVIN K. HELLERSTEIN
United States District Judge