UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UMG RECORDINGS, INC., CAPITOL RECORDS, LLC, SONY MUSIC ENTERTAINMENT, ARTISTA MUSIC, ARISTA RECORDS LLC, ATLANTIC RECORDING CORPORATION, RHINO ENTERTAINMENT COMPANY, WARNER MUSIC INC., WARNER MUSIC INTERNATIONAL SERVICES LIMITED, WARNER RECORDS LLC, and WARNER RECORDS/SIRE VENTURES LLC,<br><br>            Plaintiffs,<br>vs.<br><br>UNCHARTED LABS, INC., d/b/a Udio.com, and JOHN DOES 1-10,<br><br>            Defendant. | Case No. 1:24-cv-04777 (AKH) |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CLARIFICATION**

Pursuant to Federal Rule of Civil Procedure 60(a) and Rule 2.B of this Court's Individual Rules of Practice, Plaintiffs UMG Recordings, Inc. and Capitol Records, LLC (collectively "UMG"); Sony Music Entertainment ("SME"), Arista Music, and Arista Records LLC ("Arista Records," and collectively with Arista Music and SME, "Sony"); Atlantic Recording Corporation ("Atlantic"), Rhino Entertainment Company ("Rhino"), Warner Music Inc. ("WMI"), Warner Music International Services Limited ("WMISL"), Warner Records Inc., Warner Records LLC, and Warner Records/SIRE Ventures LLC ("WR/SIRE," and collectively with Atlantic, Rhino, WMI, WMISL, Warner Records Inc., and Warners Records LLC, "Warner," and together with Universal and Sony, "Plaintiffs") respectfully move for clarification of the Court's April 8, 2025 Order. *See* Dkt. 89 (the "Order").

## INTRODUCTION

In its recent Order granting Defendant Uncharted Labs, Inc.'s ("Udio") motion to compel, the Court ordered Plaintiffs to "produce the deposit copies" of the sound recordings at issue. Order at 2. As is true of all copyright registrants, however, Plaintiffs do not possess the literal "deposit copies" because those copies were submitted to the U.S. Copyright Office as a condition of registration. *See* U.S. Copyright Office, Compendium of U.S. Copyright Office Practices ("Copyright Compendium") § 1503.1 (3d ed. 2021). Accordingly, Plaintiffs seek clarification that they can comply with the Court's Order by producing bona fide copies of the works submitted to the Copyright Office. Should the Court prefer, Plaintiffs are also amenable to meeting with the Special Master to discuss the issues raised in the present motion.

Plaintiffs seek clarification that they can comply with the Court's order by producing (a) digital copies of each asserted work that are in their possession, custody, or control, and (b) declarations establishing that those digital copies are identical to the deposit copies submitted to

the Copyright Office when the works were registered. Such copies are exactly what Udio sought in its motion to compel. *See* Dkt. 80 at 5. Plaintiffs can also provide Udio with whatever written authorizations it requires to obtain additional copies of Plaintiffs' recordings directly from the U.S. Copyright Office. Plaintiffs respectfully request that the Court clarify its Order to make clear that the foregoing will satisfy their production obligations.

This same issue arose in connection with a virtually identical motion to compel filed in *UMG Recordings, Inc. v. Suno, Inc*., No. 24 Civ. 11611 (FDS) (D. Mass.). There, as here, the actual deposit copies were given to the Copyright Office as part of the copyright registration process, yet Suno (a generative AI defendant represented by the same counsel as Udio here) sought to compel the production of those deposit copies. Last week, the United States District Court for the District of Massachusetts rejected Suno's request that the plaintiffs in that case search for and produce physical archival copies of the asserted sound recordings and instead adopted the very same approach that Plaintiffs propose here: production of digital copies of each asserted work, along with declarations attesting that those recordings are the same as what was deposited with the Copyright Office with their registration applications. The court further ordered the parties to cooperate to provide Suno with whatever written authorizations it requires to obtain any additional copies directly from the Copyright Office itself.

Plaintiffs believe this approach will best effectuate the purposes of this Court's Order—namely, Plaintiffs' production of copies of the sound recordings that are verifiably the same as those on deposit with the Copyright Office. Plaintiffs respectfully request that the Court clarify that their proposal will constitute compliance with its Order.

## BACKGROUND

On March 4, 2025, Udio moved to compel Plaintiffs to produce copies of the sound recordings that were submitted to the U.S. Copyright Office when the asserted works were registered. *See* Dkt. 80 at 4-7. On March 13, 2025, the Court-appointed Special Master held a conference to address various discovery disputes, including Udio's motion to compel deposit copies. Ex. A ("Trehan Decl.") ¶ 3. The Special Master recommended that the parties continue meeting and conferring on the issue. *Id.* ¶ 4. The parties were unable to reach a resolution and requested a hearing with the Special Master to further address the issue. *Id.* ¶ 6.

Before that hearing with the Special Master could be scheduled, the Court issued the Order granting Udio's motion to compel and ordered Plaintiffs to "produce the deposit copies." Order at 2; *see also* Trehan Decl. ¶ 6.

The actual deposit copies of the asserted sound recordings were submitted to and deposited with the Copyright Office, and are therefore outside Plaintiffs' possession, custody, and control.[1] However, Plaintiffs do possess, and can produce in compliance with the Order, bona fide digital copies of the works they submitted to the Copyright Office, which they can attest are identical to the deposit copies submitted to the Copyright Office when the works were registered.

---

[1] The Copyright Act mandates that applicants can obtain copyright registrations only, among other things, "by delivering to the Copyright Office the deposit specified by this section," which for present purposes is "two complete copies or phonorecords of the best edition." 17 U.S.C. § 408(a), (b)(2); *see also Dallas Buyers Club, LLC v. Huszar*, 2019 WL 5856460, at *6 (D. Or. Sept. 3, 2019) ("[Plaintiff] does not have possession or custody of the depository copy of the Movie, which was necessarily submitted to the United States Copyright Office . . . with the copyright registration."). The Copyright Office does not, in the ordinary course, return these deposit copies to copyright owners. *See* Copyright Compendium § 1510.3 ("Certain parties may request *a certified or uncertified copy* of the deposit copy(ies) or identifying material for a copyright claim . . . ." (emphasis added)).

**LEGAL STANDARD**

Federal Rule of Civil Procedure 60(a) allows a court to "clarify" an order "to reflect the necessary implications of the original order" or "to ensure that the court's purpose is fully implemented." *L.I. Head Start Child Dev. Servs., Inc. v. Econ. Opportunity Comm'n of Nassau Cnty., Inc.*, 956 F. Supp. 2d 402, 410 (E.D.N.Y. 2013) (internal quotation marks omitted); *see also Greer v. Mehiel*, 2017 WL 128520, at *2 (S.D.N.Y. Jan. 12, 2017) (same).

**ARGUMENT**

The Order requires Plaintiffs to "produce the deposit copies" of the asserted works. Order at 2. However, as a condition of registration, those copies were given to the Copyright Office, and are therefore no longer in Plaintiffs' possession, custody, or control. *See* 17 U.S.C. § 408; Copyright Compendium § 1503.1. Plaintiffs respectfully seek clarification that they can satisfy the Order by producing (a) digital copies of each asserted work that are in their possession, custody, or control, and (b) declarations establishing that those digital copies are identical to the deposit copies submitted to the Copyright Office when the works were registered. Plaintiffs can also provide Udio with whatever written authorizations it requires to obtain additional certified copies of Plaintiffs' recordings directly from the U.S. Copyright Office.

To comply with the Order, Plaintiffs intend to source these digital copies of their recordings for production from their centralized repositories for digital music assets. *See* Ex. B ("Duchardt Suppl. Decl.") ¶ 3; Ex. C ("O'Connell Decl.") ¶ 3; Ex. D ("Beauchamp Suppl. Decl.") ¶ 3. These digital files are versions of the very same recordings that were deposited with the Copyright Office. *See* Duchardt Suppl. Decl. ¶ 5 & n.1; O'Connell Decl. ¶ 5; Beauchamp Suppl. Decl. ¶ 5 & n.1. To identify the recordings deposited with the Copyright Office, Plaintiffs will match the information listed on the relevant copyright registration certificates to the available metadata from their

repositories—such as artist name, title, release year, UPC, and/or catalog number. *See* Duchardt Suppl. Decl. ¶ 4; O'Connell Decl. ¶ 4; Beauchamp Suppl. Decl. ¶ 4. For example, Copyright Registration No. SR 55-647 lists the following identifying information for a recording owned by Sony: the artist is Bruce Springsteen, the title is "Born in the U.S.A.," the date of first publication is May 1984, and the catalog number is QC 38653. *See* Ex. E (SONY_UDIO_00000050). Sony will then enter those identifiers into its centralized repository for digital music assets to identify a digital version of what was deposited with the Copyright Office for registration. *See* O'Connell Decl. ¶¶ 3-4. Plaintiffs will apply this same process for every registered work asserted in this action and will so attest in sworn declarations.[2]

This approach, which Plaintiffs had planned to present to the Special Master, *see* Trehan Decl. ¶ 6, will give Udio exactly what it sought in its motion to compel: bona fide copies of the sound recordings corresponding to the works reflected in the copyright registrations. *See* Dkt. 80 at 5. It is also a practical and administrable interpretation of the Court's directive to "produce the deposit copies." Order at 2. Indeed, Udio can use the digital copies Plaintiffs will produce to accomplish the same ends that Udio articulated in its motion to compel, that is, to "test" that these copies of the asserted recordings "are identical to works in Udio's training data." Dkt. 80 at 6.

Courts in this District dealing with similar issues have accepted precisely the kind of evidence Plaintiffs now propose to produce in response to the Order—exact copies of the asserted works, paired with sworn declarations affirming that they are the same as what was deposited with the Copyright Office. *See, e.g.*, *Chicoineau v. Bonnier Corp.*, 2018 WL 6039387, at *2 (S.D.N.Y.

---

[2] Plaintiffs have also asserted several pre-1972 sound recordings, which were never deposited with the Copyright Office. Since there is no deposit copy requirement for these recordings, Plaintiffs will identify the recording by matching the recordings with the information reflected on the index schedules they submitted to the Copyright Office pursuant to 17 U.S.C. § 1401.

Oct. 16, 2018) ("Given [plaintiff's] sworn declaration that he included the photograph in question in the group he registered, [defendant's] speculation is insufficient to create a triable issue of fact as to whether [plaintiff's] registration covers the photograph at issue."); *Masi v. Moguldom Media Grp. LLC*, 2019 WL 3287819, at *4 (S.D.N.Y. July 22, 2019) ("Given Plaintiff's sworn declaration . . . Defendant's speculative statements regarding the scope of the copyright do not create a triable issue of fact as to whether the Registration covers the photographs at issue."). To the extent Udio wishes to further test the authenticity of the recordings that Plaintiffs will produce, Plaintiffs are willing to ensure that Udio has equal access to request the certified deposit copies from the Copyright Office at its own expense. *See, e.g., Goodman v. Universal Beauty Prods. Inc.*, 2018 WL 1274855, at *5 (S.D.N.Y. Mar. 9, 2018) (precluding defendants from challenging the validity or scope of plaintiff's copyright registrations because defendants "had the opportunity to request a certified deposit copy from the U.S. Copyright Office" but failed to submit any such evidence).

Udio is expected to argue that "deposit copies" as used in the Order should be construed to mean whatever physical archival copies of the asserted works Plaintiffs may be able to locate that are contemporaneous from when the works were first registered. That gloss on the Order is neither practical nor would it satisfy the purposes of Udio's motion to compel. As discussed in the supplemental declarations that Plaintiffs intended to provide the Special Master, locating physical archival copies of older works, many of which predate Plaintiffs' current archival practices, would be uniquely burdensome (if not impossible). *See* Ex. F ("Wilson Decl.") ¶ 6; Ex. G ("Tierney Decl.") ¶ 6; Ex. H ("Kossowicz Suppl. Decl.") ¶ 8; *see also* Trehan Decl. ¶ 5. Many of the works in suit were originally created by record labels that Plaintiffs subsequently acquired, and Plaintiffs do not routinely request or receive physical product when they acquire catalogs from other labels.

*See* Wilson Decl. ¶ 7; Tierney Decl. ¶ 7; Kossowicz Suppl. Decl. ¶ 9. Furthermore, turning over any physical product that could be located in Plaintiffs' archives would require unsealing records that are stored in their original packaging, which would risk compromising unique and valuable archival materials. *See* Tierney Decl. ¶ 8; Wilson Decl. ¶ 8; Kossowicz Suppl. Decl. ¶ 10. Moreover, any physical product that Plaintiffs may be able to locate in their archival storage facilities would be identical to the digital recordings Plaintiffs will produce. *See* Duchardt Suppl. Decl. ¶¶ 5 & n.1, 6; O'Connell Decl. ¶¶ 5, 7; Beauchamp Suppl. Decl. ¶¶ 5 & n.1, 6. And, most importantly, Plaintiffs' archival products *still* would not be the actual deposit copies, *Dallas Buyers Club, LLC*, 2019 WL 5856460, at *6, so Plaintiffs would still need to provide evidence linking these archival records to the actual deposit copies. Thus, irrespective of whether Plaintiffs produce contemporaneous physical copies of the asserted works or digital copies of these same works, Udio would still need to rely on additional evidence supplied by Plaintiffs attesting to the authenticity of these works.

The United States District Court for the District of Massachusetts reached the same conclusion last week in *Suno, Inc.* There, Defendant Suno, which is represented by the same counsel as Udio here, similarly sought to compel Plaintiffs to produce deposit copies for the asserted sound recordings. *Suno, Inc.*, Dkt. 70. As here, Plaintiffs opposed, initially contending that the discovery was irrelevant and not proportional to the needs of the case. *Id.* at 12-13. Plaintiffs later offered to produce digital copies of the asserted works along with declarations attesting that the recordings were identical to the actual deposit copies. *See Suno, Inc.*, Dkt. 90; *see also id.* Exs. B-D, G-I. The court ultimately rejected Suno's demand that Plaintiffs conduct an internal search for contemporaneous physical records and declined to shift the cost of obtaining additional copies of the deposit copies from the Copyright Office to Plaintiffs. Trehan Decl. ¶ 9.

Instead, the court directed the parties to work together to ensure that Suno could obtain any copies of deposit copies it wished directly from the Copyright Office at its own expense.  *Suno, Inc.*, Dkt. 91.  The same outcome is appropriate here and is the most reasonable implementation of the Court's Order that Plaintiffs "produce the deposit copies" of the asserted works.

## CONCLUSION

Plaintiffs seek to comply with the Order and have no interest in withholding discovery.  They simply request clarification that their proposed approach—producing digital copies of the sound recordings, supported by sworn declarations attesting to their provenance, and facilitating Udio's equal access to request additional copies from the Copyright Office—is a reasonable and practical means of satisfying the Court's directive to "produce the deposit copies."  For these reasons, Plaintiffs respectfully request that the Court grant the instant motion and clarify the Order accordingly, or, if the Court prefers, a referral to the Special Master to discuss the issues raised herein.

Dated: April 22, 2025
      New York, New York

By: _____
Robert N. Klieger (pro hac vice)
Rajan S. Trehan (pro hac vice)
HUESTON HENNIGAN LLP
523 West 6th Street, Suite 400
Los Angeles, California 90014
Telephone: (213) 788-4340
Facsimile: (888) 775-0898
rklieger@hueston.com
rtrehan@hueston.com

Moez M. Kaba
Mariah N. Rivera
Alexander R. Perry
Samuel Givertz
HUESTON HENNIGAN LLP
1 Little West 12th Street
New York, New York 10014
Telephone: (646) 930-4046
Facsimile: (888) 775-0898
mkaba@hueston.com
mrivera@hueston.com
aperry@hueston.com
sgivertz@hueston.com

*Attorney for Plaintiffs UMG Recordings, Inc., Capitol Records, LLC, Sony Music Entertainment, Arista Music, Arista Records LLC, Atlantic Recording Corporation, Rhino Entertainment Company, Warner Music Inc., Warner Music International Services Limited, Warner Records Inc., Warner Records LLC, and Warner Records/SIRE Ventures LLC*