# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

UMG RECORDINGS, INC., CAPITOL
RECORDS, LLC, SONY MUSIC
ENTERTAINMENT, ARISTA MUSIC,
ARISTA RECORDS LLC, ATLANTIC
RECORDING CORPORATION, RHINO
ENTERTAINMENT COMPANY, WARNER
MUSIC INC., WARNER MUSIC
INTERNATIONAL SERVICES LIMITED,
WARNER RECORDS INC., WARNER
RECORDS LLC, and WARNER
RECORDS/SIRE VENTURES LLC,

      Plaintiffs,

  v.

UNCHARTED LABS, INC., d/b/a Udio.com,
and JOHN DOES 1-10,

      Defendant.

Civil Action No. 1:24-cv-04777-AKH

**PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT**

7125430

Plaintiffs hereby move for leave to amend their Complaint pursuant to Rule 15(a)(2) of the Federal Rules for Civil Procedure (the "Motion"). In support of the Motion, Plaintiffs respectfully state as follows:

1.      Rule 15(a)(2) of the Federal Rules of Civil Procedure allows amendment of pleadings with leave of the court "when justice so requires." Fed. R. Civ. P. 15(a)(2).

2.      Pursuant to the Case Management Plan, "[a]mended pleadings may be filed without leave of the Court until March 25, 2025." Dkt. No. 57.

3.      Plaintiffs' Proposed Amended Complaint is attached hereto as **Exhibit 1**. A blackline comparison between Plaintiffs' Proposed Amended Complaint and their original Complaint is attached hereto as **Exhibit 2**.

4.      In support of this Motion, Plaintiffs rely upon and incorporate by reference their contemporaneously filed Memorandum of Law in Support of Motion for Leave to Amend Complaint. Plaintiffs further rely on the Declaration of Rajan S. Trehan In Support of Motion for Leave to Amend the Complaint and accompanying exhibits.

5.      Plaintiffs' Proposed Amended Complaint alleges a violation of 17 U.S.C. § 1201(a), enacted as part of the Digital Millenium Copyright Act, which provides that "[n]o person shall circumvent a technological measure that effectively controls access to a work protected under this title." 17 U.S.C. § 1201(a)(1)(A).

6.      Specifically, the Proposed Amended Complaint alleges that Udio violated the anti-circumvention provision of the Copyright Act by " ███████████████████ ██████████████████████████████████████████ for use in its training data without Plaintiffs' authorization.

7.      Leave should be freely given as Plaintiffs were diligent in uncovering and investigating Udio's circumvention, and Plaintiffs now have a viable claim under Section 1201(a). *See* Mem. of Law at 9-10. Judicial economy and efficiency support Plaintiffs' request to add the new claim, which is based on the same underlying facts already alleged in the Complaint.

7125430

8.    Allowing Plaintiffs to file their Proposed Amended Complaint will not prejudice Udio.  *See* Mem. of Law at 11-12.  At most, the request will require an expansion of the document production deadline, which is currently set to close on October 10, 2025.  *See* Dkt. No. 101.

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request that the Court enter an order granting Plaintiffs leave to file their Proposed Amended Complaint.

Dated:    September 26, 2025
          New York, New York

By: _____

Moez M. Kaba
Mariah N. Rivera
Alexander R. Perry
Samuel Givertz
**HUESTON HENNIGAN LLP**
1 Little West 12th Street
New York, New York 10014
Telephone: (646) 930-4046
Facsimile: (888) 775-0898
mkaba@hueston.com
mrivera@hueston.com
aperry@hueston.com
sgivertz@hueston.com

Robert N. Klieger
Rajan S. Trehan
**HUESTON HENNIGAN LLP**
523 West 6th Street, Suite 400
Los Angeles, California 90014
Telephone: (213) 788-4340
Facsimile: (888) 775-0898
rklieger@hueston.com
rtrehan@hueston.com

*Counsel for Plaintiffs*

7125430