**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| SONY MUSIC ENTERTAINMENT, ARISTA MUSIC, and ARISTA RECORDS LLC, <br><br> Plaintiffs, <br><br> v. <br><br> UNCHARTED LABS, INC., d/b/a Udio.com, and JOHN DOES 1-10, <br><br> Defendant. | Case No. 1:24-cv-04777-AKH <br><br> Hon. Alvin K. Hellerstein |

## ANSWER OF DEFENDANT UNCHARTED LABS, INC. TO FIRST AMENDED COMPLAINT

Defendant Uncharted Labs, Inc., d/b/a Udio.com ("Udio"), by and through its undersigned counsel, hereby answers the amended complaint filed on October 6, 2025 (the "Amended Complaint") by plaintiffs Sony Music Entertainment, Arista Music, and Arista Records LLC (collectively, "Plaintiffs").[1]

## RESPONSES TO SPECIFIC ALLEGATIONS

## NATURE OF THE ACTION[2]

1. Udio admits that artificial intelligence ("AI") and machine learning are the next frontier of technological development and present significant future opportunities. Udio denies the remaining allegations of this paragraph.

2. Udio admits that AI companies, like all other enterprises, must abide by the laws that protect human creativity and ingenuity. The remaining allegations in this paragraph contain legal conclusions to which no response is required.[3] Udio denies that this lawsuit seeks to enforce any valid claim under applicable law.

---

[1] The Amended Complaint continues to name as Plaintiffs UMG Recordings, Inc., Capitol Records, LLC, Atlantic Recording Corporation, Rhino Entertainment Company, Warner Music Inc., Warner Music International Services Limited, Warner Records, Inc., Warner Records LLC, and Warner Records/SIRE Ventures LLC (the "Former Plaintiffs"). However, the Former Plaintiffs have voluntarily dismissed their claims against Udio and are no longer parties to this action. *See* Stipulations of Dismissal, ECF Nos. 138 (Nov. 5, 2025), 140 (Nov. 25, 2025). Accordingly, any responses to allegations that reference the Former Plaintiffs are without prejudice to Udio's position that such Plaintiffs are no longer parties to this action. Udio reserves all rights with respect to any inconsistencies between the Amended Complaint and the record in this case.

[2] The various headings and subheadings of the Amended Complaint are not allegations and thus do not require a response. Udio reproduces them in this Answer solely for convenience. To the extent a response is required, Udio denies any allegations contained in the headings and subheadings of the Amended Complaint.

[3] To the extent a response to any legal conclusion herein is required, Udio denies the allegation.

3.	Udio admits that generative AI tools assist humans in creating new and innovative music.  The remaining allegations in this paragraph contain legal conclusions to which no response is required.

4.	Udio admits that its generative AI tool allows users to generate, among other things, digital music files in response to basic inputs.  Udio admits that its models were constructed by showing the program a vast amount of different kinds of sound recordings in order to derive statistical insights about those recordings.  Udio denies the remaining allegations of this paragraph.

5.	The allegations in this paragraph contain legal conclusions to which no response is required.

6.	Udio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

7.	Udio admits that it offers a generative AI tool that creates digital music files within seconds of receiving a user's prompts.  Udio further admits that constructing its generative AI tool required showing the program massive amounts of data in order to derive statistical insights about that data.  Udio also admits that it charges many of its users monthly fees to use its product and produce digital files.  Udio admits that it obtained audio data from YouTube for use as training data.  The remaining allegations in this paragraph contain legal conclusions to which no response is required or refer to YouTube "design" matters about which Udio lacks knowledge or information sufficient to form a belief as to the truth of, and which Udio denies on that basis.

8.	Udio admits that constructing its generative AI tool required showing the program many different kinds of recordings in order to derive statistical insights about them.  Udio admits that some of the quoted language appears in Sharon Goldman, *AI Music May Be Having a Moment, But Human Songwriters Would Like a Word*, Fortune (May 17, 2024), available at

https://fortune.com/2024/05/17/ai-music-training-scraped/. To the extent the allegations in this paragraph characterize or are inconsistent with the full text, Udio denies those allegations. Udio denies any remaining allegations of this paragraph.

9. Udio admits that constructing its generative AI tool required showing the program many instances of different kinds of recordings sources in order to derive statistical insights about them. Udio lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies them.

10. Udio admits that the selectively quoted language appears in a pre-litigation correspondence between Udio and Plaintiffs, the full text of which speaks for itself. Udio also admits that it stated in that correspondence that "assuming without admitting that" the RIAA's "factual suppositions" about the "the content of Udio's training data" "are correct," then "[a]n unbroken line of cases establishes that the use of a copyrighted work as part of a technological process to create a non-infringing final product is quintessential fair use." To the extent the allegations in this paragraph characterize or are inconsistent with the full text of Udio's correspondence, Udio denies those allegations. To the extent that the allegations in this paragraph contain legal conclusions, no response is required. Udio denies any remaining allegations of this paragraph.

11. To the extent the allegations in this paragraph contain legal conclusions, no response is required. To the extent a response is required, Udio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

12. To the extent the allegations in this paragraph contain legal conclusions, no response is required. To the extent the allegations in this paragraph purport to quote from portions

of a publicly available comment, the full text of the comment speaks for itself. To the extent the allegation in this paragraph is referring to Tim Ingham's article, *The Train Has Left the Station: AI Music Platform Udio Is Already Spitting Out 10 Songs a Second*, Music Business Worldwide (May 13, 2024), available at https://www.musicbusinessworldwide.com/the-train-has-left-the-station-ai-music-platform-udio-is-already-spitting/, Udio admits that the article asserts that the Udio tool outputs 10 music files per second. Udio lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies them.

13. Udio admits that it offers a subscription plan, "Pro," available for $30 per month. Udio further admits that it has been successful in its fundraising efforts and that it has raised millions of dollars in funding, including from prominent investors. Udio denies the remaining allegations of this paragraph.

14. The allegations in this paragraph contain legal conclusions to which no response is required. Udio denies the remaining allegations of this paragraph.

15. The allegations in this paragraph contain legal conclusions to which no response is required. Udio denies the remaining allegations of this paragraph.

16. The allegations in this paragraph contain legal conclusions to which no response is required.

**THE PARTIES**

17.    Udio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

18.    Udio denies that UMG Recordings, Inc. is a Plaintiff on the basis that it has dismissed its claims, *see* Dkt. No. 138.  Udio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the rest of this paragraph, and on that basis denies them.

19.    Udio denies that Capitol Records, LLC is a Plaintiff on the basis that it has dismissed its claims, *see* Dkt. No. 138.  Udio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the rest of this paragraph, and on that basis denies them.

20.    Udio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

21.    Udio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

22.    Udio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

23.    Udio denies that Atlantic Recording Corporation is a Plaintiff on the basis that it has dismissed its claims, *see* Dkt. No. 140.  Udio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the rest of this paragraph, and on that basis denies them.

24.    Udio denies that Rhino Entertainment Company is a Plaintiff on the basis that it has dismissed its claims, *see* Dkt. No. 140.  Udio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the rest of this paragraph, and on that basis denies them.

25.     Udio denies that Warner Music Inc. is a Plaintiff on the basis that it has dismissed its claims, *see* Dkt. No. 140. Udio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the rest of this paragraph, and on that basis denies them.

26.     Udio denies that Warner Music International Services Limited is a Plaintiff on the basis that it has dismissed its claims, *see* Dkt. No. 140. Udio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the rest of this paragraph, and on that basis denies them.

27.     Udio denies that Warner Records Inc. is a Plaintiff on the basis that it has dismissed its claims, *see* Dkt. No. 140. Udio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the rest of this paragraph, and on that basis denies them.

28.     Udio denies that Warner Records LLC is a Plaintiff on the basis that it has dismissed its claims, *see* Dkt. No. 140. Udio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the rest of this paragraph, and on that basis denies them.

29.     Udio denies that Warner Records/SIRE Ventures LLC is a Plaintiff on the basis that it has dismissed its claims, *see* Dkt. No. 140. Udio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the rest of this paragraph, and on that basis denies them.

30.     To the extent the allegations in this paragraph contain legal conclusions, no response is required. To the extent a response is required, Udio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

31.    Udio admits that Uncharted Labs, Inc. d/b/a Udio is a Delaware corporation with its current principal place of business at 750 Lexington Avenue, Floor 9, New York, New York 10022.

32.    The allegations of this paragraph are directed at unknown parties, and Udio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph about the unknown parties, and on that basis denies them.  The remaining allegations against Udio are legal conclusions to which no response is required.

## JURISDICTION AND VENUE

33.    For purposes of this action, Udio does not contest subject matter jurisdiction, except with respect to Udio's Thirteenth Affirmative Defense (Lack of Article III Standing) and Fourteenth Affirmative Defense (Lack of Statutory Standing).  The paragraph otherwise contains legal conclusions to which no response is required.

34.    For purposes of this action, Udio does not contest personal jurisdiction.  The paragraph otherwise contains legal conclusions to which no response is required.

35.    For purposes of this action, Udio does not contest venue.  The paragraph otherwise contains legal conclusions to which no response is required.

## FACTUAL BACKGROUND

36.    To the extent the allegations in this paragraph contain legal conclusions, no response is required.  To the extent a response is required, Udio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

37.    To the extent the allegations in this paragraph contain legal conclusions, no response is required.  To the extent a response is required, Udio lacks knowledge or information

sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

38.     Udio admits that a public beta version of its AI music generation tool was launched on April 10, 2024. Udio further admits that the quoted language appears in Udio, *Former Google Deepmind Researchers Assemble Luminaries Across Music And Tech To Launch Udio, A New AI-Powered App That Allows Anyone To Create Extraordinary Music In An Instant*, PR Newswire (Apr. 10, 2024), available at https://www.prnewswire.com/news-releases/former-google-deepmind-researchers-assemble-luminaries-across-music-and-tech-to-launch-udio-a-new-ai-powered-app-that-allows-anyone-to-create-extraordinary-music-in-an-instant-302113166.html. Udio also admits that the quoted language appears in Stuart Dredge, *AI Music Startup Udio Launches Backed By Artists and Instagram's Co-Founder*, Music Ally (Apr. 10, 2024), available at https://musically.com/2024/04/10/ai-music-startup-udio-launches-backed-by-artists-and-instagrams-co-founder.

39.     Udio admits that its product allows users to enter text prompts or audio files to generate digital music files. Udio further admits that users can prompt Udio's tool with a description of the music they want to generate, which can include specifying the genre, lyrics, story direction, and themes to serve as inspiration. Udio also admits that paid subscribers can also prompt Udio's tool by uploading a sound recording. Udio admits that the quoted language appears in a June 5, 2024 post from the @udiomusic X account, available at https://x.com/udiomusic/status/1798369297758077066. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with it, Udio denies those allegations. Udio further admits that its tool can process a user's prompt and generate two digital music files within seconds. Udio also admits that once the files have been generated, users can

further edit them through Udio's "remix" feature. Udio denies the remaining allegations of this paragraph.

40.    Udio admits that its product was originally free to users, with a limit of 600 music files per month. Udio further admits that on May 8, 2024, Udio introduced subscription tiers, with options that range from $10 a month for 1,200 credits (which equate to 1,200 30-second clips per month), to $30 a month for 4,800 credits (which equates to 4,800 30-second clips per month). Udio admits that it also allows users to create full length tracks that can be remixed without limit. Udio admits that its more expensive subscription tiers provide more credits to users per month. Udio denies the remaining allegations of this paragraph.

41.    Udio admits that its models are based on a machine learning model. Udio further admits that its models produce audio. Udio also admits that its models are a type of computer program known as a "neural network," which was constructed by showing the program many instances of different kinds of recordings gathered from publicly available sources. By analyzing their constitutive elements, the models derived a complex collection of statistical insights about the auditory characteristics of those recordings. Udio admits that its training process includes additional further technical refinements. Udio lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies them.

42.    Udio admits that some of the quoted language appears in Comments of a16z in Response to Notice of Inquiry on Artificial Intelligence & Copyright 5 (Oct. 30, 2023). To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with it, Udio denies those allegations.[4] Udio lacks knowledge or information sufficient to form a

---

[4] Plaintiffs fail to accurately quote Comments of a16z in Response to Notice of Inquiry on Artificial Intelligence & Copyright 5 (Oct. 30, 2023) in their Amended Complaint. ("First, the only practical way generative AI models can

belief as to the truth of the allegations in this paragraph regarding "copyrighted" sound recordings or "Copyrighted Recordings," and on that basis denies them. Udio admits that it obtained audio data from YouTube for use as training data. The remaining allegations in this paragraph contain legal conclusions to which no response is required or refer to YouTube "design" matters about which Udio lacks knowledge or information sufficient to form a belief as to the truth of, and which Udio denies on that basis.

43.     Udio admits that its models are a type of computer program known as a "neural network," which was constructed by showing the program many instances of different kinds of recordings gathered from publicly available sources. By analyzing their constitutive elements, the models derived a complex collection of statistical insights about the auditory characteristics of those recordings. Udio admits that its training process includes additional further technical refinements. Udio further admits that it obtained audio data from YouTube for use as training data. The remaining allegations in this paragraph contain legal conclusions to which no response is required or refer to YouTube "design" matters about which Udio lacks knowledge or information sufficient to form a belief as to the truth of, and which Udio denies on that basis.

44.     Udio admits its models generate new music in existing musical styles using a complex collection of statistical insights regarding those styles that it has derived from many sound recordings. Udio denies the remaining allegations of this paragraph.

45.     Udio denies the allegations of this paragraph.

46.     Udio admits that constructing its generative AI tool required showing the program many instances of different kinds of recordings in order to derive statistical insights about them.

---

exist is if they can be trained on an almost unimaginably *massive* amount of content, much of which (because of the ease with which copyright protection can be obtained) will be subject to copyright." (emphasis added)).

Udio lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies them.

47.    Udio admits that the quoted language appears in Stuart Dredge, *AI Music Startup Udio Launches Backed By Artists and Instagram's Co-Founder*, Music Ally (Apr. 10, 2024), available at https://musically.com/2024/04/10/ai-music-startup-udio-launches-backed-by-artists-and-instagrams-co-founder/.  Udio further admits that the quoted language appears in Sharon Goldman, *AI Music May Be Having a Moment, But Human Songwriters Would Like a Word*, Fortune (May 17, 2024), available at https://fortune.com/2024/05/17/ai-music-training-scraped/. Udio also admits that the quoted language appears in Kristin Robinson, *Metro Boomin's 'BBL Drizzy' Is More Than a Joke – It Could Signal the Future of Sampling*, Billboard (May 15, 2024), https://www.billboard.com/business/tech/metro-boomin-bbl-drizzy-future-ai-sampling-1235682587/.  To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the quoted language, Udio denies those allegations.

48.    To the extent the allegations in this paragraph contain legal conclusions, no response is required.  To the extent a response is required, Udio denies the allegations of this paragraph.

49.    The allegations in this paragraph contain legal conclusions to which no response is required.  Udio also lacks knowledge or information sufficient to admit or deny the allegations of this paragraph about "casual observers," and on that basis denies them.

- Udio admits that the quoted language appears in Brian Hiatt, *AI-Music Arms Race: Meet Udio, the Other ChatGPT for Music*, Rolling Stone (Apr. 10, 2024).  To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the quoted language, Udio denies those allegations.

11

- Udio admits that the quoted language appears in Ed Newton-Rex, *Yes… Udio's Output Resembles Copyrighted Music, Too*, Music Business Worldwide (Apr. 18, 2024). To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the quoted language, Udio denies those allegations.

- Udio admits that the quoted language appears in Anthony Fantano, *Disgusting AI Music App*, YouTube (May 3, 2024). To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the quoted language, Udio denies those allegations.

- Udio admits that the quoted language appears in Sync My Music, *Is Udio Reproducing Copyrighted Songs? (Audio Examples)*, YouTube (May 15, 2024). To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the quoted language, Udio denies those allegations.

- Udio admits that the quoted language appears in Kristin Robinson, *Metro Boomin's 'BBL Drizzy' Is More Than a Joke – It Could Signal the Future of Sampling*, Billboard (May 15, 2024). To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the quoted language, Udio denies those allegations.

- Udio admits that the quoted language appears in Sharon Goldman, *AI Music May be Having a Moment, But Human Songwriters Would Like a Word*, Fortune (May 17, 2024). To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the quoted language, Udio denies those allegations.

50.    Udio admits that the selectively quoted language appears in pre-litigation correspondence between Udio and Plaintiffs, the full text of which speaks for itself.  To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the full text of that correspondence, Udio denies those allegations.

51.    Udio admits that it obtained audio data from YouTube for use as training data.  The remaining allegations in this paragraph contain legal conclusions to which no response is required.

52.    Udio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

53.    To the extent the allegations in this paragraph contain legal conclusions, no response is required.  Udio otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

54.    To the extent the allegations in this paragraph contain legal conclusions, no response is required.  Udio otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

55.    Udio admits that it acquired some of its training data by utilizing YT-DLP.  The remaining allegations in this paragraph contain legal conclusions to which no response is required.

56.    The allegations in this paragraph consist of legal conclusions to which no response is required.  Udio lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies them.

57.    The allegations in this paragraph consist of legal conclusions to which no response is required.  The allegations otherwise refer to YouTube "design" matters about which Udio lacks knowledge or information sufficient to form a belief as to the truth of, and which Udio denies on that basis.

58.    The allegations in this paragraph consist of legal conclusions to which no response is required.  To the extent a response is required, Udio denies the allegations of this paragraph.

59.    Udio admits that Plaintiffs do not appear to be alleging that the outputs of Udio's models "infringe the Copyrighted Recordings."  Udio denies the allegation that "the fact that Udio's product generates digital music files that mimic readily identifiable features of the Copyrighted Recordings supports the conclusion that Udio is using the Copyrighted Recordings in training its AI models."

60.    Udio denies that any alleged similarities between model output and Plaintiffs' Copyrighted Recordings "betray that the models were trained on Copyrighted Recordings."  Udio lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies them.

61.    Udio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding Plaintiffs' "test," and on that basis denies them.  Udio denies that the results of that "test" "confirm that Udio has copied for training purposes the Copyrighted Recordings, because this degree of similarity in output would be impossible if Udio were not training on the Copyrighted Recordings."

62.    Udio denies this allegation.

63.    Udio denies that any alleged similarities between model output and Plaintiffs' Copyrighted Recordings "are only possible because Udio copied the Copyrighted Recordings that contain these musical elements."  Udio lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and footnote 13, including with respect to UMG's copyright ownership, and on that basis denies them.

64. Udio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, including with respect to Warner Records Inc.'s copyright ownership, and on that basis denies them.

65. Udio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, including with respect to Warner Records Inc.'s copyright ownership, and on that basis denies them.

66. Udio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, including with respect to Plaintiff SME's copyright ownership, and on that basis denies them.

67. Udio admits that the quoted language appears in Sync My Music, *Is Udio Reproducing Copyrighted Songs?* (Audio Examples), YouTube (May 15, 2024) at 5:23–8:00, available at https://www.youtube.com/watch?v=FTiVr986yuk. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the quoted language, Udio denies those allegations. Udio lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, including with respect to Plaintiff SME's copyright ownership, and on that basis denies them.

68. Udio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and Exhibit B, including concerning UMG and Plaintiff SME's copyright ownership, and on that basis denies them.

69. Udio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, including concerning UMG's copyright ownership, and on that basis denies them.

70.    Udio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, including concerning Plaintiff SME's license relationship with third parties, and on that basis denies them.

71.    Udio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, including concerning Capitol Records' copyright ownership, and on that basis denies them.

72.    Udio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, including concerning UMG's copyright ownership, and on that basis denies them.

73.    Udio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, including concerning Atlantic's exclusive control of sound recordings, and on that basis denies them.

74.    Udio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

75.    Udio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, including concerning Plaintiff SME's license relationship with third parties, and on that basis denies them.

76.    Udio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and Exhibit C, and on that basis denies them.

77.    Udio lacks knowledge or information sufficient to admit or deny the allegations of this paragraph about "users," and on that basis denies them.  The remaining allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Udio denies the allegations of this paragraph.

78.     To the extent the allegations in this paragraph purport to reference portions of a video posted on April 17, 2024 on X by @ezralaeux, which is no longer available, the full video speaks for itself.  Udio otherwise lacks knowledge or information sufficient to admit or deny the allegations of this paragraph about "users," and on that basis denies them.

79.     To the extent the allegations in this paragraph purport to reference portions of a video posted on April 17, 2024 on X by @ezralaeux, which is no longer available, the full video speaks for itself.  Udio otherwise lacks knowledge or information sufficient to admit or deny the allegations of this paragraph about "users," and on that basis denies them.

80.     To the extent the allegations in this paragraph purport to reference portions of a video posted on April 17, 2024 on X by @ezralaeux, which is no longer available, the full video speaks for itself.  To the extent the allegations in this paragraph purport to reference portions of a publicly available video posted on April 17, 2024 on X by @dcibabyyy, the full video speaks for itself.  Udio otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies them.

81.     Udio admits that it temporarily shut down its Manual Mode on or around April 17, 2024.  Udio lacks knowledge or information sufficient to admit or deny the allegations of this paragraph about "users," and on that basis denies them.  Udio otherwise denies the allegations of this paragraph.

82.     Udio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph or Exhibit B, and on that basis denies them.

83.     Udio admits that the parties engaged in correspondence prior to Plaintiffs filing this lawsuit, the full text of which speaks for itself.  Udio also admits that it stated in that correspondence that "assuming without admitting that" the RIAA's "factual suppositions" about

the "the content of Udio's training data" "are correct," then "[a]n unbroken line of cases establishes that the use of a copyrighted work as part of a technological process to create a non-infringing final product is quintessential fair use." The remaining allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Udio denies the allegations of this paragraph.

84. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Udio denies the allegations of this paragraph.

85. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Udio denies the allegations of this paragraph.

86. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Udio denies the allegations of this paragraph.

87. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Udio denies the allegations of this paragraph.

88. Udio admits that the quoted language appears in Stuart Dredge, *AI Music Startup Udio Launches Backed By Artists and Instagram's Co-Founder*, Music Ally (Apr. 10, 2024), available at https://musically.com/2024/04/10/ai-music-startup-udio-launches-backed-by-artists-and-instagrams-co-founder/. To the extent the screenshot in this paragraph purports to reference portions of a publicly available comment posted on May 15, 2024 on X by @DavidDingAI, the full post speaks for itself. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with either source, Udio denies those allegations. Udio admits that constructing its generative AI tool required showing the program many instances of different kinds of recordings sources in order to derive statistical insights about them. Udio lacks knowledge or

18

information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies them.

89.    The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Udio denies the allegations of this paragraph.

90.    The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Udio denies the allegations of this paragraph.

91.    The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Udio denies the allegations of this paragraph.

92.    The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Udio denies the allegations of this paragraph.

93.    Udio admits that the assertion the Udio tool outputs 10 music files per second appears in Tim Ingham's article, *The Train Has Left the Station: AI Music Platform Udio Is Already Spitting Out 10 Songs a Second*, Music Business Worldwide (May 13, 2024), available at https://www.musicbusinessworldwide.com/the-train-has-left-the-station-ai-music-platform-udio-is-already-spitting/.  To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the article, the full text of the article speaks for itself.  Udio admits that the quoted language previously appeared in its Terms of Service.  Udio denies that its current Terms of Service contain that language.  To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the quoted language, Udio denies those allegations.  The remaining allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Udio lacks knowledge or information sufficient to admit or deny the allegations of this paragraph concerning Plaintiffs' copyrighted recordings, and on that basis denies those allegations.

94.    Udio admits that the quoted language appears in Kristin Robinson, *Metro Boomin's 'BBL Drizzy' Is More Than a Joke – It Could Signal the Future of Sampling*, Billboard (May 15, 2024),    https://www.billboard.com/business/tech/metro-boomin-bbl-drizzy-future-ai-sampling-1235682587/.  To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the quoted language, Udio denies those allegations.

95.    To the extent the allegations in this paragraph purport to quote from portions of a publicly available document, the full text of that document speaks for itself.  To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with it, Udio denies those allegations.  The remaining allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Udio denies the remaining allegations.

96.    Udio admits that the quoted language appears in the letter available at https://artistrightsnow.medium.com/200-artists-urge-tech-platforms-stop-devaluing-music-559fb109bbac.  The remaining allegations of this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Udio denies the remaining allegations.

97.    The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Udio denies these allegations.

98.    Udio admits that there is room for AI and human creators to forge a sustainable, complementary relationship that promotes human creativity and facilitates the human creations that shape culture, excite the public, and resonate with consumers.  The remaining allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Udio denies these allegations.

99.     The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Udio denies these allegations.

## CLAIMS FOR RELIEF

## FIRST CAUSE OF ACTION

### (Direct Copyright Infringement of Post-1972 Copyrighted Recordings)

100.     Udio incorporates by reference its responses to all allegations set forth in paragraphs 1–99 as if fully set forth herein.

101.     The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Udio lacks knowledge or information sufficient to admit or deny the allegations of this paragraph concerning Plaintiffs' copyrighted sound recordings, and on that basis denies those allegations.  Udio otherwise denies the remaining allegations of this paragraph.

102.     The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Udio lacks knowledge or information sufficient to admit or deny the allegations of this paragraph concerning Plaintiffs' copyrighted sound recordings, and on that basis denies those allegations.  Udio otherwise denies the remaining allegations of this paragraph.

103.     The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Udio lacks knowledge or information sufficient to admit or deny the allegations of this paragraph concerning Plaintiffs' copyrighted sound recordings, and on that basis denies those allegations.  Udio otherwise denies the remaining allegations of this paragraph.

104.     The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Udio lacks knowledge or information sufficient to

admit or deny the allegations of this paragraph concerning Plaintiffs' copyrighted sound recordings, and on that basis denies those allegations. Udio otherwise denies the remaining allegations of this paragraph.

105. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Udio lacks knowledge or information sufficient to admit or deny the allegations of this paragraph concerning Plaintiffs' copyrighted sound recordings, and on that basis denies those allegations. Udio otherwise denies the remaining allegations of this paragraph.

106. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Udio lacks knowledge or information sufficient to admit or deny the allegations of this paragraph concerning Plaintiffs' copyrighted sound recordings, and on that basis denies those allegations. Udio otherwise denies the remaining allegations of this paragraph.

107. The allegations in this paragraph contain legal conclusions to which no response is required.

108. The allegations in this paragraph contain legal conclusions to which no response is required.

**SECOND CAUSE OF ACTION**

**(Direct Copyright Infringement of Pre-1972 Copyrighted Recordings)**

109. Udio incorporates by reference its responses to all allegations set forth in paragraphs 1–99 as if fully set forth herein.

110. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Udio lacks knowledge or information sufficient to admit or deny the allegations of this paragraph concerning Plaintiffs' copyrighted sound

recordings, and on that basis denies those allegations. Udio otherwise denies the remaining allegations of this paragraph.

111. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Udio lacks knowledge or information sufficient to admit or deny the allegations of this paragraph concerning Plaintiffs' copyrighted sound recordings, and on that basis denies those allegations. Udio otherwise denies the remaining allegations of this paragraph.

112. To the extent that the allegations in this paragraph contain legal conclusions, no response is required. To the extent a response is required, Udio lacks knowledge or information sufficient to admit or deny the allegations of this paragraph concerning Plaintiffs' copyrighted sound recordings, and on that basis denies those allegations. Udio otherwise denies the remaining allegations of this paragraph.

113. The allegations in this paragraph contain legal conclusions to which no response is required.

114. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Udio lacks knowledge or information sufficient to admit or deny the allegations of this paragraph concerning Plaintiffs' copyrighted sound recordings, and on that basis denies those allegations. Udio otherwise denies the remaining allegations of this paragraph.

115. To the extent that the allegations in this paragraph contain legal conclusions, no response is required. To the extent a response is required, Udio lacks knowledge or information sufficient to admit or deny the allegations of this paragraph concerning Plaintiffs' copyrighted

sound recordings, and on that basis denies those allegations.  Udio otherwise denies the remaining allegations of this paragraph.

116.    The allegations in this paragraph contain legal conclusions to which no response is required.

117.    The allegations in this paragraph contain legal conclusions to which no response is required.

## THIRD CAUSE OF ACTION

### (Circumvention of Technological Measures Under 17 U.S.C. § 1201)

118.    Udio incorporates by reference its responses to all allegations set forth in paragraphs 1-99 as if fully set forth herein.

119.    The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Udio lacks knowledge or information sufficient to admit or deny the allegations of this paragraph concerning Plaintiffs' copyrighted sound recordings, and on that basis denies those allegations.

120.    The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Udio lacks knowledge or information sufficient to admit or deny the allegations of this paragraph concerning Plaintiffs' copyrighted sound recordings, and on that basis denies those allegations.

121.    The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Udio lacks knowledge or information sufficient to admit or deny the allegations of this paragraph concerning Plaintiffs' copyrighted sound recordings, and on that basis denies those allegations.

122.    The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Udio lacks knowledge or information sufficient to admit or deny the allegations of this paragraph concerning Plaintiffs' copyrighted sound recordings, and on that basis denies those allegations.  Udio admits that it obtained audio data from YouTube for use as training data, but otherwise denies any remaining allegations of this paragraph.

123.    The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Udio lacks knowledge or information sufficient to admit or deny the allegations of this paragraph concerning Plaintiffs' copyrighted sound recordings, and on that basis denies those allegations.  Udio denies any remaining allegations of this paragraph.

124.    The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Udio denies the allegations.

125.    The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Udio denies the allegations.

### PRAYER FOR RELIEF

In response to the Prayer for Relief, Udio denies that Plaintiffs are entitled to the requested relief, or to any relief whatsoever.

A.    In response to the Prayer for Relief, Udio denies that Plaintiffs are entitled to the requested relief, or to any relief whatsoever.

B.    In response to the Prayer for Relief, Udio denies that Plaintiffs are entitled to the requested relief, or to any relief whatsoever.

C.    In response to the Prayer for Relief, Udio denies that Plaintiffs are entitled to the requested relief, or to any relief whatsoever.

D.      In response to the Prayer for Relief, Udio denies that Plaintiffs are entitled to the requested relief, or to any relief whatsoever.

E.      In response to the Prayer for Relief, Udio denies that Plaintiffs are entitled to the requested relief, or to any relief whatsoever.

F.      In response to the Prayer for Relief, Udio denies that Plaintiffs are entitled to the requested relief, or to any relief whatsoever.

G.      In response to the Prayer for Relief, Udio denies that Plaintiffs are entitled to the requested relief, or to any relief whatsoever.

## JURY DEMAND

With respect to the jury demand contained in Plaintiffs' Amended Complaint, Udio states that no response is required.  To the extent a response is deemed required, Udio denies that all of Plaintiffs' claims are properly triable to a jury.

## AFFIRMATIVE DEFENSES

In further answer to the allegations made by Plaintiffs in the Amended Complaint, Udio asserts the following affirmative defenses, incorporating by reference all of the preceding material. Udio does not concede that it has the burden of proof on the defenses listed below.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Amended Complaint, and each and every claim alleged therein, fails to state facts sufficient to constitute a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

To the extent there is copying of copyrightable expression, that copying constitutes fair use pursuant to 17 U.S.C. § 107.  Udio's AI tool uses a back-end technological process, invisible to

the public, in the service of creating an ultimately non-infringing new product.  This is quintessential fair use.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of copyright misuse and unclean hands.  The defense of copyright misuse applies when a defendant can prove one of the following: (1) a violation of the antitrust laws; (2) that the copyright owner otherwise illegally extended its monopoly; or (3) that the copyright owner violated the public policies underlying the copyright laws.  The effect of a finding of copyright misuse is to preclude enforcement of the copyright or copyrights at issue during the period of misuse, and the defense is available even if the defendant has not itself been injured by the misuse.  On information and belief, Plaintiffs have engaged in anticompetitive activities that extend an unlawful monopoly over the production and commercialization of music, which by itself and/or in connection with other conduct satisfies each of the three alternative prongs above.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by one or more other equitable doctrines, such as waiver, estoppel, and laches.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims fail in whole or in part because the complained-of use was validly licensed by express or implied license.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs do not own or hold exclusive rights under 17 U.S.C. § 106 or any copyright law over each work that was allegedly infringed by Udio, including because some or all of the material over which Plaintiffs claim copyright is not protectable and/or is in the public domain.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent there is copying of copyrightable expression, that copying is de minimis.

## EIGHTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs establish any act of infringement, that infringement was innocent, allowing for the Court to reduce any award of statutory damages to an amount as low as $200 per work infringed.  17 U.S.C. § 504(c)(2).

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' remedies are barred at least in part by the applicable statutes of limitations.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have suffered no provable injury as a result of Udio's alleged copying.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for injunctive relief are barred, in whole or in part, because Plaintiffs have failed to state facts sufficient to support a claim for injunctive relief, and there is an adequate remedy at law.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the copyright registrations purporting to cover some or all of the works in dispute are invalid and do not satisfy the requirements of 17 U.S.C. §§ 411–412.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims under 17 U.S.C. § 1201 are barred, in whole or in part, because one or more Plaintiffs lack standing under Article III of the United States Constitution.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims under 17 U.S.C. § 1201 are barred, in whole or in part, because Plaintiffs

are not "person[s] injured" within the meaning of 17 U.S.C. § 1203(a) and therefore lack standing to maintain a civil action for any alleged violation under § 1201.

## ADDITIONAL AFFIRMATIVE DEFENSES

Udio has not knowingly or intentionally waived any applicable defenses and reserves the right to assert and rely on other applicable defenses as may become available or apparent during discovery in this matter. Udio reserves the right to amend this Answer and/or its affirmative defenses.

## <u>REQUEST FOR RELIEF</u>

Therefore, Udio respectfully requests that this Court:

1.  Enter judgment in Udio's favor and against Plaintiffs;

2.  Dismiss all claims by Plaintiffs with prejudice;

3.  Award Udio its attorneys' fees and costs to the extent permitted by law; and

4.  Grant Udio such other and further relief as this Court deems just and proper.

Dated: April 29, 2026

Respectfully submitted,

/s/ Brittany N. Lovejoy
Andrew M. Gass (*pro hac vice*)
Brittany N. Lovejoy (*pro hac vice*)
Joseph R. Wetzel (*pro hac vice*)
LATHAM & WATKINS LLP
505 Montgomery Street
Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
andrew.gass@lw.com
brittany.lovejoy@lw.com
joe.wetzel@lw.com

Sarang V. Damle
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004-1304
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
sy.damle@lw.com

*Counsel for Defendant Uncharted Labs, Inc.,
d/b/a Udio.com*

/s/ Alex Spiro
Alex Spiro
Andrew H. Schapiro
Jessica A. Rose
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
alexspiro@quinnemanuel.com
andrewschapiro@quinnemanuel.com
jessicarose@quinnemanuel.com

*Counsel for Defendant Uncharted Labs, Inc.,
d/b/a Udio.com*