UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x

SONY MUSIC ENTERTAINMENT, ET AL.,

                                Plaintiffs,

      -against-

UNCHARTED LABS, INC., ET AL.,

                             Defendants.

------------------------------------------------------------------ x

**ORDER DENYING
PLAINTIFFS' MOTION TO
AMEND COMPLAINT**

24 Civ. 4777 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

Plaintiffs move to amend their complaint. The motion is denied.

Plaintiffs, three record companies and recorded music businesses, filed suit against Defendants Uncharted Labs, Inc., d/b/a Udio.com ("Udio"), and John Does 1-10, on June 24, 2024, alleging copyright infringement of identified works and other related statutory violations. *See* ECF No. 119. Udio, which engages in AI music generation services, is alleged to have trained its generative AI models on millions of copyrighted works without permission from rightsholders, including Plaintiffs. Since the start of the litigation I have overseen the parties' discovery process, denied a partial motion to dismiss, and now look forward to the parties' completion of document production set for August 25, 2026.

Since the filing of the First Amended Complaint, the number of Plaintiffs has been reduced from 12 to 3, and the number of works at issue from 1,670 to 333. *See* ECF No. 169 at 3 n.1; *see also* ECF No. 119 at 1. Now the remaining Plaintiffs propose to expand the case by adding 30,442 works. *See* ECF No. 160-2 at 2.

A Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "The court also has discretion to deny leave to amend where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the

1

amendment would prejudice other parties[.]" *Grace v. Rosenstock*, 228 F.3d 40, 53-54 (2d Cir. 2000) (cleaned up; internal quotation marks and citation omitted). "[P]rejudice to the opposing party resulting from a proposed amendment" is "among the most important reasons to deny leave to amend." *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 725-26 (2d Cir. 2010) (quotation marks and citation omitted). "Amendment may be prejudicial when, among other things, it would require the opponent to expend significant additional resources to conduct discovery and prepare for trial or significantly delay the resolution of the dispute." *Id.* (quotation marks and citation omitted).

Plaintiffs argue that the addition of these works arose from discovery, that granting leave to amend would promote judicial efficiency, and that Defendants would not be unduly prejudiced because they should have anticipated an eventual amendment. *See* ECF No. 160-2 at 4, 9-10, 12, 15. Defendants primarily argue that this would deprive them of their "right to have this Court timely determine the core question at the heart of this case: whether using works to train a generative AI model is a transformative use" and would hamper judicial economy. ECF No. 169 at 1, 20.

I agree with Defendants.

Permitting the proposed amendment at this stage would substantially prejudice Defendants and unduly delay the resolution of this action. Adding more than 30,000 works near the close of document discovery would require substantial additional production and review, generate further disputes, and materially alter the scope of the case before me. At the outset of this litigation, as early as August 21, 2024, I expressed concern about the possibility that an amendment expanding the number of works in this dispute, even to 10,000 works, could create "a case that is impossible" and more than "any single judge could deal with." Transcript, No. 24 Civ. 4777, ECF No. 39 at 19 (S.D.N.Y. Aug. 21, 2024). I noted then that if there was no limit to the scope of the case, the parties would "overwhelm[] each other with production." *Id.* at 22.

2

My earlier concerns are magnified in light of the difficulties the parties have had in managing discovery deadlines with an exponentially smaller number of works. *See* ECF No. 177 (the parties' eighth request for extension of the document production deadline). At the time Plaintiffs filed their motion to amend, the document discovery deadline was approximately one month away. *See id.* It has since been extended to August 25, 2026.

Granting leave to amend and allowing Plaintiffs to multiply the number of works now, near the close of document discovery, would expand this action dramatically, prejudice Defendants by delaying the resolution of the legal questions at the heart of this matter, and *considerably* prolong the proceedings.

I recognize that Plaintiffs have the right to seek to stop infringement of, and recover damages for, all copyrighted works. But there is no requirement that it be done in this lawsuit.

For the reasons outlined above, Plaintiffs' motion to amend the Complaint is denied.

The Clerk shall terminate ECF Nos. 160 and 162.

SO ORDERED.

Dated:    June 29 2026
          New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

3